# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WILLIAMS INDUSTRIAL SERVICES GROUP INC.,<br><br>　　Debtor.<br><br>Tax I.D. No. ##-###1378 | Chapter 11<br><br>Case No. 23-10961<br><br>(Joint Administration Pending) |
| In re:<br><br>WILLIAMS INDUSTRIAL SERVICES GROUP, LLC,<br><br>　　Debtor.<br><br>Tax I.D. No. ##-###2666 | Chapter 11<br><br>Case No. 23-10962<br><br>(Joint Administration Pending) |
| In re:<br><br>WILLIAMS INDUSTRIAL SERVICES, LLC,<br><br>　　Debtor.<br><br>Tax I.D. No. ##-###0406 | Chapter 11<br><br>Case No. 23-10966<br><br>(Joint Administration Pending) |
| In re:<br><br>WILLIAMS PLANT SERVICES, LLC,<br><br>　　Debtor.<br><br>Tax I.D. No. ##-###9575 | Chapter 11<br><br>Case No. 23-10967<br><br>(Joint Administration Pending) |
| In re:<br><br>WILLIAMS SPECIALTY SERVICES, LLC,<br><br>　　Debtor.<br><br>Tax I.D. No. ##-###9578 | Chapter 11<br><br>Case No. 23-10968<br><br>(Joint Administration Pending) |

| | |
|---|---|
| In re:<br><br>WISG ELECTRICAL, LLC,<br><br>     Debtor.<br><br>Tax I.D. No. ##-###6918 | Chapter 11<br><br>Case No. 23-10969<br><br>(Joint Administration Pending) |
| In re:<br><br>CONSTRUCTION & MAINTENANCE PROFESSIONALS, LLC,<br><br>     Debtor.<br><br>Tax I.D. No. ##-###0925 | Chapter 11<br><br>Case No. 23-10970<br><br>(Joint Administration Pending) |
| In re:<br><br>WILLIAMS GLOBAL SERVICES, INC.,<br><br>     Debtor.<br><br>Tax I.D. No. ##-###3708 | Chapter 11<br><br>Case No. 23-10971<br><br>(Joint Administration Pending) |
| In re:<br><br>STEAM ENTERPRISES, LLC,<br><br>     Debtor.<br><br>Tax I.D. No. ##-###9177 | Chapter 11<br><br>Case No. 23-10963<br><br>(Joint Administration Pending) |
| In re:<br><br>GPEG LLC,<br><br>     Debtor.<br><br>Tax I.D. No. ##-###5707 | Chapter 11<br><br>Case No. 23-10964<br><br>(Joint Administration Pending) |

| | |
|---|---|
| In re:<br><br>GLOBAL POWER PROFESSIONAL SERVICES, INC.,<br><br>　　Debtor.<br><br>Tax I.D. No. ##-###2550 | Chapter 11<br><br>Case No. 23-10965<br><br>(Joint Administration Pending) |
| In re:<br><br>WISG Canada Ltd.,<br><br>　　Debtor.<br><br>B.N. #####6518 | Chapter 11<br><br>Case No. 23-10972<br><br>(Joint Administration Pending) |
| In re:<br><br>WISG Nuclear Ltd.,<br><br>　　Debtor.<br><br>B.N. #####3510 | Chapter 11<br><br>Case No. 23-10973<br><br>(Joint Administration Pending) |
| In re:<br><br>WISG Electrical Ltd.,<br><br>　　Debtor.<br><br>B.N. #####2116 | Chapter 11<br><br>Case No. 23-10974<br><br>(Joint Administration Pending) |

**DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER (I) DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this *Emergency Motion for an Entry of an Order (I) Directing Joint Administration of Related Chapter 11 Cases and (II) Granting Related Relief* (the "Motion") pursuant to Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Rules of

Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), directing the joint administration of the Debtors' chapter 11 cases and the consolidation thereof for procedural purposes only. In support of this Motion, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated as of February 29, 2012 (the "Amended Standing Order"). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution. Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The predicates for the relief sought herein are Bankruptcy Rule 1015 and Local Rule 1015-1. Pursuant to Rule 9013-1(f) of the Local Rules, the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## BACKGROUND

2. On the date hereof (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court"). The Debtors have continued in possession of their properties and have continued to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner, and no official committee of unsecured creditors has been appointed in any of these cases.

