## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| WILLIAMS INDUSTRIAL SERVICES GROUP INC., *et al.*,[1] | Case No. 23-10961 |
| Debtors. | (Joint Administration Requested) |

**DEBTORS' EMERGENCY MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING DEBTORS TO PAY CERTAIN PREPETITION TAXES AND RELATED OBLIGATIONS AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this *Emergency Motion for Entry of Interim and Final Orders (I) Authorizing Debtors to Pay Certain Prepetition Taxes and Related Obligations and (II) Granting Related Relief* (this "Motion"). In support of this Motion, the Debtors respectfully represent as follows:

**JURISDICTION AND VENUE**

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated as of February 29, 2012 (the "Amended Standing Order"). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution. Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are sections 105(a), 363(b), 507(a)(8),

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Williams Industrial Services Group Inc. (1378), Williams Industrial Services Group, LLC (2666), Williams Industrial Services, LLC (0406), Williams Plant Services, LLC (9575), Williams Specialty Services, LLC (9578), WISG Electrical, LLC (6918), Construction & Maintenance Professionals, LLC (0925), Williams Global Services, Inc. (3708), Steam Enterprises, LLC (9177), GPEG LLC (5707), Global Power Professional Services, Inc. (2550), WISG Canada Ltd. (B.N. 6518), WISG Nuclear Ltd. (B.N. 3510), and WISG Electrical Ltd. (B.N. 2116). The location of the Debtors' corporate headquarters and service address is: 200 Ashford Center N, Suite 425, Atlanta, GA 30338.

541, 1107(a), and 1108 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").

2.    Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## **<u>BACKGROUND</u>**

3.    On the date hereof (the "<u>Petition Date</u>"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors have continued in possession of their properties and have continued to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner, and no official committee of unsecured creditors has been appointed in any of these cases.

4.    The factual background relating to the Debtors' commencement of these cases is set forth in detail in the *Declaration of Tracy D. Pagliara in Support of Chapter 11 Petitions and First Day Pleadings* (the "<u>First Day Declaration</u>") filed on the Petition Date and incorporated herein by reference.

## **<u>The Debtors' Taxes</u>**

5.    In connection with the normal operations of their business, the Debtors incur an assortment of Taxes (as defined below) and various business license, permit, and other fees (collectively, the "<u>Fees</u>") payable to various federal, state, and local taxing authorities (the "<u>Taxing Authorities</u>") and regulatory authorities (the "<u>Regulatory Authorities</u>," and together with

the Taxing Authorities, the "Taxing and Regulatory Authorities"),  including, but not limited to, those Taxing and Regulatory Authorities listed on Exhibit A attached hereto.[2] These Taxes and Fees include, without limitation, the following:

**A.  Sales and Use Taxes**

6.      The Debtors incur state and local sales taxes in connection with the sale of various services to their customers (the "Sales Taxes"). The Debtors collect and remit or otherwise pay the Sales Taxes as needed to the applicable Taxing Authorities. The Debtors also incur use taxes on account of the purchase of various inventory, raw materials, supplies or other goods used in the Debtors' business (the "Use Taxes,"). The Use Taxes typically arise pursuant to purchases the Debtors make from out-of-state vendors that do not collect state sales tax that would have been charged on the purchase of such goods if the purchase had occurred within the state where the vendor is located. The Debtors also incur excise taxes (the "Excise Taxes") and business and occupation (the "B&O Taxes" together with the Sales Taxes, Use Taxes, and Excise Taxes, the "Sales and Use Taxes") in connection with the services they provide. The Debtors estimate that they owe approximately $128,562.45 in accrued and unpaid Sales and Use Taxes as of the Petition Date.

**B.  Payroll Taxes**

7.      The Debtors incur federal, state, and local taxes in connection with the payment of wages to their various employees (the "Payroll Taxes"). The Debtors collect and remit or otherwise pay the Payroll Taxes as and when due to the applicable Taxing Authorities. The Debtors estimate that they owe approximately $1,000,000 in accrued and unpaid Payroll Taxes as of the Petition Date.

---

[2] Inclusion of a Taxing and Regulatory Authority on Exhibit A does not constitute an acknowledgement by the Debtors that the Debtors owe any obligation to such authority or that such authority will be paid pursuant to any order entered on this Motion.

## C.  Business Licenses, Permits, and Other Fees

8.      Many Regulatory Authorities require the payment of Fees for the right to conduct business or to provide certain services within their jurisdictions. Those charges may include fees for business licenses, annual reports, permits and health and fire inspections. These Fees are computed in a variety of ways but are generally flat rate fees of $15,000 or less, which are paid on a monthly, quarterly or annual basis, depending on the requirements of the particular jurisdiction. Different state and local Regulatory Authorities frequently require Debtors to obtain licenses and permits in any given jurisdiction in which the Debtors conduct business. The Debtors estimate that they owe approximately $0 in accrued and unpaid Fees as of the Petition Date.

### **RELIEF REQUESTED**

9.      By this Motion, the Debtors seek entry of (i) an interim order substantially in the form attached hereto as **Exhibit B** (the "Interim Order"), authorizing but not directing the Debtors to pay prepetition Taxes and Fees owed to the Taxing and Regulatory Authorities in an amount not to exceed $1,128,562.45 and scheduling a final hearing (the "Final Hearing"); and (ii) a final order substantially in the form attached hereto as **Exhibit C** (the "Final Order"). The prepetition amount owed to each Taxing and Regulatory Authority is listed in **Exhibit A**.

