**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| WILLIAMS INDUSTRIAL SERVICES GROUP INC., *et al.*,[1] | Case No. 23-10961 (TMH) |
| Debtors. | (Joint Administration Requested) |

**DEBTORS' EMERGENCY MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) PROHIBITING UTILITIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE ON ACCOUNT OF PREPETITION INVOICES; (II) DEEMING UTILITIES ADEQUATELY ASSURED OF FUTURE PERFORMANCE; (III) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT; AND (IV) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this *Emergency Motion for Entry of Interim and Final Orders (I) Prohibiting Utilities from Altering, Refusing, or Discontinuing Service on Account of Prepetition Invoices; (II) Deeming Utilities Adequately Assured of Future Performance; (III) Establishing Procedures for Determining Adequate Assurance of Payment; and (IV) Granting Related Relief* (the "Motion"). In support of the Motion, the Debtors respectfully represent as follows:

**JURISDICTION AND VENUE**

1.    This Court has jurisdiction over these cases and this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2.    This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).

3.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

---

1 The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Williams Industrial Services Group Inc. (1378), Williams Industrial Services Group, LLC (2666), Williams Industrial Services, LLC (0406), Williams Plant Services, LLC (9575), Williams Specialty Services, LLC (9578), WISG Electrical, LLC (6918), Construction & Maintenance Professionals, LLC (0925), Williams Global Services, Inc. (3708), Steam Enterprises, LLC (9177), GPEG LLC (5707), Global Power Professional Services, Inc. (2550), WISG Canada Ltd. (B.N. 6518), WISG Nuclear Ltd. (B.N. 3510), and WISG Electrical Ltd. (B.N. 2116). The location of the Debtors' corporate headquarters and service address is: 200 Ashford Center N, Suite 425, Atlanta, GA 30338.

4.      The bases for the relief requested herein are sections 105(a), 366, 1107, and 1108 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

5.      Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## **BACKGROUND**

6.      On the date hereof ("Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware, (the "Court"). The Debtors have continued in possession of their properties and have continued to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner, and no official committee has yet been established in these cases.

7.      The factual background relating to the Debtors' commencement of these cases is set forth in detail in the Declaration of Tracy Pagliara in Support of Chapter 11 Petitions and First Day Pleadings (the "First Day Declaration") filed on the Petition Date and incorporated herein by reference.

8.      Utility services are essential to the Debtors' ability to sustain their operations while these Chapter 11 cases are pending. To operate their business and manage their properties, the Debtors incur utility expenses for gas, electric, water, telecommunications, cable, internet, security and other similar services (collectively, the "Utility Services"). These Utility Services are provided

by approximately nine utility providers ("Utility Providers"), with which Debtors may have multiple accounts. A non-exhaustive list identifying the Utility Providers is attached hereto as **Exhibit A** ("Utilities Service List").[2]

9.      The Debtors spend an aggregate amount of approximately $69,150.00 each month on Utility Services from the Utility Providers listed on the Utilities Service List.

10.      In general, the Debtors have established satisfactory payment history with the Utility Providers and have made payments on a regular and timely basis. The Debtors intend to pay any postpetition obligations for the Utility Services in a timely fashion and in the ordinary course.

11.      Continued and uninterrupted Utility Services is vital to the Debtors' ability to sustain their operations during these Chapter 11 cases. Because of the nature of the Debtors' operations, termination or interruption of the Debtors' utility service would dramatically impair the Debtors' ability to conduct business and would cause considerable inconvenience to the Debtors' customers and employees. If the Utility Providers are permitted to terminate or disrupt service to the Debtors, the Debtors' primary revenue sources would be threatened.

---

[2] The listing of any entity on **Exhibit A** is not an admission that such entity is a utility within the meaning of section 366 of the Bankruptcy Code. The Debtors reserve all rights to further address the characterization of any particular entity listed on **Exhibit A** as a Utility Provider subject to section 366(a). The Debtors further reserve the right to terminate the services of any Utility Provider at any time and to seek an immediate refund of any utility deposit without effect to any right of setoff or claim asserted by such Utility Provider against the Debtors. This Motion does not seek assumption or rejection of any executory contract under section 365 of the Bankruptcy Code, and the Debtors reserve the right to claim that any contract with the Utility Providers is or is not an executory contract, as the facts may dictate. The relief requested herein is with respect to all Utility Providers and is not limited only to those listed on **Exhibit A**.

**RELIEF REQUESTED**

12.     By this Motion, the Debtors respectfully request the entry of an interim and final order (the "Interim Order" and the "Final Order", respectively), pursuant to section 366 of the Bankruptcy Code: (a) prohibiting the Utility Providers from altering, refusing, or discontinuing service on account of prepetition invoices, (b) deeming utilities adequately assured of future performance, (c) establishing the Determination Procedures (defined below) for determining adequate assurance of payment, and (d) granting related relief.

13.     Also, the Debtors request that the Court schedule a final hearing on this Motion ("Final Hearing") at its convenience on a date in advance of the expiration of thirty (30) days following the Petition Date in order to, as discussed below: (a) address any outstanding objections to the Motion and (b) resolve any disputes regarding adequate assurance of payment prior to the expiration of the thirty (30) day period set forth in section 366(c)(2) of the Bankruptcy Code.

