**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| WILLIAMS INDUSTRIAL SERVICES GROUP INC., *et al.*,[1] | ) ) | Case No. 23-10961 (BLS) |
| | ) | |
| Debtors. | ) ) | (Joint Administration Requested) |
| | ) | |

## DECLARATION OF DAVID SHIM OF GREENHILL & CO., INC. IN SUPPORT OF DEBTORS' SALE MOTION

I, David Shim, declare under penalty of perjury that the following is true and correct:

1. I am a Vice President in the North American Financing Advisory & Restructuring group ("Vice President")[2] for Greenhill & Co., Inc. ("Greenhill"), and have served in that role since 2021. I am over the age of eighteen (18) years and am competent to make this Declaration. Greenhill is a full-service independent investment banking firm that engages in mergers and acquisitions, capital raising, and restructuring advice across a broad range of industries. Greenhill and its senior professionals have extensive experience with respect to the reorganization and restructuring of distressed companies, both out-of-court and in chapter 11 proceedings.

2. I have been employed by Greenhill since September 2020. Prior to joining Greenhill, I was an Associate at Jefferies Group LLC in the Restructuring & Recapitalization Group. Previously, I was a Vice President in the Turnaround & Restructuring Services group at

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Williams Industrial Services Group Inc. (1378), Williams Industrial Services Group, LLC (2666), Williams Industrial Services, LLC (0406), Williams Plant Services, LLC (9575), Williams Specialty Services, LLC (9578), WISG Electrical, LLC (6918), Construction & Maintenance Professionals, LLC (0925), Williams Global Services, Inc. (3708), Steam Enterprises, LLC (9177), GPEG LLC (5707), Global Power Professional Services, Inc. (2550), WISG Canada Ltd. (B.N. 6518), WISG Nuclear Ltd. (B.N. 3510), and WISG Electrical Ltd. (B.N. 2116). The location of the Debtors' corporate headquarters and service address is: 200 Ashford Center N, Suite 425, Atlanta, GA 30338.

[2] All capitalized but undefined terms shall have the same meanings as defined in the Sale Motion and Bidding Procedures, as applicable.

AlixPartners, LLP and I began my career in the Business Restructuring Services group at BDO, LLP. I hold a B.A. degree from Cornell University.

3. Greenhill was initially hired prior to the Petition Date in December 2022 by Williams Industrial Services Group Inc. and its affiliates (collectively, the "Debtors") to explore strategic alternatives designed to maximize the value of their businesses. The scope of Greenhill's engagement involved an evaluation of a broad range of potential financial and strategic alternatives, including a possible sale of the business.

4. In my capacity as Vice President and in connection with this engagement and the foregoing, I became familiar with the Debtors' business, daily operations, and financial condition through the above-described work.

5. Except as otherwise indicated herein, I have personal knowledge of the matters set forth in this Declaration, and/or all facts described herein are based on discussions with members of the Debtors' senior management and other professional advisors, my review of relevant business records of the Debtors that were shared with Greenhill, my review of relevant marketing-related materials and other communications that Greenhill had with prospective purchasers of the Debtors' assets, and/or my knowledge of the prepetition sale, marketing efforts and activities associated with Greenhill's retention as investment banker for the Debtors.

6. I am authorized to submit this Declaration on the Debtors' behalf in support of the *Motion for Entry of an Order (i) Approving Bidding Procedures for the Sale of Assets, (ii) Scheduling Hearings and Objection Deadlines with Respect to the Debtors' Authority to Sell, (iii) Scheduling Bid Deadlines and an Auction, (iv) Approving the Form and Manner of Notice Thereof, (v) Approving Contract Assumption and Assignment Procedures, and (vi) Granting Related Relief*

("Sale Motion"), and if called to testify I could and would testify competently to the facts set forth herein.

7. During the course of Greenhill's engagement, as the Debtors continued to experience significant liquidity issues, it became apparent that neither refinancing nor an infusion of new equity capital were feasible alternatives, and the only viable path forward was a sale of the Debtors' businesses.

