**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>WILLIAMS INDUSTRIAL SERVICES GROUP INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10961 (BLS)<br><br>(Jointly Administered)<br><br>**Re. Docket No. 8** |

**INTERIM ORDER AUTHORIZING THE DEBTORS TO PAY CERTAIN PREPETITION TAXES AND RELATED OBLIGATIONS AND GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of interim and final orders, pursuant to sections 105(a), 363(b), 507(a)(8), 541, 1107(a), and 1108 of the Bankruptcy Code, (a) authorizing, but not directing, the Debtors, in their discretion, to pay Taxes and Fees related to the period prior to the Petition Date to the Authorities, and (b) authorizing the Banks to honor and process check and electronic transfer requests related to the foregoing; and upon consideration of the First Day Declaration; and due and proper notice of the Motion having been given; and it appearing that no other or further notice of the Motion is required except as otherwise provided herein; and it appearing that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Williams Industrial Services Group Inc. (1378), Williams Industrial Services Group, LLC (2666), Williams Industrial Services, LLC (0406), Williams Plant Services, LLC (9575), Williams Specialty Services, LLC (9578), WISG Electrical, LLC (6918), Construction & Maintenance Professionals, LLC (0925), Williams Global Services, Inc. (3708), Steam Enterprises, LLC (9177), GPEG LLC (5707), Global Power Professional Services, Inc. (2550), WISG Canada Ltd. (B.N. 6518), WISG Nuclear Ltd. (B.N. 3510), and WISG Electrical Ltd. (B.N. 2116). The location of the Debtors' corporate headquarters and service address is: 200 Ashford Center N, Suite 425, Atlanta, GA 30338.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed in the Motion.

00054381.2

the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion and provided for herein is in the best interest of the Debtors, their estates, and their creditors; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

1. The Motion is granted to the extent set forth herein.

2. The final hearing (the "Final Hearing") on the Motion shall be held on August 17, 2023 at 10:00 a.m. prevailing Eastern Time. Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on August 10, 2023, and shall be served on (i) the Debtors; (ii) proposed counsel for the Debtors, Thompson Hine LLP, (Attn: Alan Lepene.), email: *alan.lepene@thompsonhine.com* and Chipman Brown Cicero & Cole, LLP (Attn: Mark L. Desgrosseilliers), email: *desgross@chipmanbrown.com;* (iii) counsel to the administrative agents for the Debtors' prepetition credit facilities, Blank Rome LLP (Attn: Regina Stango Kelbon, Gregory F. Vizza), email: *regina.kelbon@blankrome.com, gregory.vizza@blankrome.com;* (iv) counsel to any statutory committee appointed in these Cases; and (v) the Office of the United States Trustee for the District of Delaware, (Attn: Joseph Cudia); email: *joseph.cudia@usdoj.gov.* If no objections to If no objections to entry of a Final Order on the Motion are timely received, this Court may enter the such final order without further notice or hearing.

3. The Debtors are authorized, but not directed, in their sole discretion, to pay and remit to the Taxing and Regulatory Authorities the Taxes and Fees (including sales, use, and other taxes necessary to operate their business) incurred or collected by the Debtors and due and owing in the ordinary course of business in an amount not to exceed $1,128,562.45, pending entry of the Final Order.

4. The banks and other financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein (a) are authorized and directed to receive, process, honor, and pay all checks presented for payment and related to such Taxes, provided that sufficient funds are available in the Debtors' bank accounts to cover such payments; and (b) shall rely on the representations of the Debtors as to which checks or electronic transfers are issued and authorized to be paid pursuant to this Order. The banks and financial institutions subject to this Order shall have no duty of further inquiry or liability to any party for relying on the directions or instructions of the Debtors as provided for herein.

5. The Debtors are authorized to reissue any check, electronic payment, or otherwise that was drawn in payment of any prepetition amount that is not cleared by a depository.

6. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

7. Nothing in this Interim Order: (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (b) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority, or amount of any claim against the Debtors and their estates; or (c) shall be construed as a promise to pay any claim.

8. Nothing in this Interim Order authorizes the Debtors to accelerate any payments not otherwise due, and for the avoidance of doubt, Debtors shall not pay any Taxes before such Taxes are due to the applicable Taxing and Regulatory Authorities.

9. The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied, and that the relief requested is necessary to avoid immediate and irreparable harm.

10. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

12. Counsel for the Debtors is directed to serve a copy of this Order on the parties who received service of the Motion within three (3) days of the entry of this Order and to file a certificate of service with the Clerk of the Court.

Dated: July 25th, 2023  
Wilmington, Delaware

**BRENDAN L. SHANNON**  
**UNITED STATES BANKRUPTCY JUDGE**