IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WILLIAMS INDUSTRIAL SERVICES GROUP INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10961 (BLS)<br><br>(Jointly Administered)<br><br>**Related Docket No. 11** |

**INTERIM ORDER (I) PROHIBITING UTILITIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE ON ACCOUNT OF PREPETITION INVOICES; (II) DEEMING UTILITIES ADEQUATELY ASSURED OF FUTURE PERFORMANCE; (III) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT; AND (IV) GRANTING RELATED RELIEF**

This matter is before the Court on the *Emergency Motion for Entry of Interim and Final Orders (I) Prohibiting Utilities from Altering, Refusing, or Discontinuing Service on Account of Prepetition Invoices; (II) Deeming Utilities Adequately Assured of Future Performance; (III) Establishing Procedures for Determining Adequate Assurance of Payment; and (IV) Granting Related Relief* ("Motion") [Docket No. 11] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"). All capitalized terms used but not defined herein shall have the meanings given to them in the Motion.

The Court has considered the Motion, the First Day Declaration, and the matters reflected in the record of the hearing held on the Motion on July 25, 2023. It appears that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Williams Industrial Services Group Inc. (1378), Williams Industrial Services Group, LLC (2666), Williams Industrial Services, LLC (0406), Williams Plant Services, LLC (9575), Williams Specialty Services, LLC (9578), WISG Electrical, LLC (6918), Construction & Maintenance Professionals, LLC (0925), Williams Global Services, Inc. (3708), Steam Enterprises, LLC (9177), GPEG LLC (5707), Global Power Professional Services, Inc. (2550), WISG Canada Ltd. (B.N. 6518), WISG Nuclear Ltd. (B.N. 3510), and WISG Electrical Ltd. (B.N. 2116). The location of the Debtors' corporate headquarters and service address is: 200 Ashford Center N, Suite 425, Atlanta, GA 30338.

00054384.2

the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. § 1408; and it appearing that the relief requested is in the best interests of the Debtors, the Debtors' estates, their creditors, and other parties in interest, and that good cause has been shown therefor;

    IT IS HEREBY ORDERED:

    1.    The Motion is granted to the extent set forth herein.

    2.    The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

    3.    The final hearing (the "<u>Final Hearing</u>") on the Motion shall be held on August 17, 2023 at 10:00 a.m. prevailing Eastern Time. Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on August 10, 2023, and shall be served on: (i) the Debtors; (ii) proposed counsel for the Debtors, Thompson Hine LLP, (Attn: Alan Lepene.), email: alan.lepene@thompsonhine.com and Chipman Brown Cicero & Cole, LLP (Attn: Mark L. Desgrosseilliers), email: desgross@chipmanbrown.com; (iii) counsel to the administrative agents for the Debtors' prepetition credit facilities, Blank Rome LLP (Attn: Regina Stango Kelbon, Gregory F. Vizza), email: regina.kelbon@blankrome.com, gregory.vizza@blankrome.com; (iv) counsel to any statutory committee appointed in these Cases; and (v) the Office of the United States Trustee for the District of Delaware, (Attn: Joseph Cudia); email: joseph.cudia@usdoj.gov. If no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without further notice or hearing.

4. The Debtors are authorized, but not directed, to pay on a timely basis, in accordance with their prepetition practices, all undisputed invoices in respect of postpetition Utility Services rendered by the Utility Providers to the Debtors.

5. The following Adequate Assurance Procedure is hereby approved. The Debtors will deposit the Adequate Assurance Deposit in the Adequate Assurance Account ten (10) days after the entry of this Order. The Adequate Assurance Account shall be maintained at a banking institution that has entered into a Uniform Depository Agreement with the Office of the United States Trustee for the District of Delaware. The Debtors may reduce the amount deposited in the Adequate Assurance Account in the event that their relationship with any Utility Provider is terminated.

6. Until such time as the Final Order is entered, subject to the procedures described below, no Utility Provider may alter, refuse, terminate, or discontinue services to, and/or discriminate against the Debtors on the basis of commencement of these cases or on account of unpaid invoices for service provided by any of the Utility Providers to the Debtors prior to the Petition Date.

7. Notwithstanding the terms of paragraph 4 above, the following procedures shall be used by the Court to determine, if necessary, whether the requested assurance of payment by a Utility Provider is adequate (the "Determination Procedures"):

(a) Absent compliance with the Determination Procedures, a Utility Provider may not alter, refuse or discontinue service to or otherwise discriminate against the Debtors on account of the commencement of these chapter 11 cases or any unpaid prepetition charges or request payment of a deposit or receipt of other security in connection with any unpaid prepetition charges.

