IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WILLIAMS INDUSTRIAL SERVICES GROUP INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10961 (BLS)<br><br>(Jointly Administered)<br><br>**Related Docket No. 12** |

### INTERIM ORDER GRANTING MOTION OF THE DEBTORS FOR ENTRY OF INTERIM AND FINAL ORDERS AUTHORIZING, BUT NOT DIRECTING, PAYMENT OF PREPETITION CLAIMS OF CRITICAL VENDORS PURSUANT TO 11 U.S.C. §§ 363(B), 1107 AND 1108, FED. R. BANKR. P. 6003 AND 6004, AND DEL. BANKR. L.R. 9013-1(M)

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Order") pursuant to sections 105(a) and 363(b), 1107(a) and 1108 of the Bankruptcy Code; Bankruptcy Rules 6003 and 6004(h), and Local Rule 9013-1(m), (a) authorizing, but not directing, the Debtors to pay or honor prepetition Critical Vendor Claims on an interim basis up to $3,900,000, all in accordance with the Customary Trade Terms, (b) authorizing financial institutions to honor all related checks and electronic payment requests and (c) scheduling a Final Hearing to the extent a hearing is necessary, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Williams Industrial Services Group Inc. (1378), Williams Industrial Services Group, LLC (2666), Williams Industrial Services, LLC (0406), Williams Plant Services, LLC (9575), Williams Specialty Services, LLC (9578), WISG Electrical, LLC (6918), Construction & Maintenance Professionals, LLC (0925), Williams Global Services, Inc. (3708), Steam Enterprises, LLC (9177), GPEG LLC (5707), Global Power Professional Services, Inc. (2550), WISG Canada Ltd. (B.N. 6518), WISG Nuclear Ltd. (B.N. 3510), and WISG Electrical Ltd. (B.N. 2116). The location of the Debtors' corporate headquarters and service address is: 200 Ashford Center N, Suite 425, Atlanta, GA 30338.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

00054387.1                                                    1

dated February 29, 2012; and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found and determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED on an interim basis to the extent provided herein.

2. The Debtors are authorized, but not required, to pay or honor prepetition Critical Vendor Claims; provided however, that the Debtors shall only be authorized to pay Critical Vendor Claims up to a maximum aggregate cap during the interim period of $3,900,000 (the "Interim Vendor Fund").

3. The Debtors shall make a reasonable effort to condition payment to any Critical Vendor upon an agreement by the party in question to provide Customary Trade Terms, including reasonable and customary price, service, quality and payment terms to the Debtors on a post-petition basis. In the event that the Debtors and the Critical Vendor in question are not, despite diligent efforts, able to come to a resolution pursuant to the Customary Trade Terms, the Debtors are authorized, but not directed, in the exercise of their business judgment and after good-faith negotiations, to make full or partial payment from the Interim Vendor Fund to a Critical Vendor only to the extent that the Debtors deem such payment is necessary to ensure that the particular vendor will provide necessary goods and services to the Debtors on a post-petition basis.

4. The Debtors are hereby authorized to obtain written verification substantially in the form attached as **Exhibit 1** to this Order before issuing payment to a Critical Vendor that such

Critical Vendor will continue to provide goods and services to the Debtors on Customary Trade Terms for the remaining term of the Critical Vendor's agreement with the Debtor.

5.  The Debtors are hereby authorized to issue post-petition checks and to make post-petition fund transfer requests to replace any prepetition checks and prepetition transfers to Critical Vendors that may be dishonored by any bank.

6.  Nothing herein shall prejudice the Debtors rights to request additional authority to pay Critical Vendor Claims pursuant to this Order.

7.  Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in this Order or any payment made pursuant to this Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim against the Debtor, a waiver of the Debtors' rights to subsequently dispute such claim or the assumption or adoption of any agreement, contract or lease under section 365 of the Bankruptcy Code.

8.  The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9.  The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as being approved by this Order.

10. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or are otherwise deemed waived.

11. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

12. The final hearing (the "Final Hearing") on the Motion shall be held on August 17, 2023, at 10:00 a.m., prevailing Eastern Time. Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on August 10, 2023, and shall be served on: (i) the Debtors; (ii) proposed counsel for the Debtors, Thompson Hine LLP, (Attn: Alan Lepene, Esq.), email: *alan.lepene&thompsonhine.com* and Chipman Brown Cicero & Cole, LLP (Attn: Mark L. Desgrosseilliers), email: *desgross@chipmanbrown.com;* (iii) counsel to the administrative agents for the Debtors' prepetition credit facilities, Blank Rome LLP (Attn: Regina Stango Kelbon, Gregory F. Vizza), email: *regina.kelbon@blankrome.com, gregory.vizza@blankrome.com*; (iv) counsel to any statutory committee appointed in these Cases; and (v) the Office of the United States Trustee for the District of Delaware, (Attn: Joseph Cudia); email: *joseph.cudia@usdoj.gov.* If no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without further notice or hearing.

13. The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

Dated: July 25th, 2023  
Wilmington, Delaware

                                        **BRENDAN L. SHANNON**  
                                        **UNITED STATES BANKRUPTCY JUDGE**