IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WILLIAMS INDUSTRIAL SERVICES GROUP INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10961 (BLS)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 7** |

**INTERIM ORDER (I) AUTHORIZING CONTINUED USE OF PREPETITION BANK ACCOUNTS, CASH MANAGEMENT SYSTEM, FORMS, AND BOOKS AND RECORDS AND (II) GRANTING RELATED RELIEF**

This matter is before the Court on the *Emergency Motion for Entry of Interim and Final Orders (I) Authorizing Continued Use of Prepetition Bank Accounts, Cash Management System, Forms, and Books and Records and (II) Granting Related Relief* (the "Motion") [Docket No. 7] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"). The Debtors' existing Bank Accounts[2] are listed on **Exhibit 1** hereto and made a part hereof. This Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Williams Industrial Services Group Inc. (1378), Williams Industrial Services Group, LLC (2666), Williams Industrial Services, LLC (0406), Williams Plant Services, LLC (9575), Williams Specialty Services, LLC (9578), WISG Electrical, LLC (6918), Construction & Maintenance Professionals, LLC (0925), Williams Global Services, Inc. (3708), Steam Enterprises, LLC (9177), GPEG LLC (5707), Global Power Professional Services, Inc. (2550), WISG Canada Ltd. (B.N. 6518), WISG Nuclear Ltd. (B.N. 3510), and WISG Electrical Ltd. (B.N. 2116). The location of the Debtors' corporate headquarters and service address is: 200 Ashford Center N, Suite 425, Atlanta, GA 30338.

[2] All capitalized terms used but not defined herein shall have the meanings given them in the Motion.

00054374.6

the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion, the First Day Declaration accompanying the Motion, and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED on an interim basis as set forth herein.

2. The final hearing (the "Final Hearing") on the Motion shall be held on **August 17, 2023, at 10:00 a.m., prevailing Eastern Time**. Any objections or responses to entry of a final order on the Motion shall be filed on or before **4:00 p.m., prevailing Eastern Time, on August 10, 2023**, and shall be served on: (i) the Debtors; (ii) (ii) proposed counsel for the Debtors, Thompson Hine LLP, (Attn: Alan Lepene.), email: *alan.lepene@thompsonhine.com* and Chipman Brown Cicero & Cole, LLP (Attn: Mark L. Desgrosseilliers), email: *desgross@chipmanbrown.com;* (iii) counsel to the administrative agents for the Debtors' prepetition credit facilities, Blank Rome LLP (Attn: Regina Stango Kelbon, Gregory F. Vizza), email: *regina.kelbon@blankrome.com, gregory.vizza@blankrome.com;* (iv) counsel to any statutory committee appointed in these Cases; and (v) the Office of the United States Trustee for the District of Delaware, (Attn: Joseph Cudia); email: *joseph.cudia@usdoj.gov.*

3. The Debtors shall immediately upon entry of this Interim Order contact the Cash Management Banks, provide the Cash Management Banks with each of the Debtors' employer identification numbers, and identify each of their Bank Accounts held at each of the Cash Management Banks as being held by a debtor in possession.

4. The Debtors are authorized, but not directed, on an interim basis and in their sole discretion, to: (a) continue operating Cash Management System, (b) continue to use the Bank Accounts in existence as of the Petition Date, in the names and with the account numbers existing immediately before the Petition Date, (c) honor any prepetition obligations related to the Cash Management System in the ordinary course of business, and (d) pay any ordinary course Bank Fees, including fees associated with treasury management and merchant services, incurred in connection with the Bank Accounts, treasury management services, and merchant services, in each case incurred in connection with the Bank Accounts, irrespective of whether such fees arose prior to the Petition Date, and perform their obligations under the documents and arrangements governing the Bank Accounts; provided, however, that the total cash in the Bank Account with TD Bank shall not exceed $50,000 (CN). The Debtors may make ordinary course changes to their Cash Management System, absent further order of this Court, as consistent with this Interim Order.

5. Those agreements existing between the Debtors and each Cash Management Bank shall continue to govern the post-petition cash management relationship between the Debtors and each Cash Management Bank and all of the provisions of such agreements, including the termination, fee provisions, rights, benefits, collateral, and offset rights, and remedies afforded under such agreements shall remain in full force and effect absent further order of the Court or, with respect to any such agreement with such Cash Management Bank (including, for the avoidance of doubt, any rights of the Cash Management Banks to use funds from the Bank Accounts to remedy any overdraft of another Bank Account or other cash management obligations, whether prepetition or postpetition, to the extent permitted under the applicable agreement), unless the Debtors and Cash Management Banks agree otherwise, and any other legal rights and remedies afforded to Cash Management Banks under applicable law shall be preserved.

