# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| WILLIAMS INDUSTRIAL SERVICES GROUP, INC., *et al.*,[1] | Case No. 23-10961 (BLS) |
| | (Jointly Administered) |
| Debtors. | Re: Docket No. ____ |

## ORDER ON MOTION TO LIFT STAY AS TO BONDED CONTRACT FUNDS, OR ALTERNATIVELY FOR ADEQUATE PROTECTION, FILED BY LIBERTY MUTUAL INSURANCE COMPANY, BERKSHIRE HATHAWAY SPECIALTY INSURANCE COMPANY AND ARCH INSURANCE COMPANY

Upon consideration of the Motion to Lift Stay as to Bonded Contract Funds, or Alternatively for Adequate Protection, Filed by Liberty Mutual Insurance Company, Berkshire Hathaway Specialty Insurance Company and Arch Insurance Company (the "Motion")[2]; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and that, except as otherwise ordered herein, no other or further notice is necessary; and whereas Debtor's First Omnibus Motion for Entry of an Order Authorizing the Debtors to Reject

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Williams Industrial Services Group Inc. (1378), Williams Industrial Services Group, LLC (2666), Williams Industrial Services, LLC (0406), Williams Plant Services, LLC (9575), Williams Specialty Services, LLC (9578), WISG Electrical, LLC (6918),Construction & Maintenance Professionals, LLC (0925), Williams Global Services, Inc. (3708), Steam Enterprises, LLC (9177),  GPEG LLC (5707), Global Power Professional Services, Inc. (2550), WISG Canada Ltd. (B.N. 6518), WISG Nuclear Ltd. (B.N.  3510), and WISG Electrical Ltd. (B.N. 2116). The location of the Debtors' corporate headquarters and service address is: 200 Ashford Center N, Suite 425, Atlanta, GA 30338.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed in the Motion.

30957384v.1

Certain Executory Contracts Effective as of the Rejection Date [Doc. 37] ("Rejection Motion") contemplates the rejection of the Bonded Contract effective July 22, 2023; and after due deliberation and sufficient cause appearing therefor, and no objection having been raised, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The automatic stay imposed by 11 U.S.C. § 362 is hereby modified to allow JEA to terminate the Bonded Contract.

3. The automatic stay imposed by 11 U.S.C. § 362 is further modified to allow Liberty Mutual, Berkshire Hathaway and Arch (collectively, the "Surety") to exercise their rights under the Bond to arrange for completion of the Bonded Project, including adjusting, settling and resolving any claims under or in relation to the Bonded Contract and Bonded Project, and enforcing all rights and remedies relative to those subcontractors, purchase orders and other agreements Debtor entered in furtherance of its obligations under the Bonded Contract and with respect to the Bonded Project.

4. The automatic stay imposed by 11 U.S.C. § 362 is further modified to allow Surety to receive Bonded Contract funds, and use said Bonded Contract funds to adjust, settle, resolve and pay claims under the Bond, including payment of labor, subcontractor and supplier claims and costs, and other costs incurred in completing the Bonded Contracts.

5. To the extent Debtor received Bonded Contract funds pre-petition, those funds must be used only for direct Bonded Project costs and not for other purposes such as payment of officer

salaries, capital distributions, debt payments, home office overhead or administrative costs, or other projects.

6. Surety is entitled to include any losses exceeding the Bonded Contract funds in its proof of claim.