## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Ch. 11 |
| WILLIAMS INDUSTRIAL SERVICES ) | |
| GROUP, *et al.*,[1] ) | Case No. 23-10961 (BLS) |
| ) | |
| Debtors. ) | |

### *PROPOSED* ORDER GRANTING RELIEF FROM AUTOMATIC STAY AND FOR ADEQUATE PROTECTION

AND NOW, upon consideration of the *Motion for Relief from the Automatic Stay and for Adequate Protection and Joinder* (this "Motion") pursuant to 11 U.S.C. §§ 105 and 362 (the "Motion")[2], and after notice to parties in interest, and any objections made thereto, this Court having been sufficiently advised, it is hereby ORDERED that:

1. ORDERED, to the extent applicable, the automatic stay imposed by 11 U.S.C. § 362 is hereby lifted to permit the Bond Obligees to take such steps as may be necessary under the Bonded Contracts to pursue and/or perfect claims under the Bonds; and it is further

2. ORDERED the payment by the Bond Obligees of the Bonded Contract Balances to Harco shall not be deemed a violation of the stay imposed by 11 U.S.C. § 362; and it is further

3. ORDERED Harco is granted relief from the automatic stay to adjust, pay, settle, prosecute affirmative claims or defend claims in respect of the Bonds and the Bonded Contracts

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: Williams Industrial Services Group Inc. (1378); Williams Industrial Services Group, LLC (2666); Williams Industrial Services, LLC (0406); Williams Plan Services, LLC (9575); Williams Specialty Services, LLC (9578); WISG Electrical, LLC (6918); Construction & Maintenance Professionals, LLC (0925); Williams Global Services, Inc. (3708); Steam Enterprises, LLC (9177); GPEG LLC (5707); Global Power Professional Services, Inc. (2550); WISG Canada Ltd. (B.N. 6518); WISG Nuclear Ltd. (B.N. 3510); and WISG Electrical Ltd. (B.N. 2116). The location of the Debtors' corporate headquarters and service address is 200 Ashford Center N., Suite 425, Atlanta, GA 30338.

[2] Terms not defined herein have the same meanings ascribed to them in the Motion for Relief from Automatic Stay and for Adequate Protection and Limited Joinder filed by Harco National Insurance Company.

in its own name or in the name of the Debtor without further leave or Order of this Court; and it is further

    4.    ORDERED that Harco shall, on a quarterly basis and upon request, provide a statement to the Debtor regarding claims under the Bonds, Harco's collection of the Bonded Contract Balances, and Harco's use of the Bonded Contract Balances pursuant to its rights under the Bonds and the Indemnity Agreement; and it is further

    5.    ORDERED, that the Debtor shall provide Harco with an accounting of all Bonded Contract Balances paid to the Debtor within ninety (90) days of the Petition Date and thereafter, and the uses of said funds, and all Bonded Contract Balances in possession of the Debtor as of the Petition Date, and the uses of such funds;

    6.    ORDERED, that the Debtor is authorized to transfer to Harco any Bonded Contract Balances paid to and in possession of the Debtor, and any funds hereafter paid to the Debtor that are Bonded Contract Balances without further leave of the Court;

    7.    ORDERED that the Parties shall cooperate and provide such information as each party may reasonably request in writing relating to claims under the Bonds, and the completion of the Bonded Contracts; and it is further

    8.    ORDERED, that the automatic stay imposed by 11 U.S.C. § 362 is hereby lifted to permit Harco to send notices of cancelation with respect to the Arizona License Bonds

    9.    ORDERED that, nothing herein shall be deemed a waiver or release of any of Harco's rights under the Bonds, the Indemnity Agreement, or otherwise, nor shall anything herein be deemed a waiver or release by the Debtor of any rights to challenge any accounting of Harco's uses of the Bonded Contract Balances pursuant to the Bonds and the Indemnity Agreement, and

any rights to any excess Bonded Contract Balances, if any, remaining after resolution of claims and demands under the Bonds.

10. ORDERED, that if a dispute develops between the Debtor and Harco regarding Harco's statement provided pursuant to paragraph 5 of this Order, or Harco's use of the Bonded Contract Balances pursuant to its rights under the Bonds and the Indemnity Agreement, this Court shall retain jurisdiction and will make the final determination as to the merits of any objection to the statement or to Harco's use of the Bonded Receivables pursuant to its rights under the Bonds and the Indemnity Agreement; and it is further

11. ORDERED, that the entry of this Order shall not constitute a waiver by any of the Parties of any objection to this Court's jurisdiction over any matter on which the Court does not otherwise have jurisdiction.

12. ORDERED, that the stay provided for in Bankruptcy Rule 4001(a)(3) shall not apply.