**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>WILLIAMS INDUSTRIAL SERVICES GROUP INC., *et al.*,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 23-10961-BLS<br><br>(Jointly Administered)<br><br>Hearing Date: August 30, 2023, at 2:00 p.m. (ET)<br>Objection Deadline: August 23, 2023, at 4:00 p.m. (ET) |

**DEBTORS' APPLICATION FOR AN ORDER (I) AUTHORIZING THE EMPLOYMENT AND RETENTION OF G2 CAPITAL ADVISORS, LLC AS FINANCIAL ADVISOR TO THE DEBTORS AND DEBTORS IN POSSESSION, EFFECTIVE AS OF PETITION DATE, AND (II) GRANTING RELATED RELIEF**

The debtors and debtors in possession in the above-captioned action (collectively, the "Debtors" or the "Company"), respectfully represent as follows in support of this application (this "Application"):

**RELIEF REQUESTED**

1.  By this Application, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"): (a) authorizing the Debtors to employ and retain G2 Capital Advisors, LLC ("G2") as financial advisor, effective as of the Petition Date (as defined below), on the terms and conditions set forth in the engagement letter attached hereto as **Exhibit C** (the "Engagement Letter") and as from time-to-time amended, the "Amended

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Williams Industrial Services Group Inc. (1378), Williams Industrial Services Group, LLC (2666), Williams Industrial Services, LLC (0406), Williams Plant Services, LLC (9575), Williams Specialty Services, LLC (9578), WISG Electrical, LLC (6918), Construction & Maintenance Professionals, LLC (0925), Williams Global Services, Inc. (3708), Steam Enterprises, LLC (9177), GPEG LLC (5707), Global Power Professional Services, Inc. (2550), WISG Canada Ltd. (B.N. 6518), WISG Nuclear Ltd. (B.N. 3510), and WISG Electrical Ltd. (B.N. 2116). The location of the Debtors' corporate headquarters and service address is: 200 Ashford Center N, Suite 425, Atlanta, GA 30338.

Engagement Letter")[1], and (b) granting related relief. In support of this Application, the Debtors submit the *Declaration of Victoria Arrigoni in Support of Debtors' Application for Entry of Order (I) Authorizing Employment and Retention of G2 & Co., LLC as Financial Advisor to the Debtors and Debtors in Possession, Effective as of Petition Date, and (II) Granting Related Relief* (the "Arrigoni Declaration") attached hereto as Exhibit B.

## JURISDICTION AND VENUE

2. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated as of February 29, 2012 (the "Amended Standing Order"). This is a core proceeding pursuant to 28 U.S.C. § 157(b), and the Court may enter a final order consistent with Article III of the United States Constitution. Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

4. Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order or judgment by the Court in connection with this Application if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## BACKGROUND

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Amended Engagement Letter.

5.      On July 22, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court"). The Debtors have continued in possession of their properties and have continued to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner in these cases. On August 2, 2023, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "**Committee**") in these Chapter 11 bankruptcy cases.

6.      The factual background relating to the Debtors' commencement of these cases is set forth in detail in the *Declaration of Tracy Pagliara in Support of Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration") filed on the Petition Date and incorporated herein by reference.

## G2'S QUALIFICATIONS

7.      G2 is a leading independent financial advisory firm that has provided financial advisory services in significant restructurings, recapitalizations, financings, mergers, and acquisitions to major corporations, partnerships, institutions, governments, and investors throughout the United States.

8.      G2 and its professionals have extensive experience working with financially distressed companies from a variety of industries in complex financial restructurings, both in and out of court, and have an excellent reputation for providing high quality services in such engagements. G2's restructuring professionals have extensive experience in advising debtors and other constituencies in chapter 11 cases and other distressed situations including, among others, Directed, LLC; Frontier Yarns; Beavex Incorporated; The Paper Store; Epic Companies, LLC;

Tilden Marcellus LLC; Aerospace Holdings, Inc.; AeroCision Parent, LLC; and Obstetric and Gynecologic Associates of Coralville Clinic.

9. G2 has represented the Debtors since November 25, 2019. As a result, G2 has developed significant knowledge and experience regarding the Debtors' businesses, capital structure, and creditors that will assist G2 in providing effective and efficient services to the Debtors throughout the Chapter 11 Cases.

## SERVICES TO BE PROVIDED

10. Pursuant to the Amended Engagement Letter, the Company (as defined in the Amended Engagement Letter) has requested that G2 render the following professional services in connection with the Chapter 11 Cases:

    a. Assisting the Company with financial forecasting and reporting, including:
        i. weekly updates to the 13-week cash flow ("TWCF") forecast
        ii. weekly reporting of actual cash flow performance vs the DIP budget ("Weekly Variance Reporting)
        iii. updates to the monthly 3-statement forecast, projection of key financial covenants, and sensitivity analysis
        iv. Preparation of other key financial and operating reports
        v. Preparation of certain schedules, such as the SOFA and SOAL schedules, in connection with the Chapter 11 case
    b. Assisting the Company with other ad-hoc financial analysis as needed

11. To the extent that the Debtors requests that G2 perform additional services not contemplated by the Amended Engagement Letter, such services and the fees for such services will be mutually agreed upon by G2 and the Debtors in writing, and will be subject to Court approval.