3.  The factual background relating to the Debtors' commencement of these cases is set forth in detail in the *Declaration of Tracy D. Pagliara in Support of Chapter 11 Petitions and First Day Pleadings* (the "<u>First Day Declaration</u>") filed on the Petition Date and incorporated herein by reference.

## RELIEF REQUESTED

4.  By this Motion, the Debtors request that the Court enter the Proposed Order, authorizing the joint administration of these chapter 11 cases and the consolidation thereof for procedural purposes only.

5.  Many, if not substantially all, of the motions, applications, hearings, and orders that will arise in these chapter 11 cases will affect all of the Debtors. For this reason, the Debtors respectfully submit that the interests of the Debtors, their creditors, and other parties in interest would be best served by the joint administration of these chapter 11 cases. To optimally and economically administer the Debtors' chapter 11 cases, such cases should be jointly administered, for procedural purposes only, under the case number assigned to Williams Industrial Services Group Inc.

6.  The Debtors also request that the Clerk of the Court maintain one file and one docket for all of the Debtors' chapter 11 cases, which file and docket shall be the file and docket for Debtor Williams Industrial Services Group Inc. In addition, the Debtors propose that the caption of these chapter 11 cases be modified as follows:

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WILLIAMS INDUSTRIAL SERVICES GROUP INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10961<br><br>(Jointly Administered) |

7. The Debtors also seek the Court's direction that a notation substantially similar to the following notation be entered on the docket of each Debtor's case to reflect the joint administration of these cases:

> An Order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing joint administration of the chapter 11 cases of: Williams Industrial Services Group Inc. Case No. 23-10961, Williams Industrial Services Group, LLC Case No. 23-10962, Williams Industrial Services, LLC Case No. 23-10966, Williams Plant Services, LLC Case No. 23-10967, Williams Specialty Services, LLC Case No. 23-10968, WISG Electrical, LLC Case No. 23-10969, Construction & Maintenance Professionals, LLC Case No. 23-10970, Williams Global Services, Inc. Case No. 23-10971, Steam Enterprises, LLC Case No. 23-10963, GPEG LLC Case No. 23-10964, Global Power Professional Services, Inc. Case No. 23-10965, WISG Canada Ltd. Case No. 23-10972, WISG Nuclear Ltd. Case No. 23-10973, and WISG Electrical Ltd. Case No. 23-10974. **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 23-10961.**

## **BASIS FOR RELIEF REQUESTED**

8. Pursuant to Bankruptcy Rule 1015(b), if two or more petitions are pending in the same court by or against a debtor and an affiliate, "the [C]ourt may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). Local Rule 1015-1 similarly provides for joint administration of chapter 11 cases when the facts demonstrate that joint administration "is warranted and will ease the administrative burden for the Court and the parties." Del. Bankr. L.R.

1015-1. In these chapter 11 cases, the Debtors are "affiliates," as that term is defined in section 101(2) of the Bankruptcy Code.

9. Additionally, the First Day Declaration establishes that the joint administration of the Debtors' respective estates is warranted and will ease the administrative burden on the Court and all parties in interest in these chapter 11 cases. Joint administration will also permit the Clerk of the Court to utilize a single docket for these chapter 11 cases, and to combine notices to creditors and other parties in interest in the Debtors' respective cases. Because there will likely be numerous motions, applications, and other pleadings filed in these chapter 11 cases that will affect all of the Debtors, joint administration will permit counsel for all parties in interest to include all of the Debtors' cases in a single caption for the numerous documents that are likely to be filed and served in these cases. Joint administration will also enable parties in interest in each of the Debtors' cases to stay apprised of all the various matters before the Court.

10. Joint administration will not prejudice or adversely affect the rights of the Debtors' creditors because the relief sought herein is purely procedural and is not intended to affect substantive rights. Joint administration will also significantly reduce the volume of paper that otherwise would be filed with the Clerk of the Court, render the completion of various administrative tasks less costly, and provide for greater efficiencies. Moreover, the relief requested by this Motion will also simplify supervision of the administrative aspects of these cases by the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee").

11. Joint administration of affiliated chapter 11 cases is routinely ordered by courts in this jurisdiction. *See, e.g.*, *In re OSG Group Holdings, Inc.*, No. 22-10718 (JTD), (Aug. 9, 2022), D.I. 74 (authorizing joint administration of chapter 11 cases); *In re Packable Holdings,*

*LLC. f/k/a Entourage Commerce, LLC*, No. 22-10797 (JTD) (Aug. 30, 2022), D.I 5 (same); *In re Kabbage, Inc.*, No. 22-10951 (CTG) (Oct. 4, 2022), D.I. 42 (same).