10.     To the extent any check issued or electronic transfer initiated prior to the Petition Date to satisfy any prepetition obligation on account of Taxes or Fees has not cleared the banks as of the Petition Date, the Debtors request the Court to authorize the banks, when requested by the Debtors, in their sole discretion, to receive, process, honor and pay such checks or electronic transfers, provided that there are sufficient funds available in the applicable accounts to make such payments. The Debtors also seek authorization to issue replacement checks or to provide for other means of payment to the Taxing and Regulatory Authorities, to the extent necessary to pay such

outstanding Taxes or Fees owing for the period prior to the Petition Date, as well as those Taxes and Fees subsequently determined upon audit to be owed for periods prior to the Petition Date.

**BASIS FOR RELIEF REQUESTED**

**A.  The Court Should Authorize the Debtors' Payment of Taxes and Fees**

11.     There are a number of bases for granting the relief requested in this Motion, including: (a) certain Taxes are not property of the estates; (b) portions of the Taxes and Fees may be entitled to priority status pursuant to section 507(a)(8) of the Bankruptcy Code; and (c) section 105 of the Bankruptcy Code and the Court's general equitable powers permit the Court to grant the relief sought. Section 541(d) of the Bankruptcy Code provides, in relevant part, that "[p]roperty in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest . . . becomes property of the estate under subsection (a)(1) or (a)(2) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold." 11 U.S.C. § 541(d).

12.     In a long line of well-established cases, federal courts consistently have permitted post-petition payment of prepetition obligations where necessary to preserve or enhance the value of a debtor's estate for the benefit of all creditors. *See, e.g., Miltenberger v. Logansport, C. & S. W. Ry. Co.*, 106 U.S. 286, 312 (1882) (payment of pre-receivership claim permitted to prevent "stoppage of [crucial] business relations"); *In re Lehigh & New Eng. Ry. Co.*, 657 F.2d 570, 581 (3d Cir. 1981) (holding that "if payment of a claim which arose prior to [the commencement of the bankruptcy case] is essential to the continued operation of the . . . [business] during [the bankruptcy case], payment may be authorized even if it is made out of [the] corpus"); *Dudley v. Mealey*, 147 F.2d 268, 271 (2d Cir. 1945) (extending doctrine for payment of prepetition claims beyond railroad reorganization cases).

13.    This legal principle—known as the "doctrine of necessity"—functions in chapter 11 cases as a mechanism by which a bankruptcy court can exercise its equitable power to allow payment of critical prepetition claims not explicitly authorized by the Bankruptcy Code. *See Just for Feet*, 242 B.R. at 826 (finding that "to invoke the necessity of payment doctrine, a debtor must show that payment of the pre-petition claims is critical to the debtor's [continued operation]."); *In re Columbia Gas Sys., Inc.*, 136 B.R. 930, 939 (Bankr. D. Del. 1992) (recognizing that "[i]f payment of a pre-petition claim is essential to the continued operation of [the debtor], payment may be authorized"); *In re Boston & Me. Corp.*, 634 F.2d 1359, 1382 (1st Cir. 1980) (recognizing the existence of a judicial power to authorize trustees to pay claims for goods and services that are indispensably necessary to the debtor's continued operation). The doctrine is frequently invoked early in a bankruptcy case, particularly in connection with those Bankruptcy Code provisions that relate to payment of pre-petition claims. In one case, the court indicated its accord with "the principle that a bankruptcy court may exercise its equity powers under section 105(a) to authorize payment of pre-petition claims where such payment is necessary 'to permit the greatest likelihood of . . . payment of creditors in full or at least proportionately.'" *In re Structurelite Plastics Corp.*, 86 B.R. 922, 931 (Bankr. S.D. Ohio 1988).

14.    The Debtors submit that the timely payment of the Taxes and Fees is critical to the Debtors' ability to preserve and maximize estate value for the benefit of all stakeholders. Failure to pay these obligations could damage the Debtors' relations with the Taxing and Regulatory Authorities, and cause them to take precipitous action, including conducting audits, filing liens, attempting to revoke licenses and permits, seeking to impose liability against the Debtors and their officers and directors, and, if applicable, seeking to lift the automatic stay, all of which could disrupt the Debtors' chapter 11 efforts and impose significant costs on the

Debtors' estates. Payment of the Taxes and Fees will avoid these potentially burdensome and costly governmental actions, as well as the incurrence of potential penalties and interest if such Taxes and Fees are not timely paid. Thus, the Debtors submit that granting the relief requested herein will maximize the value of the Debtors' estates and benefit their creditors.