A.     **The Proposed Adequate Assurance**

14.     The Debtors intend to pay all postpetition obligations owed to the Utility Providers in a timely manner and expect that revenue generated from business operations and/or funds from their cash collateral and proceeds from debtor in possession financing will be sufficient to pay all undisputed postpetition utility obligations. Moreover, many of the Utility Providers hold bonds or deposits that provide adequate assurance of payment. Nevertheless, to provide adequate assurance of payment for future services to the Utility Providers as set forth in section 366(c) of the Bankruptcy Code, the Debtors propose to deposit an initial sum equal to the Debtors' estimated average costs for two (2) weeks of Utility Services in a segregated, non-interest bearing account ("Adequate Assurance Account") ten (10) days after the date of entry of the Interim Order ("Adequate Assurance Deposits"). The Adequate Assurance Account shall be maintained at a

banking institution that has entered into a Uniform Depository Agreement with the Office of the United States Trustee for the District of Delaware. Because the Debtors' monthly spending on Utility Services is approximately $69,150.00, the Debtors propose that the Adequate Assurance Deposit should be $34,575.00.

15.    The Debtors propose to adjust the amount in the Adequate Assurance Account to reflect the following factors: (i) the termination of Utility Services by the Debtors regardless of any Additional Assurance Requests (as defined below), and (ii) agreements with the Utility Providers regarding Additional Assurance Requests. These adjustments will permit the Debtors to maintain the Adequate Assurance Account with an amount that consistently provides the Utility Providers security for their Utility Services with a two-week deposit on account of such services, except to the extent otherwise agreed.

16.    The Debtors submit that the Adequate Assurance Deposits, in conjunction with the Debtors' ability to pay for future utility services in the ordinary course of business (collectively, the "Proposed Adequate Assurance"), constitute sufficient adequate assurance to the Utility Providers. If any Utility Provider believes additional assurance is required, they may request such assurance pursuant to the procedures described below.

**B.    The Proposed Determination Procedures**

17.    To address the rights of a Utility Provider under section 366(c)(2) of the Bankruptcy Code and in light of the severe consequences to the Debtors of any interruption in services by the Utility Providers, the Debtors propose the following procedures (the "Determination Procedures") for approval and adoption:

(A)    Absent compliance with the Determination Procedures, a Utility Provider may not alter, refuse or discontinue service to or otherwise discriminate against the Debtors on account of the commencement of these Chapter 11 cases or any unpaid

prepetition charges or request payment of a deposit or receipt of other security in connection with any unpaid prepetition charges.

(B)    Within three (3) business days after the entry of the Interim Order on the Motion, the Debtors will serve a copy of the Interim Order on the Utility Providers on the Utilities Service List by first class mail. In the event that any Utility Provider has been omitted from the Utilities Service List, the Debtors shall supplement this list and shall promptly serve a copy of the Interim Order on such Utility Provider upon learning of such omission.

(C)    If a Utility Provider is not satisfied with the Proposed Adequate Assurance provided by the Debtors, the Utility Provider must make a request for additional assurance of payment (a "Request") and serve such Request so that it is received no later than seven (7) days prior to the Final Hearing by counsel for the Debtors, at Thompson Hine LLP, Two Alliance Center, 3560 Lenox Road NE, Suite 1600, Atlanta, Georgia 30326-4266 (ATTN: Sean A. Gordon, Esq.). Any such Request by a Utility Provider must specify the amount and nature of assurance of payment that would be satisfactory to the Utility Provider and must set forth (i) the type of utility services that are provided and the associated account number, (ii) the location for which the relevant utility services are provided, (iii) a list of any deposits or other security currently held by such Utility Provider and held by such Utility Provider immediately prior to the Petition Date on account of the Debtors, (iv) a description of any payment delinquency or irregularity by the Debtors for the postpetition period, and (v) the average monthly amount owed by the Debtors for each of the prior six months.

(D)    Without further order of the Court, the Debtors may enter into agreements granting to the Utility Providers that have submitted Requests any assurance of payment that the Debtors, in their sole discretion, determine is reasonable.

(E)    If a Utility Provider timely requests assurance of payment that the Debtors believe is unreasonable, and if after good faith negotiations by the parties, the parties are not able to resolve the issue, the adequacy of assurances of payment with respect to any such Utility Provider pursuant to section 366(c)(3) of the Bankruptcy Code will be determined at the Final Hearing.

(F)    Pending resolution of a Request at the Final Hearing and pending entry of a final, non-appealable order thereon finding that the Utility Provider is not adequately assured of future payment, such Utility Provider shall be (i) prohibited from discontinuing, altering or refusing service to the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance, and (ii) deemed to have adequate assurance of payment.

(G)    Any Utility Provider that does not timely request assurance of payment through a Request pursuant to the Determination Procedures automatically will be deemed to have received assurance of payment that is satisfactory to the Utility Provider under section 366(c)(2) without further action by the Debtors and without prejudice to the

right of such Utility Provider to seek relief in the future pursuant to section 366(c)(3).

18.     The Debtors also request authorization to adjust periodically the amount in the Adequate Assurance Account to reflect the following factors: (a) the termination of Utility Services by the Debtors; and (b) the entry into any agreements between the Debtors and the applicable Utility Providers.

19.     Although the Debtors have made every attempt to identify any and all Utility Providers, certain Utility Providers that currently provide utility services for the Debtors may not be listed on the Utilities Service List. Accordingly, the Debtors request that the Court: (a) authorize the Debtors to provide notice and a copy of the Interim Order (which, for purposes of this paragraph, shall be the Final Order on this Motion after entry of such Final Order) to Utility Providers not listed on the Utilities Service List (collectively, the "Additional Utility Providers"), as such Utility Providers are identified, and (b) provide that the Additional Utility Providers are subject to the terms of the Interim Order, including the Determination Procedures. As a result, the Additional Utility Providers will be afforded thirty (30) days from the service of the Interim Order on a particular Additional Utility Provider to request assurance of payment from the Debtors pursuant to the Determination Procedures.