8. In February 2023, Greenhill initiated an intensive marketing effort in which it reached out to approximately 140 parties who might have an interest in acquiring the company. Approximately fifty of those parties executed non-disclosure agreements and received comprehensive packets of confidential information regarding the company. Greenhill conducted information calls with many of those parties.

9. Six parties provided written indications of interest and were invited into a second round to conduct due diligence and attend management presentations. From that process, Energy Solutions, Inc. ("Energy Solutions") provided the highest and best offer to acquire the company and/or its assets.

10. Following additional due diligence, Energy Solutions proposed two alternative structures for the transaction: (i) an out-of-court transaction involving a tender offer for existing equity followed by a short-form merger, or (ii) an acquisition of substantially all of the assets of Williams Plant Services, LLC ("WPS"), Williams Specialty Services, LLC ("WSS"), and WISG Electrical, LLC ("Electrical"), and select assets of Williams Industrial Services Group Inc. ("Holdings"), Williams Industrial Services Group, LLC ("WISG"), and Williams Industrial Services, LLC ("WIS") through a sale under section 363 of the Bankruptcy Code.

11. In its out-of-court proposal, Energy Solutions offered $53 million, based upon a starting enterprise value of $67.5 million, less reductions of $14.5 million attributable to estimated future losses from the Florida water projects ($7.5 million) and the risk of non-renewal of certain contracts with a significant customer ($7 million). The out-of-court transaction, requiring shareholder approval, would not have resulted in any recovery for shareholders. Consequently, the Debtors determined that it was not feasible to attempt to consummate an out-of-court transaction.

12. In its alternative proposal to acquire assets pursuant to a section 363 sale, Energy Solutions has offered (i) to pay $60 million, and (ii) to assume certain liabilities of WPS, WSS, Electrical, Holdings, WISG and WIS.

13. The company is forecasting continuing significant cash flow shortfalls during the second half of 2023 that threaten its ability to operate as a going concern. Greenhill has been advised that additional financing to cover these shortfalls is not available other than through a chapter 11 process conditioned upon a section 363 sale of the assets included in Energy Solutions' proposal.

14. Greenhill has been advised that, as a consequence, the Debtors commenced these chapter 11 cases for the purpose of (i) implementing the proposed section 363 sale to Energy Solutions, or such party as may offer a higher and better bid for the Debtors' assets at an auction to be conducted in accordance with the provisions of section 363 of the Bankruptcy Code, and (ii) addressing the assets and liabilities of the remaining Debtors in accordance with the provisions of the Bankruptcy Code.

15. During the sale and bidding process, Greenhill will continue to serve as Debtors' investment banker, pending court approval, and will manage due diligence requests from potential bidders in addition to reaching out to all of the parties Greenhill previously contacted, and any

4

other parties who Greenhill believes may have an interest in acquiring the Debtors' assets and businesses.

16. As part of the bidding process, potential bidders will, upon execution or reaffirmation of non-disclosure agreements, be provided access to the virtual data room established as part of the pre-petition sale process. The proposed Bidding Procedures preserve the rights of secured creditors to submit credit bids, and, in my opinion based upon my professional experience, the Bidding Procedures are properly designed to solicit and receive qualified bids for the Debtors' assets.

17. In the Sale Motion and related documents, the Debtors identify that Energy Solutions Nuclear Services, LLC ("Energy Solutions Nuclear"), an affiliate of Energy Solutions, will serve as the Stalking Horse Bidder pursuant to the Stalking Horse APA.

18. Based on my professional experience, it is my opinion that the Break-Up Fee and Expense Reimbursement provided for in the Bidding Procedures and Stalking Horse APA are within market, and will reasonably and properly incentivize Energy Solutions Nuclear in its role as the Stalking Horse Bidder.

19. Additionally, based on my professional experience, it is my opinion that the marketing and sale process employed by Greenhill to date as investment banker for the Debtors, as well as the Bidding Procedures as proposed in the Sale Motion, will yield the highest and best offer(s) for the Debtors' assets that are the subject of the Sale Motion.

Dated: July 24, 2023

_____
Name: David Shim
Title: Vice President, Financing Advisory
& Restructuring for North America
Greenhill & Co., Inc.