(b) Within three (3) business days after the entry of this Order on the Motion, the Debtors will serve a copy of this Order to the Utility Providers on the Utilities Service List by first class mail. In the event that any Utility Provider has been omitted from the Utilities Service List, the Debtors shall supplement this list and

    shall promptly serve a copy of the Interim Order on such Utility Provider upon learning of such omission.

(c) If a Utility Provider is not satisfied with the Proposed Adequate Assurance provided by the Debtors, the Utility Provider may make a request for additional assurance of payment (a "Request") and serve such Request so that it is received no later than seven (7) days prior to the Final Hearing by counsel for the Debtors, at Thompson Hine LLP, Two Alliance Center, 3560 Lenox Road NE, Suite 1600, Atlanta, Georgia 30326-4266 (Attention: Sean A. Gordon, Esq.). Any such Request by a Utility Provider must specify the amount and nature of assurance of payment that would be satisfactory to the Utility Provider and must set forth (i) the type of utility services that are provided and the associated account number, (ii) the location for which the relevant utility services are provided, (iii) a list of any deposits or other security currently held by such Utility Provider and held by such Utility Provider immediately prior to the Petition Date on account of the Debtors, (iv) a description of any payment delinquency or irregularity by the Debtors for the postpetition period, and (v) the average monthly amount owed by the Debtors for each of the prior six months.

(d) Without further order of the Court, the Debtors may enter into agreements granting to the Utility Providers that have submitted Requests any assurance of payment that the Debtors, in their sole discretion, determine is reasonable.

(e) If a Utility Provider timely requests assurance of payment that the Debtors believe is unreasonable, and if after good faith negotiations by the parties, the parties are not able to resolve the issue, the adequacy of assurances of payment with respect to any such Utility Provider pursuant to section 366(c)(3) of the Bankruptcy Code will be determined at the Final Hearing.

(f) Pending resolution of a Request at the Final Hearing and pending entry of a final, non-appealable order thereon finding that the Utility Provider is not adequately assured of future payment, such Utility Provider shall be (i) prohibited from discontinuing, altering or refusing service to the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance and (ii) deemed to have adequate assurance of payment.

(g) Any Utility Provider that does not timely request assurance of payment through a Request pursuant to the Determination Procedures automatically will be deemed to have received assurance of payment that is satisfactory to the Utility Provider under section 366(c)(2) without further action by the Debtors and without prejudice to the right of such Utility Provider to seek relief in the future pursuant to section 366(c)(3).

8.    The Debtors are authorized, as necessary, to adjust periodically the amount in the Adequate Assurance Account to reflect the following two factors: (a) the termination of Utility

Services by the Debtors; and (b) the entry into any agreements between the Debtors and the applicable Utility Providers.

9. If an amount relating to Utility Services provided postpetition by a Utility Provider is unpaid, and remains unpaid beyond any applicable grace period, such Utility Provider may request a disbursement from the Adequate Assurance Account by giving notice to counsel to the Debtors, Thompson Hine LLP, Two Alliance Center, 3560 Lenox Road NE, Suite 1600, Atlanta, Georgia 30326-4266 (Attention: Sean A. Gordon, Esq.). Within five (5) business days after the date the request is received by the Debtors, the Debtors shall either (i) bring the account current or (ii) honor the request, subject to the ability of the Debtors and any such requesting Utility Provider to resolve any dispute regarding such request without further order of the Court. In no event shall a Utility Provider be permitted to receive aggregate disbursements in excess of the total amount set forth for such Utility Provider under the column labeled "Adequate Assurance" on **Exhibit 1** attached hereto. If the Debtors do not bring the account current, the Utility Provider may terminate Utility Services as to the account for which such disbursement from the Adequate Assurance is required.

10. In addition, the Debtors are authorized, as necessary, to provide notice and a copy of this Order to any Additional Utility Providers as such Additional Utility Providers are identified. Such Additional Utility Providers shall be subject to the terms of the Interim Order, including the Determination Procedures. If an Additional Utility Provider fails to submit a Request within thirty (30) days after being served with this Order, the Additional Utility Provider shall be deemed to have received adequate assurance of payment that is satisfactory to such Additional Utility Provider pursuant to section 366(c)(2) of the Bankruptcy Code without prejudice to the right of such Additional Utility Provider to seek relief in the future pursuant to section 366(c)(3)(A).

11.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

12.     The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the relief requested is necessary to avoid immediate and irreparable harm.

13.     The requirements set forth in Bankruptcy Rule 6004(a) are hereby waived.

14.     Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

15.     The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

16.     Counsel for the Debtors is directed to serve a copy of this Order on all the parties that received service of the Motion within three (3) days of the entry of this Order and file a certificate of service with the Clerk of Court.

**Dated: July 25th, 2023**
**Wilmington, Delaware**

**BRENDAN L. SHANNON**
**UNITED STATES BANKRUPTCY JUDGE**