6. The Debtors are authorized to use their Business Forms, including checks, without alteration and without the designation "debtor in possession" imprinted upon them; *provided, that,* once the Debtors' existing check stock and/or business forms have been used, the Debtors shall when reordering checks or Business Forms, include the designation "Debtor in Possession" and the jointly administered bankruptcy case number on such checks and Business Forms; *provided, further,* that, with respect to checks or Business Forms which the Debtors or their agents print themselves, the Debtors shall, when printing checks or Business Forms, include the "Debtor in Possession" legend and the jointly administered bankruptcy case number on such checks and Business Forms starting within 10 business days of the date of entry of this Interim Order.

7. The Cash Management Banks are authorized, but not directed, to continue to maintain, service, and administer the Bank Accounts as accounts of the Debtors as debtors in possession without interruption and in the ordinary course and to receive, process, honor, and pay, to the extent of available funds, any and all checks, drafts, wires, ACH transfers, and other electronic transfers of any kind issued and drawn on the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be (including the completion of any such transaction commenced on or before the Petition Date but not completed until on or after the Petition Date).

8. The Debtors are authorized, in the ordinary course of business, to open any new bank accounts or close any existing Bank Accounts as they may deem necessary and appropriate, provided, however, that the Debtors give notice within fifteen (15) days of opening or closing a Bank Account, to the U.S. Trustee and any statutory committee appointed in these chapter 11 cases, provided further that the Debtors shall open any new Bank Account at a bank that has executed a Uniform Depository Agreement with the Office of the United States Trustee for the District of Delaware.

9. The relief granted in this Interim Order is extended to any new bank account opened by the Debtors after the date hereof, which account shall be deemed a Bank Account, and to any Additional Cash Management Bank (as hereinafter defined) at which such account is opened including any new bank account opened for the purpose of separately maintaining the proceeds of the Debtors' prepetition and post-petition term loan debt..

10. In the course of providing cash management services to the Debtors, the Cash Management Banks and each Additional Cash Management Bank is authorized, without further order of the Court, to deduct the applicable fees and expenses associated with the nature of the deposit and cash management services rendered to the Debtors, whether arising prepetition or post-petition, from the appropriate accounts of the Debtors, and further, to charge back to, and take and apply reserves from, the appropriate accounts of the Debtors any amounts resulting from returned checks or other returned items, including returned items that result from ACH transactions, wire transfers, merchant services transactions or other electronic transfers of any kind, regardless of whether such items were deposited or transferred prepetition or post-petition and regardless of whether the returned items relate to prepetition or post-petition items or transfers.

11. Notwithstanding any other provision of this Interim Order, the Cash Management Banks shall not be deemed to be nor shall be liable to the Debtors or their estates or otherwise be in violation of this Interim Order if a Cash Management Bank honors a prepetition check or other item drawn on any account that is the subject of this Interim Order: (a) at the direction of the Debtors, (b) in a good-faith belief that the Court has authorized such prepetition check or item to be honored, or (c) as a result of an innocent mistake made despite implementation of customary item handling procedures. Without limiting the foregoing, a Cash Management Bank may assume that any check or other payment order drawn or issued by the Debtors prior to the Petition Date

should be honored pursuant to this Order unless otherwise specifically otherwise advised by the Debtors, and a Cash Management Bank shall not have any liability to any party for relying on representations by the Debtors as provided for herein.

12.     The Cash Management Banks are authorized to debit the Debtors' accounts in the ordinary course of business without the need for further order of the Court for: (a) all checks drawn on the Debtors' accounts which are cashed at the Cash Management Bank's counters or exchanged for cashier's checks by the payees thereof prior to the Petition Date, (b) all checks or other items deposited in one of the Debtors' accounts with the Cash Management Bank prior to the Petition Date which have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtors were responsible for such items prior to the Petition Date, (c) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to the Cash Management Bank as service charges for the maintenance of Cash Management System, and (d) all reversals, returns, refunds, and chargebacks of checks, deposited items, and other debits credited to Debtor's account after the Petition Date, regardless of the reason such item is returned or reversed.

13.     Despite the use of a consolidated Cash Management System, the Debtors shall calculate quarterly fees under 28 U.S.C. § 1930(a)(6) based on the disbursements of each Debtor, regardless of who pays those disbursements.

14.     The requirement to establish separate bank accounts for cash collateral and/or tax payments is hereby waived.

15.     The Debtors are authorized, but not directed, to issue post-petition checks or to effect post-petition fund transfer requests in replacement of any checks or fund transfer requests

that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

16. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

17. Notice of the Motion as provided therein shall be deemed good and sufficient and satisfies the requirements of Bankruptcy Rule 6004(a) and the Local Rules.

18. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

19. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

20. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

**Dated: July 26th, 2023**
**Wilmington, Delaware**

**BRENDAN L. SHANNON**
**UNITED STATES BANKRUPTCY JUDGE**