12. The Debtors believe that G2 is well qualified and able to provide the foregoing services to the Debtors. In addition, the Debtors believe that the services that G2 will provide are necessary to maximize the value of their estates and will not be duplicative of the services that other professionals will be providing to the Debtors in the Chapter 11 Cases.

13. In addition to their retention of G2, the Debtors will retain the services of other professionals over the course of the Chapter 11 Cases. By separate application, the Debtors are requesting that the Court approve the retention of Greenhill & Co., LLC ("Greenhill") as the Debtors' investment banker in the Chapter 11 Cases. The Debtors discussed with both firms the division of roles and responsibilities as between G2 and Greenhill and the Debtors intend to carefully monitor these and other retained professionals to prevent a duplication of effort in the Chapter 11 Cases. G2 and Greenhill have informed the Debtors that they will undertake to coordinate all of their services in order to avoid any unnecessary duplication of services.

## PROFESSIONAL COMPENSATION

14. In consideration of the services to be provided by G2, and as more fully described in the Amended Engagement Letter, subject to the Court's approval, G2 will charge the Debtors for its services at the rates set forth in the Amended Engagement Letter. Those rates are as follows:

| Team Member Level | Hourly Rate |
| --- | --- |
| Senior Managing Director | $850 |
| Managing Director | 750 |
| Director | 650 |
| Vice President/Principal | 500 |
| Senior Associate | 400 |
| Associate/Analyst | 300 |

Victoria Arrigoni, Managing Director, will serve as the executive leader on the engagement and Zachary Talotta, Vice President, will serve as the project manager. The foregoing rates represent a discount from G2's standard hourly rates currently in effect.

15. The Debtors have agreed to pay G2 for its services at the rates specified in paragraph 14, and to reimburse G2 for reasonable out-of-pocket expenses incurred in connection with its engagement, including, without limitation, travel, lodging, document preparation, and engagement related legal fees and costs, all such fees and expenses being subject to approval by

00055308.2

the Court following notice and a hearing as provided in the Bankruptcy Code and applicable Bankruptcy Rules.

16.     G2 shall apply to the Court for the allowance of compensation and reimbursement of expenses for its services in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any orders of the Court, and the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases*, effective as of November 1, 2013 (the "U.S. Trustee Guidelines"). Such applications will include time records setting forth, in summary form, a description of the services rendered by each G2 professional, and the amount of time spent on each date by each such individual in rendering services to the Debtors.  G2 has agreed that it will not share any of its compensation from the Debtors with any other person, other than as permitted by section 504 of the Bankruptcy Code.

## INDEMNIFICATION

17.     As a material part of the consideration for which G2 has agreed to provide the services described herein, the Debtors have agreed to the indemnification provisions set forth in Addendum 2 to the Amended Engagement Letter (the "Indemnification Provisions"). The Indemnification Provisions provide that the Debtors will indemnify and hold harmless G2 and any of its shareholders, members, directors, managers, partners, officers, contractors, agents, or employees (collectively, the "Indemnified Parties") under certain circumstances. All requests of G2 for the payment of indemnity pursuant to the Indemnification Provisions will be made by means of an application to, and will be subject to review by, the Court to ensure that payment of such indemnity conforms to the terms of the Amended Engagement Letter.

18.     The Debtors and G2 believe that the Indemnification Provisions contained in the Amended Engagement Letter are standard and customary for financial advisory engagements. That

00055308.2

said, pursuant to the Proposed Order, the Debtors seek to qualify and limit the Indemnification Provisions as follows:

    a.    Subject to the provisions of subparagraphs b and c below, the Debtors are authorized to indemnify the Indemnified Parties, in accordance with the Amended Engagement Letter, for any claim arising from, related to, or in connection with their performance of the services described in the Amended Engagement Letter;

    b.    Notwithstanding anything to the contrary in the Amended Engagement Letter, the Debtors will have no obligation to indemnify any Indemnified Parties, or provide contribution or reimbursement to any Indemnified Parties, (i) for any claim or expense that is judicially determined (the determination having become final and no longer subject to appeal) to have arisen directly from the respective Indemnified Party's gross negligence, willful misconduct, or bad faith; (ii) for a contractual dispute in which the Debtors allege breach of G2's obligations under the Amended Engagement Letter, unless the Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to *In re United Artists Theatre Company, et al.,* 315 F.3d 217 (3d Cir. 2003); or (iii) settled before a judicial determination as to that Indemnified Party's gross negligence, willful misconduct, or bad faith, but determined by the Court, after notice and a hearing, to be a claim or expense for which that Indemnified Party should not receive indemnity, contribution, or reimbursement under the terms of the Amended Engagement Letter as modified by the Proposed Order; and

    c.    If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in the Chapter 11 Cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing the Chapter 11 Cases, G2 believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Engagement Letter (as modified by the Proposed Order), including, without limitation, the advancement of defense costs, G2 must file an application before the Court, and the Debtors may not pay any such amounts before the entry of an order by the Court approving the payment. This subparagraph c is intended only to specify the period of time under which the Court will have jurisdiction over any request for fees and expenses for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify G2.