12. For these reasons, the Debtors submit that the relief requested herein is in the best interests of the Debtors, their estates, and their creditors, and therefore should be granted.

## NOTICE

13. The Debtors have provided notice of this motion to: (a) the Office of the United States Trustee for the District of Delaware; (b) the Debtors' thirty (30) largest unsecured creditors; (c) counsel to the administrative agents for the Debtors' prepetition credit facilities; (d) the Internal Revenue Service; (e) the Georgia Department of Revenue; (f) the Delaware Division of Revenue; (g) the United States Attorney for the District of Delaware; (h) the Securities and Exchange Commission; (h) the state attorneys general for states in which the Debtors conduct business; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002. Notice of this Motion and any order entered hereon will be served in accordance with Rule 9013-1(m) of the Local Rules of Bankruptcy Practice and Procedure of the Court.

14. In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

## NO PRIOR REQUEST

15. No prior request for the relief sought in the motion has been made to this or any other court.

## CONCLUSION

WHEREFORE, the Debtors request this Court enter an order, substantially in the form of **Exhibit A**, granting the relief requested herein and such other and further relief as the Court may deem just and proper.

| | |
|---|---|
| Dated: July 22, 2023<br>Wilmington, Delaware | */s/ Mark L. Desgrosseilliers*<br>Mark L. Desgrosseilliers (No. 4083)<br>**CHIPMAN BROWN CICERO & COLE, LLP**<br>Hercules Plaza<br>1313 North Market Street, Suite 5400<br>Wilmington, Delaware 19801<br>Telephone: (302) 295-0192<br>*desgross@chipmanbrown.com*<br><br>-and-<br><br>Sean A. Gordon (*pro hac vice* pending)<br>Austin B. Alexander (*pro hac vice* pending)<br>**THOMPSON HINE LLP**<br>Two Alliance Center<br>3560 Lenox Road NE, Suite 1600<br>Atlanta, Georgia 30326-4266<br>Telephone: (404) 541-2900<br>Facsimile: (404) 541-2905<br>*Sean.Gordon@thompsonhine.com*<br>*Austin.Alexander@thompsonhine.com*<br><br>Alan R. Lepene (*pro hac vice* pending)<br>Scott B. Lepene (*pro hac vice* pending)<br>**THOMPSON HINE LLP**<br>3900 Key Center<br>127 Public Square<br>Cleveland, Ohio 44114-1291<br>Telephone: (216) 566-5500<br>Facsimile: (216) 566-5800<br>*Alan.Lepene@thompsonhine.com*<br>*Scott.Lepene@thompsonhine.com*<br><br>*Proposed Counsel for Debtors* |

# **EXHIBIT A**

Proposed Order

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WILLIAMS INDUSTRIAL SERVICES GROUP INC.,<br><br>　　　Debtor.<br><br>Tax I.D. No. ##-###1378 | Chapter 11<br><br>Case No. 23-10961<br><br>(Jointly Administration Pending) |
| In re:<br><br>WILLIAMS INDUSTRIAL SERVICES GROUP, LLC,<br><br>　　　Debtor.<br><br>Tax I.D. No. ##-###2666 | Chapter 11<br><br>Case No. 23-10962<br><br>(Joint Administration Pending) |
| In re:<br><br>WILLIAMS INDUSTRIAL SERVICES, LLC,<br><br>　　　Debtor.<br><br>Tax I.D. No. ##-###0406 | Chapter 11<br><br>Case No. 23-10966<br><br>(Joint Administration Pending) |
| In re:<br><br>WILLIAMS PLANT SERVICES, LLC,<br><br>　　　Debtor.<br><br>Tax I.D. No. ##-###9575 | Chapter 11<br><br>Case No. 23-10967<br><br>(Joint Administration Pending) |
| In re:<br><br>WILLIAMS SPECIALTY SERVICES, LLC,<br><br>　　　Debtor.<br><br>Tax I.D. No. ##-###9578 | Chapter 11<br><br>Case No. 23-10968<br><br>(Joint Administration Pending) |