15.     Further, Payroll Taxes withheld from employees' wages for payment to Taxing Authorities, and Sales and Use Taxes collected from third parties may be deemed to be held in trust for payment to the Taxing Authorities. *See, e.g., EBS Pension LLC v. Edison Bros. Stores, Inc. (In re Edison Bros., Inc.)*, 243 B.R. 231, 235 (Bankr. D. Del. 2000). To the extent that the Debtors collect the Taxes on behalf of the Taxing Authorities, such Taxes may not constitute property of the Debtors' bankruptcy estates. *See Begier v. Internal Revenue Service*, 496 U.S. 53, 57-60 (1990); *City of Ferrell v. Sharon Steel Corp.*, 41 F.3d 92, 97 (3d Cir. 1994); *DeChiaro v. N.Y. State Tax Comm'n*, 760 F.2d 432, 433 (2d Cir. 1985) (sales taxes are "trust fund" taxes); *Al Copeland Enters., Inc. v. Texas*, 991 F.2d 233 (5th Cir. 1993) (debtor's prepetition collection of sales taxes and interest thereon were held subject to trust and were not property of the estates); *In re Shank*, 792 F.2d 829, 830 (9th Cir. 1986) (sales taxes required by state law to be collected by sellers from their customers are "trust fund" taxes); *In re Tap, Inc.*, 52 B.R. 271, 272 (Bankr. D. Mass. 1985) (withholding taxes are "trust fund" taxes). To the extent that the Taxes are "trust fund" taxes and the funds representing such Taxes can be adequately identified and traced, the Debtors would have no equitable interest in such funds and they would not be property of their estates. *See* 11 U.S.C. § 541(d); *In re Am. Int'l Airways, Inc.*, 70 B.R. 102, 103 (Bankr. E.D. Pa. 1987). Accordingly, the Debtors submit that the Court should authorize them to pay any of the Taxes that constitute trust fund taxes, and, further, that payment of such Taxes would not prejudice the rights of any of the Debtors' other creditors or other parties in interest.

16.    In states that have enacted laws providing that certain of the Taxes constitute trust fund taxes, officers and directors of the collecting debtor entity may be held personally liable for nonpayment of such Taxes. *See, e.g., Conway v. United States*, 647 F.3d 228 (5th Cir. 2011) (holding CEO personally liable for failure to ensure that company paid over to IRS prepetition excise taxes that were withheld from airline passengers). To the extent any accrued Taxes of the Debtors were unpaid as of the Petition Date, the Debtors' officers and directors may be subject to lawsuits in such jurisdictions during these chapter 11 cases. Such potential lawsuits would prove extremely distracting for the Debtors and the named officers and directors, potentially resulting in this Court being asked to entertain various proceedings seeking injunctions with respect to such actions. It is in the best interests of the Debtors' estates to eliminate such distraction and the expense associated therewith.

17.    It is also likely that a portion or all of the Taxes and Fees are entitled to priority payment status pursuant to section 507(a)(8) of the Bankruptcy Code. *See* 11 U.S.C. § 507(a)(8)(A) (taxes measured on gross income); *id.* § 507(a)(8)(C) (debtor's liability in connection with "trust fund" taxes); *id.* § 507(a)(8)(E) (excise taxes). Thus, in most cases, the payment of the Taxes and Fees that are entitled to such priority in the ordinary course of the Debtors' business only affects the timing of the payment and does not prejudice the rights of other creditors of the Debtors.

18.    Finally, section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." *See* 11 U.S.C. § 105(a). The Debtors submit that Courts in this District routinely approve relief similar to that requested herein. *See, e.g.*, *In re Pace Industries, LLC*, No. 20-10927 (MFW) (Bankr. D. Del. May 4, 2020) (authorizing payment of prepetition taxes and fees);

*In re FTD Companies, Inc.*, No. 19-11240 (LSS) (Bankr. D. Del. July 1, 2019) (same); *In re Imerys Talc Am., Inc.*, No. 19-10289 (LSS) (Bankr. D. Del. Mar. 19, 2019) (same); *In re Promise Healthcare Group.*, LLC, No. 18-12491 (CSS) (Bankr. D. Del. Dec. 3, 2018) (same); *In re M & G USA Corp.*, No. 17-12307 (BLS) (Bankr. D. Del. Nov. 30, 2017) (same).

19.     For the foregoing reasons, the Debtors believe that granting the relief requested herein is appropriated and in the best interests of their estates and creditors.

**B. Cause Exists to Authorize and Direct the Debtors' Financial Institutions to Honor Checks and Electronic Fund Transfers**

20.      The Debtors further request that the Debtors' banks be authorized, when requested by the Debtors, in their sole discretion, to process, honor and pay any and all checks or electronic fund transfers drawn on the Debtors' bank accounts to pay all prepetition Taxes and Fees, whether those checks or electronic fund transfers were presented prior to or after the Petition Date, and to make other transfers, provided that sufficient funds are available in the applicable account to make such payments. The Debtors represent that each of these checks and transfers can be readily identified as relating directly to the authorized payment of prepetition Taxes and Fees. Accordingly, checks and transfers, other than those relating to authorized payments, will not be honored inadvertently.

21.     Nothing in this Motion should be construed as impairing the Debtors' rights to contest the amount of any Tax or Fee that may be claimed by any Taxing and Regulatory Authority, and the Debtors expressly reserve all of their rights with respect thereto.

22.     Based on the foregoing, the Debtors submit that the relief requested is necessary and appropriate, is in the best interests of their estates and creditors and should be granted in all respects.

## EMERGENCY CONSIDERATION

23.     The Debtors respectfully request emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm." Here, the Debtors believe an immediate and orderly transition into chapter 11 is critical to the viability of their operations and that any delay in granting the relief requested could hinder the Debtors' operations and cause irreparable harm. Furthermore, the failure to receive the requested relief during the first 21 days of these chapter 11 cases would severely disrupt the Debtors' operations at this critical juncture. Accordingly, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and, therefore, respectfully request that the Court approve the relief requested in this Motion on an emergency basis.

## WAIVER OF ANY APPLICABLE STAY

24.     The Debtors seek a waiver of any stay of the effectiveness of the order granting this Motion. Pursuant to Bankruptcy Rule 6004(h), any "order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." The Debtors submit that the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtors for the reasons set forth herein. Accordingly, the Debtors submit that ample cause exists to justify a waiver of the 14-day stay imposed by Bankruptcy Rule 6004(h), to the extent applicable.