## BASIS FOR RELIEF

20.     Section 366 of the Bankruptcy Code protects a debtor against the immediate termination of utility services after commencing its case. 11 U.S.C. § 366(a). Section 366 applies to "regulated public utilities providing electric, gas, telephone and water service" as well as "any provider of services with a monopoly, such as a provider of cable television services." 3 *Collier on Bankruptcy* ¶ 366.05 (16th Ed.) (citing *In re Good Time Charlie's, Ltd.*, 25 B.R. 226 (Bankr. E.D. Pa. 1982)). "However, in an era when utilities are being deregulated, the fact that a regulated

monopoly does not exist does not preclude a service from being considered a 'utility.'" *Id.* (citing

*One Stop Realtour Place, Inc. v. Allegiance Telecom, Inc. (In re One Stop Realtour Place, Inc.)*,

268 B.R. 430 (Bankr. E.D. Pa. 2001)); *In re Nw. Recreational Activities, Inc.*, 8 B.R. 7, 9 (Bankr.

N.D. Ga. 1980) (discussing the application of section 366 to "utilities").

21.     Section 366(b) provides that a utility provider may not alter, refuse, or discontinue

services to a debtor solely because of unpaid prepetition amounts unless, during the 20-day period

following the commencement date, the utility does not receive "adequate assurance" of payment

for postpetition services.[3] 11 U.S.C. § 366(b). Furthermore, under section 366(c)(2), a utility may

alter, refuse, or discontinue service in a chapter 11 case, if during the 30-day period beginning on

---

[3] Section 366 of the Bankruptcy Code provides, in relevant part, as follows:
   (a) Except as provided in subsections (b) and (c) of this section, a utility may not alter, refuse, or discontinue service to, or discriminate against, the trustee or the debtor solely on the basis of the commencement of a case under this title or that a debt owed by the debtor to such utility for service rendered before the order for relief was not paid when due.
   (b) Such utility may alter, refuse, or discontinue service if neither the trustee nor the debtor, within 20 days after the date of the order for relief, furnishes adequate assurance of payment, in the form of a deposit or other security, for service after such date. On request of a party in interest and after notice and a hearing, the court may order reasonable modification of the amount of the deposit or other security necessary to provide adequate assurance of payment.
   (c) . . .
      (2) Subject to paragraphs (3) and (4), with respect to a case filed under chapter 11, a utility referred to in subsection (a) may alter, refuse, or discontinue utility service, if during the 30-day period beginning on the date of the filing of the petition, the utility does not receive from the debtor or the trustee adequate assurance of payment for utility service that is satisfactory to the utility.
      (3) (A) On request of a party in interest and after notice and a hearing, the court may order modification of the amount of an assurance of payment under paragraph (2).
          (B) In making a determination under this paragraph whether an assurance of payment is adequate, the court may not consider —
              (i)  the absence of security before the date of the filing of the petition;
              (ii) the payment by the debtor of charges for utility service in a timely manner before the date of the filing of the petition; or
              (iii) the availability of an administrative expense priority.

the petition date, the utility does not receive from the debtor adequate assurance of payment that is satisfactory to the utility.

22.     Prior to the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("2005 Amendments"), it was well established by courts, commentators, and legislative history that section 366 of the Bankruptcy Code did not require, as a matter of course, that the debtor provide a deposit or other security to its utilities as adequate assurance of payment.[4]  Pursuant to changes made effective by the 2005 Amendments, in determining whether an assurance of payment is adequate, the court may not consider (i) the absence of security before the petition date; (ii) the debtor's history of timely payments; or (iii) the availability of an administrative expense priority. 11 U.S.C. § 366(c)(3)(B).

23.     While the amended section 366(c) clarifies what does and does not constitute "assurance of payment" and what can be considered in determining whether such assurance is adequate, Congress, in enacting that section, did not divest this Court of its power to determine what amount, if any, is necessary to provide adequate assurance of payment to a utility provider. 11 U.S.C. § 366(c)(3)(A). Specifically, pursuant to section 366(c)(3)(A), "[o]n request of a party in interest and after notice and a hearing, the court may order modification of the amount of an assurance of payment." *Id.*; *see In re Beach House Prop., LLC*, No. 08-11761, 2008 Bankr. LEXIS 1091, at *3-4 (Bankr. S.D. Fla. Apr. 8, 2008) (quoting 3 *Collier on Bankruptcy* ¶ 366.03[2] (rev.

---

[4] For example, in *Va. Elec. & Power Co. v. Caldor, Inc.*, 117 F.3d 646, 647 (2d Cir. 1997), the United States Court of Appeals for the Second Circuit affirmed the bankruptcy court's ruling that the debtor's prepetition payment history, its postpetition liquidity, and the administrative expense priority afforded to postpetition invoices constituted adequate assurance of future performance. The Second Circuit rejected the argument that section 366(b) nevertheless required a "deposit or other security," holding that "a bankruptcy court's authority to 'modify' the level of the 'deposit or other security,' provided for under section 366(b), includes the power to require no 'deposit or other security' where none is necessary to provide a utility supplier with 'adequate assurance of payment.'" *Id.* at 650.

15th ed. 2006) ("Under § 366(c)(2), the debtor must pay what the utility demands, unless the court orders otherwise." (emphasis added in *Beach House*))).