    19.    The Indemnification Provisions, as qualified and limited by the Proposed Order, are customary and were negotiated by the Debtors and G2 at arm's length and in good faith. The

00055308.2

provisions contained in the Amended Engagement Letter, viewed in conjunction with the terms of G2's proposed retention, are reasonable and in the best interest of the Debtors, their estates, and creditors in light of the fact that the Debtors require G2's services to successfully consummate a sale of their assets. Accordingly, as part of this Application, the Debtors request that the Court approve the Indemnification Provisions as set forth in the Amended Engagement Letter and as modified pursuant to the Proposed Order.

## PRE-PETITION PAYMENTS TO G2

20. On January 3, 2023, the Company and G2 executed a First Amendment to the Engagement Letter pursuant to which, among other things the Company paid G2 an "evergreen" deposit in the amount of $30,000, against which G2 charged fees for its services, and reimbursement of its expenses, on a weekly basis, which deposit was refreshed weekly to its original amount prior to the Petition Date to provide for advance payments to cover services furnished prior to the Petition Date. As contemplated by the First Amendment to the Engagement Letter, the deposit was increased to $70,000 as of July 11, 2023 to ensure coverage for services rendered before the petition. As a result, G2 has received payment in full for all fees and expenses associated with the services furnished to the Debtors prior to the Petition. As of the Petition Date, the remaining balance of the evergreen deposit was $7,325. G2 received $263,937.50 from the Debtors within 90 days of the Petition Date for services rendered prior to the Petition Date.

## DISINTERESTEDNESS

21. To the best of the Debtors' knowledge, information, and belief, and except as disclosed herein and in the Arrigoni Declaration, G2 (a) is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, (b) does not hold or represent an interest adverse to the Debtors' estates, and

(c) has no connection to the Debtors, their creditors, or other parties in interest, except as disclosed in the Arrigoni Declaration and Schedule 2 attached thereto.

22. The Debtors' knowledge, information, and belief regarding G2's disinterestedness are based on, and made in reliance upon, the Arrigoni Declaration. As set forth in further detail therein, any connections G2 may have with creditors, equity security holders, and other parties in interest in the Chapter 11 Cases are unrelated to the Chapter 11 Cases. The Debtors and G2 do not believe that any of these matters represent an interest materially adverse to the Debtors' estates or otherwise create a conflict of interest regarding the Debtors or the Chapter 11 Cases.

23. To the extent that G2 discovers any additional facts bearing in a material respect on its disinterestedness with respect to the Chapter 11 Cases, G2 will supplement the Arrigoni Declaration, as required by Bankruptcy Rule 2014(a).

## BASIS FOR RELIEF REQUESTED

24. The Debtors submit that G2's retention on the terms described herein is appropriate under sections 327(a) and 328 of the Bankruptcy Code.

25. Section 327(a) of the Bankruptcy Code provides that a debtor, subject to court approval, may employ professionals "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor's] duties under this title." 11 U.S.C. § 327(a). Section 101(14) of the Bankruptcy Code defines a "disinterested person" as a person that:

    a.    is not a creditor, an equity security holder, or an insider;

    b.    is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the debtor; and

    c.    does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

11 U.S.C. § 101(14). Further, section 1107(b) of the Bankruptcy Code provides that "a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case." 11 U.S.C. § 1107(b). Accordingly, G2's prepetition relationship with the Debtors is not an impediment to G2's retention as the Debtors' financial advisor.

26. The Debtors request that G2's retention be made effective as of the Petition Date, in order to allow G2 to be compensated for the work performed for the Debtors before the Court's consideration and approval of this Application. The Debtors submit that, under the circumstances, and to avoid irreparable harm to the Debtors' estates that may occur if G2 is not immediately retained, retroactive approval to the Petition Date is warranted.

**NOTICE**

27. The Debtors have provided notice of this motion to: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Unsecured Creditors Committee appointed in the case; (c) the Debtors' thirty (30) largest unsecured creditors; (d) counsel to the administrative agents for the Debtors' prepetition credit facilities; (e) the Internal Revenue Service; (f) the Georgia Department of Revenue; (g) the Delaware Division of Revenue; (h) the United States Attorney for the District of Delaware; (i) the Securities and Exchange Commission; (j) the state attorneys general for states in which the Debtors conduct business; and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002. Notice of this Motion and any order entered hereon will be served in accordance with Rule 9013-1(m) of the Local Rules of Bankruptcy Practice and Procedure of the Court.

28. In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

00055308.2

## NO PRIOR REQUEST

29. No prior request for the relief sought in this Motion has been made to this or any other court.

## CONCLUSION

WHEREFORE, the Debtors request this Court enter an order, substantially in the form of Exhibit A, granting the relief requested herein and such other and further relief as the Court may deem just and proper.

*[Remainder of Page Intentionally Blank]*

Dated: August 9, 2023 WILLIAMS INDUSTRIAL SERVICES GROUP INC, *ET AL*.


By:   */s/ Randy Lay*
Its:   EVP, CFO & COO