00054143.1

| | |
|---|---|
| In re:<br><br>WISG ELECTRICAL, LLC,<br><br>    Debtor.<br><br>Tax I.D. No. ##-###6918 | Chapter 11<br><br>Case No. 23-10969<br><br>(Joint Administration Pending) |
| In re:<br><br>CONSTRUCTION & MAINTENANCE PROFESSIONALS, LLC,<br><br>    Debtor.<br><br>Tax I.D. No. ##-###0925 | Chapter 11<br><br>Case No. 23-10970<br><br>(Joint Administration Pending) |
| In re:<br><br>WILLIAMS GLOBAL SERVICES, INC.,<br><br>    Debtor.<br><br>Tax I.D. No. ##-###3708 | Chapter 11<br><br>Case No. 23-10971<br><br>(Joint Administration Pending) |
| In re:<br><br>STEAM ENTERPRISES, LLC,<br><br>    Debtor.<br><br>Tax I.D. No. ##-###9177 | Chapter 11<br><br>Case No. 23-10963<br><br>(Joint Administration Pending) |
| In re:<br><br>GPEG LLC,<br><br>    Debtor.<br><br>Tax I.D. No. ##-###5707 | Chapter 11<br><br>Case No. 23-10964<br><br>(Joint Administration Pending) |

| | |
|---|---|
| In re:<br><br>GLOBAL POWER PROFESSIONAL SERVICES, INC.,<br><br>  Debtor.<br><br>Tax I.D. No. ##-###2550 | Chapter 11<br><br>Case No. 23-10965<br><br>(Joint Administration Pending) |
| In re:<br><br>WISG Canada Ltd.,<br><br>  Debtor.<br><br>B.N. #####6518 | Chapter 11<br><br>Case No. 23-10972<br><br>(Joint Administration Pending) |
| In re:<br><br>WISG Nuclear Ltd.,<br><br>  Debtor.<br><br>B.N. #####3510 | Chapter 11<br><br>Case No. 23-10973<br><br>(Joint Administration Pending) |
| In re:<br><br>WISG Electrical Ltd.,<br><br>  Debtor.<br><br>B.N. #####2116 | Chapter 11<br><br>Case No. 23-10974<br><br>(Joint Administration Pending) |

**ORDER, PURSUANT TO BANKRUPTCY RULE 1015 AND LOCAL RULE 1015-1, AUTHORIZING THE JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES**

Upon consideration of the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order, pursuant to Bankruptcy Rule 1015 and Local Rule 1015-1, authorizing the joint administration of the Debtors' chapter 11

---

[1] Capitalized terms used but not defined herein have the meanings ascribed in the Motion.

cases for procedural purposes only; and upon consideration of the First Day Declaration; and due and proper notice of the Motion having been given; and it appearing that no other or further notice of the Motion is required except as otherwise provided herein; and it appearing that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion and provided for herein is in the best interest of the Debtors, their estates, and their creditors; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

1. The Motion is granted to the extent set forth herein.

2. The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by the Court under Case No. 23-10961.

3. The caption of the jointly administered cases should read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| WILLIAMS INDUSTRIAL SERVICES GROUP INC., *et al.*, | Case No. 23-10961 |
| Debtors. | (Jointly Administered) |

4. The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

5. A docket entry substantially similar to the following notation be entered on the docket of each Debtor's case to reflect the joint administration of these cases:

An Order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing joint administration of the chapter 11 cases of: Williams Industrial Services Group Inc. Case No. 23-10961, Williams Industrial Services Group, LLC Case No. 23-10962, Williams Industrial Services, LLC Case No. 23-10966, Williams Plant Services, LLC Case No. 23-10967, Williams Specialty Services, LLC Case No. 23-10968, WISG Electrical, LLC Case No. 23-10969, Construction & Maintenance Professionals, LLC Case No. 23-10970, Williams Global Services, Inc. Case No. 23-10971, Steam Enterprises, LLC Case No. 23-10963, GPEG LLC Case No. 23-10964, Global Power Professional Services, Inc. Case No. 23-10965, WISG Canada Ltd. Case No. 23-10972, WISG Nuclear Ltd. Case No. 23-10973, and WISG Electrical Ltd. Case No. 23-10974. **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 23-10961.**

6. The Debtors shall maintain, and the Clerk of the United States Bankruptcy Court for the District of Delaware shall keep, one consolidated docket, one file, and one consolidated service list for these chapter 11 cases.

7. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases, and this Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

9. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

10. Counsel for the Debtors is directed to serve a copy of this Order on the parties that received service of the Motion within three (3) days of the entry of this Order and to file a certificate of service with the Clerk of Court.