## NOTICE

25.     The Debtors have provided notice of this motion to: (a) the Office of the United States Trustee for the District of Delaware; (b) the Debtors' thirty (30) largest unsecured creditors;

(c) counsel to the administrative agents for the Debtors' prepetition credit facilities; (d) the Internal Revenue Service; (e) the Georgia Department of Revenue; (f) the Delaware Division of Revenue; (g) the United States Attorney for the District of Delaware; (h) the Securities and Exchange Commission; (h) the state attorneys general for states in which the Debtors conduct business; (i) Taxing and Regulatory Authorities; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002. Notice of this Motion and any order entered hereon will be served in accordance with Rule 9013-1(m) of the Local Rules of Bankruptcy Practice and Procedure of the Court.

26.     In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

### NO PRIOR REQUEST

27.     No prior request for the relief sought in the motion has been made to this or any other court.

### CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court:

(a)     enter an Interim Order substantially in the form attached hereto as Exhibit B granting the relief requested herein on an interim basis;

(b)     enter a Final Order substantially in the form attached hereto as Exhibit C granting the relief requested herein on a final basis; and

(c)     grant the Debtors such other and further relief as is just and proper.

*[Remainder of Page Intentionally Blank]*

Dated: July 22, 2023
Wilmington, Delaware

*/s/ Mark L. Desgrosseilliers*

Mark L. Desgrosseilliers (No. 4083)
**CHIPMAN BROWN CICERO & COLE, LLP**
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone:  (302) 295-0192
*desgross@chipmanbrown.com*

-and-

Sean A. Gordon (*pro hac vice* pending)
Austin B. Alexander (*pro hac vice* pending)
**THOMPSON HINE LLP**
Two Alliance Center
3560 Lenox Road NE, Suite 1600
Atlanta, Georgia 30326-4266
Telephone: (404) 541-2900
Facsimile: (404) 541-2905
*Sean.Gordon@thompsonhine.com*
*Austin.Alexander@thompsonhine.com*

Alan R. Lepene (*pro hac vice* pending)
Scott B. Lepene (*pro hac vice* pending)
**THOMPSON HINE LLP**
3900 Key Center
127 Public Square
Cleveland, Ohio 44114-1291
Telephone: (216) 566-5500
Facsimile: (216) 566-5800
*Alan.Lepene@thompsonhine.com*
*Scott.Lepene@thompsonhine.com*