24.     Under section 366(c), there is nothing to prevent a court from deciding, as courts did before the enactment of the 2005 Amendments, that, a nominal adequate assurance payment or no payment at all to a utility provider is appropriate given the particular facts of a case. *See In re Buffets Holdings, Inc.*, No. 08-10141 (Bankr. D. Del. Jan. 23, 2008) (approving adequate assurance consisting of an escrow equal to 50% of the estimated costs of monthly utility consumption); *In re Pac-West Telecomm, Inc.*, No. 07-10562 (Bankr. D. Del. May 2, 2007) (approving adequate assurance that was a one-time supplemental prepayment to each Utility Provider equal to pro-rated amount of one week's charges).

25.     Historically, Chapter 11 debtors were able, under section 366 of the Bankruptcy Code, to put the onus on utility providers to argue that whatever form of adequate assurance proposed by the debtor was insufficient. The 2005 Amendments arguably shift the burden onto the debtor to provide adequate assurance that the utility providers find satisfactory, and to seek court review if a utility provider does not accept the proposed adequate assurance. Under this reading of section 366, a Utility Provider could, on the 29th day following the Petition Date, announce that the proposed adequate assurance is not acceptable, demand an unreasonably large deposit in the context of the risk of nonpayment, and threaten to terminate the utility service the next day unless the Debtors complied with the demand. While the Debtors do not concede that this is a correct reading of amended section 366, the Debtors nonetheless believe it is prudent to require Utility Providers to raise any objections to the Proposed Adequate Assurance so that such objections may be heard by the Court prior to the running of the 30-day period following the Petition Date.

26.     Congress has not changed the requirement that the assurance of payment only be "adequate." Courts construing section 366(b) of the Bankruptcy Code have long recognized that "adequate" assurance of payment does not require an absolute guarantee of the debtor's ability to pay. *See, e.g., In re Caldor, Inc. – NY*, 199 B.R. 1, 3 (S.D.N.Y. 1996) ("Section 366(b) requires [a b]ankruptcy [c]ourt to determine whether the circumstances are sufficient to provide a utility with 'adequate assurance' of payment. The statute does not require an 'absolute guarantee of payment.'") (citation omitted), *aff'd sub nom. Va. Elec. & Power Co. v. Caldor, Inc. – NY*, 117 F.3d 646 (2d Cir. 1997); *In re C.T. Harris, Inc.*, 295 B.R. 405, 406-07 (Bankr. M.D. Ga. 2003) (noting that debtor's "current liquidity" was adequate assurance of future payment); *In re Anchor Glass Container Corp.*, 342 B.R. 872, 875 (Bankr. M.D. Fla. 2005); *Adelphia Bus. Solutions, Inc.*, 280 B.R. 63, 80 (Bankr. S.D.N.Y. 2002); *In re Astle*, 338 B.R. 855, 860–61 (Bankr. D. Idaho 2006) ("Adequate assurance of payment under subsection (b) does not require an absolute guarantee of payment. What is required is that the utility will be protected from unreasonable risk of nonpayment." (internal quotation marks omitted)); *In re Adelphia Bus. Solutions, Inc.*, 280 B.R. 63, 80 (Bankr. S.D.N.Y. 2002) ("The requirement is for 'adequate assurance' of payment, which . . . need not necessarily be provided by deposit . . . . Whether utilities have adequate assurance of future payment is determined by the individual circumstances of each case.") (citation omitted).

27.     Despite the language in section 366(c)(2) of the Bankruptcy Code allowing a utility to take action against a debtor should the debtor fail to provide adequate assurance of payment that is "satisfactory" to the utility, section 366 of the Bankruptcy Code does not require that the assurance provided be deemed satisfactory by the utility once the Court determines the appropriate amount of adequate assurances.

28.     The protection granted to a utility is intended to avoid exposing the utility to an unreasonable risk of nonpayment. *In re Adelphia Bus. Solutions*, 280 B.R. at 80. Whether a utility is subject to an unreasonable risk of nonpayment must be determined from the facts and circumstances of each case. *See In re Anchor Glass Container*, 342 B.R. at 875; *In re Keydata Corp.*, 12 B.R. 156, 158 (B.A.P. 1st Cir. 1981).

29.     The essence of the Court's inquiry is an examination of the totality of the circumstances in making an informed judgment as to whether utilities will be subject to an unreasonable risk of nonpayment for postpetition services. *Adelphia*, 280 B.R. at 82–83; *see also Anchor Glass Container*, 342 B.R. at 875 ("The type of arrangement that constitutes adequate assurance of future payment is a fact-intensive inquiry, determined under the individual circumstances of the case.").

30.     The Debtors believe that the Proposed Adequate Assurance is reasonable and satisfies the requirements of section 366 of the Bankruptcy Code.

31.     Further, the Court possesses the power, under section 105(a) of the Bankruptcy Code, to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The proposed Determination Procedures will ensure that the Utility Services are continued without prejudicing the Utility Providers.

32.     The relief requested herein will ensure that the Debtors' operations will not be disrupted by the suspension or termination of vital Utility Services or the requests by the Utility Providers of unnecessarily large deposits that could endanger the Debtors' liquidity. If a disruption were to occur, the impact on the Debtors' business operations and revenues would be extremely harmful to the Debtors and all of their creditors. Without the requested relief, any interruption in services by the Utility Providers could bring the Debtors' business to a grinding halt. Even if the

Utility Providers did not interrupt their services, without the requested relief the Debtors could be forced to address numerous requests by Utility Providers in a disorganized manner during a critical period in these chapter 11 cases. At the same time, the relief requested provides the Utility Providers with a fair and orderly procedure for determining requests for additional or different adequate assurance.