*Proposed Counsel for Debtors*

**EXHIBIT A**

**Taxing Regulatory Authorities**

| Entity Name | Jurisdiction Code | Item Descriptions | Authority Name | Tax Type |
|---|---|---|---|---|
| Williams Plant Services, LLC | AL - Dothan | Business License Tax | City of Dothan | Business License Tax |
| Williams Industrial Services, LLC | FL - Duval | Local Business Tax | Duval County Property Appraiser's Office | Business License Tax |
| Williams Industrial Services Group, LLC | GA - Dunwoody | City of Dunwoody Occupational Renewal Payment | City of Dunwoody | Business License Tax |
| Williams Industrial Services, LLC | GA - Dunwoody | City of Dunwoody Occupational Renewal Payment | City of Dunwoody | Business License Tax |
| Williams Plant Services, LLC | GA - Dunwoody | City of Dunwoody Occupational Renewal Payment | City of Dunwoody | Business License Tax |
| Williams Specialty Services, LLC | GA - Dunwoody | City of Dunwoody Occupational Renewal Payment | City of Dunwoody | Business License Tax |
| Williams Specialty Services, LLC | MS - Claiborne | Privilege License Renewal | MS Claiborne County Tax Assessor | Business License Tax |
| Williams Specialty Services, LLC | TN | Business License Tax | TN Dept of Revenue | Business License Tax |
| Williams Industrial Services, LLC | VA | Business License Tax | Town of West Point Treasurer | Business License Tax |
| Williams Industrial Services Group Inc. and Subs | OH | OH CAT - Quarterly | Ohio Department of Taxation | Business Privilege Tax |
| Construction & Maintenance Professionals, LLC | AL | AL PPT - S-Corporation or Disregarded Entity owned by S-Corporation | Alabama Department of Revenue | Business Privilege Tax |
| Williams Industrial Services, LLC | AL | AL PPT - S-Corporation or Disregarded Entity owned by S-Corporation | Alabama Department of Revenue | Business Privilege Tax |
| Williams Plant Services, LLC | AL | AL PPT - S-Corporation or Disregarded Entity owned by S-Corporation | Alabama Department of Revenue | Business Privilege Tax |
| Williams Specialty Services, LLC | AL | AL PPT - S-Corporation or Disregarded Entity owned by S-Corporation | Alabama Department of Revenue | Business Privilege Tax |
| Williams Industrial Services Group Inc. and Subs | NH | NH BET - Corporation, Proprietorship, or Fiduciary (Estate and Trust) [From Tax Year 2016] | New Hampshire Department of Revenue Administration | Income Tax |
| Williams Industrial Services Group Inc. | TN | TN FAE-170 | Tennessee Department of Revenue | Excise Tax \| Franchise Tax \| Income Tax |
| Williams Industrial Services Group Inc. and Subs | OR | OR 20 for fiscal years ending 31 December [From Tax Year 2016] | Oregon Department of Revenue | Excise Tax \| Income Tax |
| Williams Industrial Services, LLC | AR | AR SOS Annual Report | Arkansas Secretary of States | Filing Fee \| Franchise Tax |
| Williams Plant Services, LLC | AR | AR SOS Annual Report | Arkansas Secretary of States | Filing Fee \| Franchise Tax |
| Williams Specialty Services, LLC | AR | AR SOS Annual Report | Arkansas Secretary of States | Filing Fee \| Franchise Tax |
| Braden Holdings, LLC | DE | DE Limited Liability Company Annual Report | Department of State | Filing Fee \| Franchise Tax |
| Global Power Professional Services Inc. | DE | DE Corporation Annual Report | Department of State | Filing Fee \| Franchise Tax |
| GPEG LLC | DE | DE Limited Liability Company Annual Report | Department of State | Filing Fee \| Franchise Tax |
| Steam Enterprises, LLC | DE | DE Limited Liability Company Annual Report | Department of State | Filing Fee \| Franchise Tax |
| Williams Industrial Services Group Inc. | DE | DE Corporation Annual Report | Department of State | Filing Fee \| Franchise Tax |
| Williams Industrial Services Group, LLC | DE | DE Limited Liability Company Annual Report | Department of State | Filing Fee \| Franchise Tax |
| Construction & Maintenance Professionals, LLC | NY | NY IT-204-LL | New York State Department of Taxation and Finance | Filing Fee \| Income Tax |
| Williams Industrial Services, LLC | NY | NY IT-204-LL | New York State Department of Taxation and Finance | Filing Fee \| Income Tax |
| Williams Plant Services, LLC | NY | NY IT-204-LL | New York State Department of Taxation and Finance | Filing Fee \| Income Tax |
| Williams Specialty Services, LLC | NY | NY IT-204-LL | New York State Department of Taxation and Finance | Filing Fee \| Income Tax |
| Williams Industrial Services Group Inc. | OK | OK 200 - Override May Be Required | Oklahoma Tax Commission | Franchise Tax |
| Williams Industrial Services Group Inc. and Subs | TX | TX 05-158a and 05-158b - EFT Filer (Use Year of Accounting Period for Scheduling) | Texas Comptroller of Public Accounts | Franchise Tax \| Gross Receipts Tax |
| Williams Industrial Services Group Inc. and Subs | CA | CA 100W [From Tax Year 2016] | Franchise Tax Board | Franchise Tax \| Income Tax |
| Williams Industrial Services Group Inc. | FL | FL F-1120 for fiscal years ending 31 December [From Tax Year 2016] | Florida Department of Revenue | Income Tax |
| Williams Global Services, Inc. | GA | GA 600 [From Tax Year 2016] | Georgia Department of Revenue | Franchise Tax \| Income Tax |
| Williams Industrial Services Group Inc. | GA | GA 600 [From Tax Year 2016] | Georgia Department of Revenue | Franchise Tax \| Income Tax |
| Williams Industrial Services Group Inc. | LA | LA CIFT-620 [From Tax Year 2016] | Louisiana Department of Revenue | Franchise Tax \| Income Tax |
| Williams Industrial Services Group Inc. and Subs | MN | MN M4 for fiscal years not ending 30 June [From Tax Year 2016] | Minnesota Department of Revenue | Franchise Tax \| Income Tax |
| Williams Industrial Services Group Inc. | MO | MO 1120 | Missouri Department of Revenue | Franchise Tax \| Income Tax |
| Williams Industrial Services Group Inc. | MS | MS 83-105 for fiscal years not ending 30 June [From Tax Year 2016] | Department of Revenue | Franchise Tax \| Income Tax |
| Williams Industrial Services Group Inc. | NC | NC CD-405 | North Carolina Department of Revenue | Franchise Tax \| Income Tax |
| Williams Industrial Services Group Inc. and Subs | NM | NM CIT-1 for fiscal years ending 31 December [From Tax Year 2016] | New Mexico Taxation and Revenue Department | Franchise Tax \| Income Tax |
| Global Power Equipment Group Inc. | NY | NY CT-3-A [From Tax Year 2016] | New York State Department of Taxation and Finance | Franchise Tax \| Income Tax |
| Global Power Equipment Group Inc. | NYC | NYC 2A | NYC Department of Finance | Franchise Tax \| Income Tax |
| Williams Industrial Services Group Inc. and Subs | UT | UT TC-20 | Utah State Tax Commission | Franchise Tax \| Income Tax |
| Williams Industrial Services Group Inc. and Subs | WV | WV CNF-120 for fiscal years ending 31 December [From Tax Year 2016] | West Virginia State Tax Department | Franchise Tax \| Income Tax |
| Williams Industrial Services Group Inc. and Subs | USA | USA FinCEN 114 (FBAR) | Department of the Treasury | Informational |
| Williams Industrial Services Group Inc. and Subs | AK | AK 6000 - C-Corporation with fiscal years ending 31 December [From Tax Year 2016] | Alaska Department of Revenue | Income Tax |
| Williams Industrial Services Group Inc. | AL | AL 20C for fiscal years not ending 30 June [From Tax Year 2016] | Alabama Department of Revenue | Income Tax |
| Williams Industrial Services Group Inc. | AR | AR 1100CT - Federal Only Extension [From Tax Year 2016] | Department of Finance and Administration | Income Tax |
| Williams Industrial Services Group Inc. and Subs | AZ | AZ 120 | Arizona Department of Revenue | Income Tax |
| Williams Industrial Services, LLC | CA | CA 568 - LLC/SMLLC taxed as Corporation | Franchise Tax Board | Income Tax |
| Williams Specialty Services, LLC | CA | CA 568 - LLC/SMLLC taxed as Corporation | Franchise Tax Board | Income Tax |
| WISG Canada Ltd. | Canada | Corporate Income Tax | | Income Tax |
| WISG Electrical Ltd. | Canada | Corporate Income Tax | | Income Tax |
| WISG LLC | Canada | Corporate Income Tax | | Income Tax |
| WISG Nuclear Ltd. | Canada | Corporate Income Tax | | Income Tax |
| Williams Industrial Services Group Inc. and Subs | CO | CO 112 | Colorado Department of Revenue | Income Tax |
| Williams Industrial Services Group Inc. and Subs | CT | CT 1120 for fiscal years not ending 30 June [From Tax Year 2016] | Department of Revenue Services | Income Tax |
| Williams Industrial Services Group Inc. | DE | DE 1100 for fiscal years not ending 30 June [From Tax Year 2016] | Delaware Division of Revenue | Income Tax |
| Williams Industrial Services Group Inc. | IA | IA 1120 | Iowa Department of Revenue | Income Tax |
| Williams Industrial Services Group Inc. and Subs | ID | ID 41 | Idaho State Tax Commission | Income Tax |
| Williams Industrial Services Group Inc. and Subs | IL | IL 1120 - C-Corporation with fiscal years not ending 30 June [From Tax Year 2016] | Illinois Department of Revenue | Income Tax |
| Williams Industrial Services Group Inc. | IN | IN IT-20 for fiscal years ending 31 December [From Tax Year 2016] | Indiana Department of Revenue | Income Tax |
| Williams Industrial Services Group Inc. and Subs | KS | KS K-120 | Kansas Department of Revenue | Income Tax |