## EMERGENCY CONSIDERATION

33.    The Debtors respectfully request emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm." Here, the Debtors believe an immediate and orderly transition into Chapter 11 is critical to the viability of its operations and that any delay in granting the relief requested could hinder the Debtors' operations and cause irreparable harm. Furthermore, the failure to receive the requested relief during the first 21 days of these Chapter 11 cases would severely disrupt the Debtors' operations at this critical juncture. Accordingly, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and, therefore, respectfully request that the Court approve the relief requested in this Motion on an emergency basis.

## WAIVER OF ANY APPLICABLE STAY

34.    To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay of an order authorizing the use, sale or lease of property under Bankruptcy Rule 6004(h).

## NOTICE

35.     The Debtors have provided notice of this motion to: (a) the Office of the United States Trustee for the District of Delaware; (b) the Debtors' thirty (30) largest unsecured creditors; (c) counsel to the administrative agents for the Debtors' prepetition credit facilities; (d) the Internal Revenue Service; (e) the Georgia Department of Revenue; (f) the Delaware Division of Revenue; (f) the United States Attorney for the District of Delaware; (g) the Securities and Exchange Commission; (h) the state attorneys general for states in which the Debtors conduct business; (i) the Utility Providers; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002. Notice of this Motion and any order entered hereon will be served in accordance with Rule 9013-1(m) of the Local Rules of Bankruptcy Practice and Procedure of the Court.

## NO PRIOR REQUEST

36.     No prior request for relief sought in this Motion has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court (a) enter an Interim Order substantially in the form attached hereto as **Exhibit B** granting the relief requested herein on an interim basis; (b) enter a Final Order substantially in the form attached hereto as **Exhibit C** granting the relief requested herein on a final basis; and (c) grant the Debtors such other and further relief as is just and proper.

*[Remainder of page intentionally left blank]*

Dated: July 22, 2023
Wilmington, Delaware

*/s/ Mark L. Desgrosseilliers*

Mark L. Desgrosseilliers (No. 4083)
**CHIPMAN BROWN CICERO & COLE, LLP**
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone:  (302) 295-0192
*desgross@chipmanbrown.com*

-and-

Sean A. Gordon (*pro hac vice* pending)
Austin B. Alexander (*pro hac vice* pending)
**THOMPSON HINE LLP**
Two Alliance Center
3560 Lenox Road NE, Suite 1600
Atlanta, Georgia 30326-4266
Telephone: (404) 541-2900
Facsimile: (404) 541-2905
*Sean.Gordon@thompsonhine.com*
*Austin.Alexander@thompsonhine.com*

Alan R. Lepene (*pro hac vice* pending)
Scott B. Lepene (*pro hac vice* pending)
**THOMPSON HINE LLP**
3900 Key Center
127 Public Square
Cleveland, Ohio 44114-1291
Telephone: (216) 566-5500
Facsimile: (216) 566-5800
*Alan.Lepene@thompsonhine.com*
*Scott.Lepene@thompsonhine.com*

*Proposed Counsel for Debtors*

## EXHIBIT A

Utilities Service List

| Name | Address1 | Address2 | City | State | Zip | Creditor Type |
|---|---|---|---|---|---|---|
| 18-27A 42ND STREET ASTORIA LLC | 18-27A 42ND STREET | | ASTORIA | NY | 11105 | All Utilities |
| FRONTIER COMMUNICATIONS | 401 MERRIT 7 | | NORWALK | CT | 06851 | Telecom |
| COMCAST | ACCT# 8220202106047755 | P O BOX 530099 | ATLANTA | GA | 30353 | Telecom |
| LANE LAND DEVELOPMENT LLC | 200 E. FORSYTH | | JACKSONVILLE | FL | 32202 | All Utilities |
| ADT SECURITY SERVICES | P. O. Box 371878 | | Pittsburgh | PA | 15250 | Security |
| VERIZON WIRELESS | P.O.BOX 660108 | | DALLAS | TX | 75266 | Telecom |
| WOW! INTERNET CABLE AND PHONE | P O BOX 71101 | ACCT 3007-1974-7 | CHARLOTTE | NC | 28272 | Telecom |
| GRANITE TELECOMMUNICATIONS LLC | 100 NEWPORT AVENUE EXTENSION | | QUINCY | MA | 02171 | Telecom |
| VERIZON WIRELESS | P.O.BOX 660108 | | DALLAS | TX | 75266 | Telecom |

**<u>EXHIBIT B</u>**

**Interim Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| WILLIAMS INDUSTRIAL SERVICES GROUP INC., *et al.*,[1] | Case No. 23-10961 (TMH) |
| Debtors. | (Jointly Administered) |
| | **Related Docket No. __** |

**INTERIM ORDER (I) PROHIBITING UTILITIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE ON ACCOUNT OF PREPETITION INVOICES; (II) DEEMING UTILITIES ADEQUATELY ASSURED OF FUTURE PERFORMANCE; (III) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT; AND (IV) GRANTING RELATED RELIEF**

This matter is before the Court on the *Emergency Motion for Entry of Interim and Final Orders (I) Prohibiting Utilities from Altering, Refusing, or Discontinuing Service on Account of Prepetition Invoices; (II) Deeming Utilities Adequately Assured of Future Performance; (III) Establishing Procedures for Determining Adequate Assurance of Payment; and (IV) Granting Related Relief* ("Motion") [Docket No. ___] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"). All capitalized terms used but not defined herein shall have the meanings given to them in the Motion.