| Entity | Jurisdiction | Form / Description | Agency | Tax Type |
|---|---|---|---|---|
| Williams Industrial Services Group Inc. and Subs | KY | KY 720 | Kentucky Department of Revenue | Income Tax |
| Williams Industrial Services Group Inc. | MD | MD 500 for fiscal years not ending 30 June [From Tax Year 2016] | Comptroller of Maryland | Income Tax |
| Williams Industrial Services Group Inc. and Subs | ME | ME 1120ME for fiscal years ending 31 December [From Tax Year 2016] | Maine Revenue Services | Income Tax |
| Williams Industrial Services Group Inc. and Subs | MI | MI 4891 | Michigan Department of Treasury | Income Tax |
| Williams Industrial Services Group Inc. and Subs | MT | MT CIT | Montana Department of Revenue | Income Tax |
| Williams Industrial Services Group Inc. and Subs | NE | NE 1120N for fiscal years ending 31 December - Federal Extension [From Tax Year 2016] | Nebraska Department of Revenue | Income Tax |
| Williams Industrial Services Group Inc. | NJ | NJ CBT-100 | State of New Jersey | Income Tax |
| Williams Industrial Services Group Inc. | OH - Chillicothe | Chillicothe Income Tax Return | Chillicothe City Income Tax Dept. | Income Tax |
| Williams Industrial Services Group Inc. and Subs | OK | OK 512 for fiscal years ending 31 December [From Tax Year 2016] | Oklahoma Tax Commission | Income Tax |
| Williams Industrial Services Group Inc. | PA | PA RCT-101 - C-Corporation with fiscal years ending 31 December [From Tax Year 2016] | Pennsylvania Department of Revenue | Income Tax |
| Williams Industrial Services Group Inc. | SC | SC 1120 [From Tax Year 2016] | SC Department of Revenue | Income Tax |
| Williams Industrial Services Group Inc. and Subs | USA | USA 1120 for fiscal years ending 31 December [From Tax Year 2016] | Internal Revenue Service | Income Tax |
| Williams Industrial Services Group Inc. | VA | VA 500 | Virginia Department of Taxation | Income Tax |
| Williams Industrial Services Group Inc. and Subs | VT | VT CO-411 for fiscal years ending 31 December [From Tax Year 2016] | Vermont Department of Taxes | Income Tax |
| WISG Canada Ltd. | Canada | NR4 | Canada Revenue Agency | Informational |
| WISG Canada Ltd. | Canada - Ontario | Insurance Premium | Ontario Workplace Safety and Insurance Board | Insurance Premium |
| Williams Industrial Services Group, LLC | Canada | Payroll Remittance | Canada Revenue Agency | Payroll Tax |
| WISG Canada Ltd. | Canada | Ontario EHT Remittance | Ontario Employer Health Tax | Payroll Tax |
| WISG Canada Ltd. | Canada | Payroll Remittance | Canada Revenue Agency | Payroll Tax |
| WISG Canada Ltd. | Canada | T4 | Canada Revenue Agency | Payroll Tax |
| WISG Canada Ltd. | Canada | Ontario EHT Annual Return | Ontario Employer Health Tax | Payroll Tax |
| Williams Industrial Services, LLC | FL - Duval | Tangible Personal Property Tax Return | Duval County Property Appraiser's Office | Property Tax |
| Williams Specialty Services, LLC | FL - Martin | Tangible Personal Property Tax Return | St. Lucie County Property Appraiser's Office | Property Tax |
| Williams Industrial Services Group, LLC | GA - Dekalb | Tangible Personal Property Tax Return | Dekalb County Property Appraisal | Property Tax |
| Williams Industrial Services, LLC | GA - Dekalb | Tangible Personal Property Tax Return | Dekalb County Property Appraisal | Property Tax |
| Williams Plant Services, LLC | GA - Dekalb | Tangible Personal Property Tax Return | Dekalb County Property Appraisal | Property Tax |
| Williams Specialty Services, LLC | GA - Dekalb | Tangible Personal Property Tax Return | Dekalb County Property Appraisal | Property Tax |
| Williams Specialty Services, LLC | TN - Shelby | Tangible Personal Property Tax Return | Shelby County Assessor of Property | Property Tax |
| Williams Industrial Services, LLC | VA - King William | Tangible Personal Property Tax Return | Virginia King William County | Property Tax |
| Williams Specialty Services, LLC | VA - King William | Tangible Personal Property Tax Return | Virginia King William County | Property Tax |
| WISG Canada Ltd. | Canada | HST Return | Canada Revenue Agency | Sales & Use Tax |
| Construction & Maintenance Professionals LLC | WA | Excise Tax Return (No business Return) | WA Department of Revenue | Sales & Use Tax |
| Williams Industrial Services Group Inc. and Subs | CT | CT AUP | CT State Treasurer | Unclaimed Property |
| Williams Industrial Services Group Inc. and Subs | DE | DE AP1 - Corporation or Financial Intermediary | Delaware Division of Revenue | Unclaimed Property |
| Williams Industrial Services Group Inc. and Subs | FL | FL AUP | Division of Unclaimed Property | Unclaimed Property |
| Williams Industrial Services Group Inc. and Subs | IL | IL AUP | IL State Treasurer | Unclaimed Property |
| Williams Industrial Services Group Inc. and Subs | MI | MI AUP | MI Department of Treasury - Unclaimed Property | Unclaimed Property |
| Williams Industrial Services Group Inc. and Subs | NY | NY AUP | Comptroller, State of New York | Unclaimed Property |
| Williams Industrial Services Group Inc. and Subs | PA | PA AUP | Commonwealth of Pennsylvania | Unclaimed Property |
| Williams Industrial Services Group Inc. and Subs | TX | TX AUP | TX Comptroller of Public Accounts - Unclaimed Property | Unclaimed Property |
| Williams Industrial Services Group, LLC | Canada | NR4 | Canada Revenue Agency | Withholding Tax |
| Williams Plant Services, LLC | CA | CA 568 - LLC/SMLLC taxed as Corporation | Franchise Tax Board | Income Tax |
| Williams Industrial Services Group Inc. and Subs | MA | MA 355-U | Massachusetts Department of Revenue | Franchise Tax \| Income Tax |
| Williams Industrial Services Group Inc. and Subs | ND | ND 40 | North Dekota Office of State Tax Commissioner | Income Tax |
| Williams Industrial Services Group Inc. and Subs | WI | WI 4 | Wisconsin Department of Revenue | Franchise Tax \| Income Tax |