The Court has considered the Motion, the First Day Declaration, and the matters reflected in the record of the hearing held on the Motion on _____ _____, 2023. It appears that proper and adequate notice of the Motion has been given and that no other or further notice is necessary;

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Williams Industrial Services Group Inc. (1378), Williams Industrial Services Group, LLC (2666), Williams Industrial Services, LLC (0406), Williams Plant Services, LLC (9575), Williams Specialty Services, LLC (9578), WISG Electrical, LLC (6918), Construction & Maintenance Professionals, LLC (0925), Williams Global Services, Inc. (3708), Steam Enterprises, LLC (9177), GPEG LLC (5707), Global Power Professional Services, Inc. (2550), WISG Canada Ltd. (B.N. 6518), WISG Nuclear Ltd. (B.N. 3510), and WISG Electrical Ltd. (B.N. 2116). The location of the Debtors' corporate headquarters and service address is: 200 Ashford Center N, Suite 425, Atlanta, GA 30338.

and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. § 1408; and it appearing that the relief requested is in the best interests of the Debtors, the Debtors' estates, their creditors, and other parties in interest, and that good cause has been shown therefor;

IT IS HEREBY ORDERED:

1.      The Motion is granted to the extent set forth herein.

2.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

3.      The final hearing (the "Final Hearing") on the Motion shall be held on _____ _____, 2023 at __:__ _.m. prevailing Eastern Time.  Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on _____, 2023, and shall be served on: (i) the Debtors; (ii) proposed counsel for the Debtors, Thompson Hine LLP, (Attn: Alan Lepene.), email: alan.lepene@thompsonhine.com and Chipman Brown Cicero & Cole, LLP (Attn: Mark L. Desgrosseilliers), email: desgross@chipmanbrown.com; (iii) counsel to the administrative agents for the Debtors' prepetition credit facilities, Blank Rome LLP (Attn: Regina Stango Kelbon, Gregory F. Vizza), email: regina.kelbon@blankrome.com, gregory.vizza@blankrome.com; (iv) counsel to any statutory committee appointed in these Cases; and (v) the Office of the United States Trustee for the District of Delaware, (Attn: Linda Richenderfer); email: linda.richenderfer@usdoj.gov. If no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without further notice or hearing.

4.      The Debtors are authorized, but not directed, to pay on a timely basis, in accordance with their prepetition practices, all undisputed invoices in respect of postpetition Utility Services rendered by the Utility Providers to the Debtors.

5.      The following Adequate Assurance Procedure is hereby approved. The Debtors will deposit the Adequate Assurance Deposit in the Adequate Assurance Account ten (10) days after the entry of this Order. The Adequate Assurance Account shall be maintained at a banking institution that has entered into a Uniform Depository Agreement with the Office of the United States Trustee for the District of Delaware.  The Debtors may reduce the amount deposited in the Adequate Assurance Account in the event that their relationship with any Utility Provider is terminated.

6.      Until such time as the Final Order is entered, subject to the procedures described below, no Utility Provider may alter, refuse, terminate, or discontinue services to, and/or discriminate against the Debtors on the basis of commencement of these cases or on account of unpaid invoices for service provided by any of the Utility Providers to the Debtors prior to the Petition Date.

7.      Notwithstanding the terms of paragraph 4 above, the following procedures shall be used by the Court to determine, if necessary, whether the requested assurance of payment by a Utility Provider is adequate (the "Determination Procedures"):

(a) Absent compliance with the Determination Procedures, a Utility Provider may not alter, refuse or discontinue service to or otherwise discriminate against the Debtors on account of the commencement of these chapter 11 cases or any unpaid prepetition charges or request payment of a deposit or receipt of other security in connection with any unpaid prepetition charges.

(b) Within three (3) business days after the entry of this Order on the Motion, the Debtors will serve a copy of this Order to the Utility Providers on the Utilities Service List by first class mail. In the event that any Utility Provider has been omitted from the Utilities Service List, the Debtors shall supplement this list and

shall promptly serve a copy of the Interim Order on such Utility Provider upon learning of such omission.

(c) If a Utility Provider is not satisfied with the Proposed Adequate Assurance provided by the Debtors, the Utility Provider may make a request for additional assurance of payment (a "Request") and serve such Request so that it is received no later than seven (7) days prior to the Final Hearing by counsel for the Debtors, at Thompson Hine LLP, Two Alliance Center, 3560 Lenox Road NE, Suite 1600, Atlanta, Georgia 30326-4266 (Attention: Sean A. Gordon, Esq.). Any such Request by a Utility Provider must specify the amount and nature of assurance of payment that would be satisfactory to the Utility Provider and must set forth (i) the type of utility services that are provided and the associated account number, (ii) the location for which the relevant utility services are provided, (iii) a list of any deposits or other security currently held by such Utility Provider and held by such Utility Provider immediately prior to the Petition Date on account of the Debtors, (iv) a description of any payment delinquency or irregularity by the Debtors for the postpetition period, and (v) the average monthly amount owed by the Debtors for each of the prior six months.

(d) Without further order of the Court, the Debtors may enter into agreements granting to the Utility Providers that have submitted Requests any assurance of payment that the Debtors, in their sole discretion, determine is reasonable.

(e) If a Utility Provider timely requests assurance of payment that the Debtors believe is unreasonable, and if after good faith negotiations by the parties, the parties are not able to resolve the issue, the adequacy of assurances of payment with respect to any such Utility Provider pursuant to section 366(c)(3) of the Bankruptcy Code will be determined at the Final Hearing.