**<u>EXHIBIT B</u>**

**Proposed Interim Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| WILLIAMS INDUSTRIAL SERVICES GROUP INC., *et al.*,[1] | Case No. 23-10961 |
| | (Jointly Administered) |
| Debtors. | |
| | Re. Docket No. ___ |

### INTERIM ORDER AUTHORIZING THE DEBTORS TO PAY CERTAIN PREPETITION TAXES AND RELATED OBLIGATIONS AND GRANTING RELATED RELIEF

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of interim and final orders, pursuant to sections 105(a), 363(b), 507(a)(8), 541, 1107(a), and 1108 of the Bankruptcy Code, (a) authorizing, but not directing, the Debtors, in their discretion, to pay Taxes and Fees related to the period prior to the Petition Date to the Authorities, and (b) authorizing the Banks to honor and process check and electronic transfer requests related to the foregoing; and upon consideration of the First Day Declaration; and due and proper notice of the Motion having been given; and it appearing that no other or further notice of the Motion is required except as otherwise provided herein; and it appearing that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and it appearing that this is a core

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Williams Industrial Services Group Inc. (1378), Williams Industrial Services Group, LLC (2666), Williams Industrial Services, LLC (0406), Williams Plant Services, LLC (9575), Williams Specialty Services, LLC (9578), WISG Electrical, LLC (6918), Construction & Maintenance Professionals, LLC (0925), Williams Global Services, Inc. (3708), Steam Enterprises, LLC (9177), GPEG LLC (5707), Global Power Professional Services, Inc. (2550), WISG Canada Ltd. (B.N. 6518), WISG Nuclear Ltd. (B.N. 3510), and WISG Electrical Ltd. (B.N. 2116). The location of the Debtors' corporate headquarters and service address is: 200 Ashford Center N, Suite 425, Atlanta, GA 30338.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed in the Motion.

proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion and provided for herein is in the best interest of the Debtors, their estates, and their creditors; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

1.      The Motion is granted to the extent set forth herein.

2.      The final hearing (the "Final Hearing ") on the Motion shall be held on _____ _____, 2023 at _____ prevailing Eastern Time. Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on _____, 2023, and shall be served on (i) the Debtors; (ii) proposed counsel for the Debtors, Thompson Hine LLP, (Attn: Alan Lepene.), email: *alan.lepene@thompsonhine.com* and Chipman Brown Cicero & Cole, LLP (Attn: Mark L. Desgrosseilliers), email: *desgross@chipmanbrown.com;* (iii) counsel to the administrative agents for the Debtors' prepetition credit facilities, Blank Rome LLP (Attn: Regina Stango Kelbon, Gregory F. Vizza), email: *regina.kelbon@blankrome.com, gregory.vizza@blankrome.com;* (iv) counsel to any statutory committee appointed in these Cases; and (v) the Office of the United States Trustee for the District of Delaware, (Attn: Linda Richenderfer); email: *linda.richenderfer@usdoj.gov.* If no objections to If no objections to entry of a Final Order on the Motion are timely received, this Court may enter the such final order without further notice or hearing.