(f) Pending resolution of a Request at the Final Hearing and pending entry of a final, non-appealable order thereon finding that the Utility Provider is not adequately assured of future payment, such Utility Provider shall be (i) prohibited from discontinuing, altering or refusing service to the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance and (ii) deemed to have adequate assurance of payment.

(g) Any Utility Provider that does not timely request assurance of payment through a Request pursuant to the Determination Procedures automatically will be deemed to have received assurance of payment that is satisfactory to the Utility Provider under section 366(c)(2) without further action by the Debtors and without prejudice to the right of such Utility Provider to seek relief in the future pursuant to section 366(c)(3).

8.    The Debtors are authorized, as necessary, to adjust periodically the amount in the

Adequate Assurance Account to reflect the following two factors: (a) the termination of Utility

Services by the Debtors; and (b) the entry into any agreements between the Debtors and the applicable Utility Providers.

9.      If an amount relating to Utility Services provided postpetition by a Utility Provider is unpaid, and remains unpaid beyond any applicable grace period, such Utility Provider may request a disbursement from the Adequate Assurance Account by giving notice to counsel to the Debtors, Thompson Hine LLP, Two Alliance Center, 3560 Lenox Road NE, Suite 1600, Atlanta, Georgia 30326-4266 (Attention: Sean A. Gordon, Esq.). Within five (5) business days after the date the request is received by the Debtors, the Debtors shall either (i) bring the account current or (ii) honor the request, subject to the ability of the Debtors and any such requesting Utility Provider to resolve any dispute regarding such request without further order of the Court. In no event shall a Utility Provider be permitted to receive aggregate disbursements in excess of the total amount set forth for such Utility Provider under the column labeled "Adequate Assurance" on **Exhibit 1** attached hereto. If the Debtors do not bring the account current, the Utility Provider may terminate Utility Services as to the account for which such disbursement from the Adequate Assurance is required.

10.      In addition, the Debtors are authorized, as necessary, to provide notice and a copy of this Order to any Additional Utility Providers as such Additional Utility Providers are identified. Such Additional Utility Providers shall be subject to the terms of the Interim Order, including the Determination Procedures. If an Additional Utility Provider fails to submit a Request within thirty (30) days after being served with this Order, the Additional Utility Provider shall be deemed to have received adequate assurance of payment that is satisfactory to such Additional Utility Provider pursuant to section 366(c)(2) of the Bankruptcy Code without prejudice to the right of such Additional Utility Provider to seek relief in the future pursuant to section 366(c)(3)(A).

11.    The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

12.    The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the relief requested is necessary to avoid immediate and irreparable harm.

13.    The requirements set forth in Bankruptcy Rule 6004(a) are hereby waived.

14.    Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

15.    The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

16.    Counsel for the Debtors is directed to serve a copy of this Order on all the parties that received service of the Motion within three (3) days of the entry of this Order and file a certificate of service with the Clerk of Court.

# EXHIBIT 1

## Utilities Service List

| Name | Address1 | Address2 | City | State | Zip | Creditor Type |
|---|---|---|---|---|---|---|
| 18-27A 42ND STREET ASTORIA LLC | 18-27A 42ND STREET | | ASTORIA | NY | 11105 | All Utilities |
| FRONTIER COMMUNICATIONS | 401 MERRIT 7 | | NORWALK | CT | 06851 | Telecom |
| COMCAST | ACCT# 8220202106047755 | P O BOX 530099 | ATLANTA | GA | 30353 | Telecom |
| LANE LAND DEVELOPMENT LLC | 200 E. FORSYTH | | JACKSONVILLE | FL | 32202 | All Utilities |
| ADT SECURITY SERVICES | P. O. Box 371878 | | Pittsburgh | PA | 15250 | Security |
| VERIZON WIRELESS | P.O.BOX 660108 | | DALLAS | TX | 75266 | Telecom |
| WOW! INTERNET CABLE AND PHONE | P O BOX 71101 | ACCT 3007-1974-7 | CHARLOTTE | NC | 28272 | Telecom |
| GRANITE TELECOMMUNICATIONS LLC | 100 NEWPORT AVENUE EXTENSION | | QUINCY | MA | 02171 | Telecom |
| VERIZON WIRELESS | P.O.BOX 660108 | | DALLAS | TX | 75266 | Telecom |

**EXHIBIT C**

**Final Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| WILLIAMS INDUSTRIAL SERVICES GROUP INC., *et al.*,[1] | Case No. 23-10961 (TMH) |
| Debtors. | (Jointly Administered) |
| | **Related Docket No. __** |

**FINAL ORDER (I) PROHIBITING UTILITIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE ON ACCOUNT OF PREPETITION INVOICES; (II) DEEMING UTILITIES ADEQUATELY ASSURED OF FUTURE PERFORMANCE; (III) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT; AND (IV) GRANTING RELATED RELIEF**

This matter is before the Court on the *Emergency Motion for Entry of Interim and Final Orders (I) Prohibiting Utilities from Altering, Refusing, or Discontinuing Service on Account of Prepetition Invoices; (II) Deeming Utilities Adequately Assured of Future Performance; (III) Establishing Procedures for Determining Adequate Assurance of Payment; and (IV) Granting Related Relief* ("Motion") [Docket No. _____] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"). All capitalized terms used but not defined herein shall have the meanings given to them in the Motion. On _____ ____, 2023 the Court granted the Motion on an interim basis and scheduled a Final Hearing for _____ ___, 2023.