3.      The Debtors are authorized, but not directed, in their sole discretion, to pay and remit to the Taxing and Regulatory Authorities the Taxes and Fees (including sales, use, and other taxes necessary to operate their business) incurred or collected by the Debtors and due and owing

in the ordinary course of business in an amount not to exceed $1,128,562.45, pending entry of the Final Order.

4.      The banks and other financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein (a) are authorized and directed to receive, process, honor, and pay all checks presented for payment and related to such Taxes, provided that sufficient funds are available in the Debtors' bank accounts to cover such payments; and (b) shall rely on the representations of the Debtors as to which checks or electronic transfers are issued and authorized to be paid pursuant to this Order. The banks and financial institutions subject to this Order shall have no duty of further inquiry or liability to any party for relying on the directions or instructions of the Debtors as provided for herein.

5.      The Debtors are authorized to reissue any check, electronic payment, or otherwise that was drawn in payment of any prepetition amount that is not cleared by a depository.

6.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

7.      Nothing in this Interim Order: (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (b) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority, or amount of any claim against the Debtors and their estates; or (c) shall be construed as a promise to pay any claim.

8.      Nothing in this Interim Order authorizes the Debtors to accelerate any payments not otherwise due, and for the avoidance of doubt, Debtors shall not pay any Taxes before such Taxes are due to the applicable Taxing and Regulatory Authorities.

9.      The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied, and that the relief requested is necessary to avoid immediate and irreparable harm.

10.     Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11.     The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

12.     Counsel for the Debtors is directed to serve a copy of this Order on the parties who received service of the Motion within three (3) days of the entry of this Order and to file a certificate of service with the Clerk of the Court.

**EXHIBIT C**

(Proposed Final Order)

00054169.1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>WILLIAMS INDUSTRIAL SERVICES<br>GROUP INC., *et al.*,[1]<br><br><br>Debtors. | Chapter 11<br><br>Case No. 23-10961<br><br>(Jointly Administered)<br><br>**Re. Docket No. ___** |

**FINAL ORDER AUTHORIZING THE DEBTORS TO PAY CERTAIN**
**PREPETITION TAXES AND RELATED OBLIGATIONS**
**AND GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of interim and final orders, pursuant to sections 105(a), 363(b), 507(a)(8), 541, 1107(a), and 1108 of the Bankruptcy Code, (a) authorizing, but not directing, the Debtors, in their discretion, to pay Taxes and Fees related to the period prior to the Petition Date to the Authorities, and (b) authorizing the Banks to honor and process check and electronic transfer requests related to the foregoing; and upon consideration of the First Day Declaration; and due and proper notice of the Motion having been given; and it appearing that no other or further notice of the Motion is required except as otherwise provided herein; and it appearing that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and it appearing that this is a core

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Williams Industrial Services Group Inc. (1378), Williams Industrial Services Group, LLC (2666), Williams Industrial Services, LLC (0406), Williams Plant Services, LLC (9575), Williams Specialty Services, LLC (9578), WISG Electrical, LLC (6918), Construction & Maintenance Professionals, LLC (0925), Williams Global Services, Inc. (3708), Steam Enterprises, LLC (9177), GPEG LLC (5707), Global Power Professional Services, Inc. (2550), WISG Canada Ltd. (B.N. 6518), WISG Nuclear Ltd. (B.N. 3510), and WISG Electrical Ltd. (B.N. 2116). The location of the Debtors' corporate headquarters and service address is: 200 Ashford Center N, Suite 425, Atlanta, GA 30338.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed in the Motion.

00054169.1

proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion and provided for herein is in the best interest of the Debtors, their estates, and their creditors; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

1. The Motion is granted to the extent set forth herein.

2. The Debtors are authorized, but not directed, in their sole discretion, to pay and remit to the Taxing and Regulatory Authorities the Taxes and Fees (including sales, use, and other taxes necessary to operate their business) incurred or collected by the Debtors and due and owing in the ordinary course of business in an amount not to exceed $1,128,562.45, absent further other of this Court.

3. The banks and other financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein (a) are authorized and directed to receive, process, honor, and pay all checks presented for payment and related to such Taxes, provided that sufficient funds are available in the Debtors' bank accounts to cover such payments; and (b) shall rely on the representations of the Debtors as to which checks or electronic transfers are issued and authorized to be paid pursuant to this Order. The banks and financial institutions subject to this Order shall have no duty of further inquiry or liability to any party for relying on the directions or instructions of the Debtors as provided for herein.

4. The Debtors are authorized to reissue any check, electronic payment, or otherwise that was drawn in payment of any prepetition amount that is not cleared by a depository.

5. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

6.      Nothing in this Final Order: (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (b) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority, or amount of any claim against the Debtors and their estates; or (c) shall be construed as a promise to pay any claim.

7.      Nothing in this Final Order authorizes the Debtors to accelerate any payments not otherwise due, and for the avoidance of doubt, Debtors shall not pay any Taxes before such Taxes are due to the applicable Taxing and Regulatory Authorities.

8.      The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied, and that the relief requested is necessary to avoid immediate and irreparable harm.

9.      Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10.     The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.