The Court has considered the Motion, the First Day Declaration, and the matters reflected in the record of the hearings held on the Motion on _____ ___, 2023 and on _____

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Williams Industrial Services Group Inc. (1378), Williams Industrial Services Group, LLC (2666), Williams Industrial Services, LLC (0406), Williams Plant Services, LLC (9575), Williams Specialty Services, LLC (9578), WISG Electrical, LLC (6918), Construction & Maintenance Professionals, LLC (0925), Williams Global Services, Inc. (3708), Steam Enterprises, LLC (9177), GPEG LLC (5707), Global Power Professional Services, Inc. (2550), WISG Canada Ltd. (B.N. 6518), WISG Nuclear Ltd. (B.N. 3510), and WISG Electrical Ltd. (B.N. 2116). The location of the Debtors' corporate headquarters and service address is: 200 Ashford Center N, Suite 425, Atlanta, GA 30338.

_____, 2023. It appears that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. § 1408; and it appearing that the relief requested is in the best interests of the Debtors, the Debtors' estates, their creditors, and other parties in interest, and that good cause has been shown therefor;

       IT IS HEREBY ORDERED:

1.      The Motion is granted to the extent set forth herein.

2.      The terms and conditions of this Final Order shall be immediately effective and enforceable upon its entry.

3.      The Debtors are authorized, but not directed, to pay on a timely basis, in accordance with their prepetition practices, all undisputed invoices in respect of postpetition utility services rendered by the Utility Providers to the Debtors.

4.      All Utility Providers are prohibited from altering, refusing, or discontinuing services to, and/or discriminating against the Debtors on the basis of commencement of these cases or on account of unpaid invoices for service provided **by** any of the Utility Providers to the Debtors prior to the Petition Date.

5.      The procedures approved in the Interim Order are approved on a final basis.

6.      The Debtors are authorized, as necessary, to adjust periodically the amount in the Adequate Assurance Account to reflect the following two factors: (a) the termination of Utility Services by the Debtors; and (b) the entry into any agreements between the Debtors and the applicable Utility Providers.

7.      If an amount relating to Utility Services provided postpetition by a Utility Provider is unpaid, and remains unpaid beyond any applicable grace period, such Utility Provider may request a disbursement from the Adequate Assurance Account by giving notice to counsel to the Debtors, Thompson Hine LLP, Two Alliance Center, 3560 Lenox Road NE, Suite 1600, Atlanta, Georgia 30326-4266 (Attention: Sean A. Gordon, Esq.). Within five (5) business days after the date the request is received by the Debtors, the Debtors shall either (i) bring the account current or (ii) honor the request, subject to the ability of the Debtors and any such requesting Utility Provider to resolve any dispute regarding such request without further order of the Court. In no event shall a Utility Provider be permitted to receive aggregate disbursements in excess of the total amount set forth for such Utility Provider under the column labeled "Adequate Assurance" on **Exhibit 1** attached hereto. If the Debtors do not bring the account current, the Utility Provider may terminate Utility Services as to the account for which such disbursement from the Adequate Assurance is required.

8.      In addition, the Debtors are authorized, as necessary, to provide notice and a copy of this Final Order to any Additional Utility Providers as such Additional Utility Providers are identified. Such Additional Utility Providers shall be subject to the terms of the Final Order, including the Determination Procedures. If an Additional Utility Provider fails to submit a Request within thirty (30) days after being served with this Final Order, the Additional Utility Provider shall be deemed to have received adequate assurance of payment that is satisfactory to such Additional Utility Provider pursuant to section 366(c)(2) of the Bankruptcy Code without prejudice to the right of such Additional Utility Provider to seek relief in the future pursuant to section 366(c)(3)(A).

9.      The Debtors' banks may rely on the representations of the Debtors with respect to whether any check or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this Final Order, and any such bank shall not have any duty of further inquiry or liability to any party for relying on such representations by the Debtors.

10.     Any Utility Provider may request relief from this Order and may request an expedited hearing on such request.

11.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

12.     Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be immediately effective and enforceable upon its entry.

13.     The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Final Order.

14.     Counsel for the Debtors is directed to serve a copy of this Final Order on all the parties that received service of the Motion within three (3) days of the entry of this Final Order and to file a certificate of service with the Clerk of Court.

## EXHIBIT 1

### Utilities Service List

| Name | Address1 | Address2 | City | State | Zip | Creditor Type |
|------|----------|----------|------|-------|-----|---------------|
| 18-27A 42ND STREET ASTORIA LLC | 18-27A 42ND STREET | | ASTORIA | NY | 11105 | All Utilities |
| FRONTIER COMMUNICATIONS | 401 MERRIT 7 | | NORWALK | CT | 06851 | Telecom |
| COMCAST | ACCT# 8220202106047755 | P O BOX 530099 | ATLANTA | GA | 30353 | Telecom |
| LANE LAND DEVELOPMENT LLC | 200 E. FORSYTH | | JACKSONVILLE | FL | 32202 | All Utilities |
| ADT SECURITY SERVICES | P. O. Box 371878 | | Pittsburgh | PA | 15250 | Security |
| VERIZON WIRELESS | P.O.BOX 660108 | | DALLAS | TX | 75266 | Telecom |
| WOW! INTERNET CABLE AND PHONE | P O BOX 71101 | ACCT 3007-1974-7 | CHARLOTTE | NC | 28272 | Telecom |
| GRANITE TELECOMMUNICATIONS LLC | 100 NEWPORT AVENUE EXTENSION | | QUINCY | MA | 02171 | Telecom |
| VERIZON WIRELESS | P.O.BOX 660108 | | DALLAS | TX | 75266 | Telecom |

1