IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WILLIAMS INDUSTRIAL SERVICES GROUP INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10961 (BLS)<br>(Jointly Administered)<br><br>Hearing Date: August 30, 2023, at 2:00 p.m. (ET)<br>Objection Deadline: August 23, 2023, at 4:00 p.m. (ET) |

**APPLICATION OF THE DEBTORS FOR AUTHORITY
TO RETAIN AND EMPLOY EPIQ CORPORATE RESTRUCTURING, LLC
AS ADMINISTRATIVE ADVISOR EFFECTIVE AS OF PETITION DATE**

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), respectfully represent as follows in support of this application (this "**Application**"):

**Relief Requested**

1. By this Application, pursuant to section 327 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors request entry of an order appointing Epiq Corporate Restructuring, LLC ("**Epiq**") as administrative advisor ("**Administrative Advisor**") in the Debtor's chapter 11 case, effective as of the Petition Date (as defined below), in accordance with the Engagement Agreement attached hereto as **Exhibit A** (the "**Engagement Agreement**").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Williams Industrial Services Group Inc. (1378), Williams Industrial Services Group, LLC (2666), Williams Industrial Services, LLC (0406), Williams Plant Services, LLC (9575), Williams Specialty Services, LLC (9578), WISG Electrical, LLC (6918), Construction & Maintenance Professionals, LLC (0925), Williams Global Services, Inc. (3708), Steam Enterprises, LLC (9177), GPEG LLC (5707), Global Power Professional Services, Inc. (2550), WISG Canada Ltd. (B.N. 6518), WISG Nuclear Ltd. (B.N. 3510), and WISG Electrical Ltd. (B.N. 2116). The location of the Debtors' corporate headquarters and service address is: 200 Ashford Center N, Suite 425, Atlanta, GA 30338.

2. On the Petition Date, the Debtors filed an application (the "**Section 156(c) Application**") for an order appointing Epiq as claims and noticing agent pursuant to 28 U.S.C. § 156(c), section 105(a) of the Bankruptcy Code and Local Rule 2002-1(f). The Debtors believe that administration of these chapter 11 cases will require Epiq to perform duties outside the scope of services covered by the Section 156(c) Application. Accordingly, the Debtors submit this Application to enable Epiq to provide services under the Engagement Agreement that are outside the scope of the services authorized to be provided to the Debtors by Epiq pursuant to the order approving the Section 156(c) Application.

3. In support of this Application, the Debtors submit the Declaration of Kate Mailloux, Senior Director of Epiq, in support of Epiq's retention as Administrative Advisor to the Debtors (the "**Mailloux Declaration**"), attached hereto as **Exhibit B**.

4. A proposed form of order granting the relief requested in this Application is attached hereto as **Exhibit C** (the "**Proposed Order**").

## Jurisdiction

5. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Pursuant to Rule 9013-1(f) of the Local Rules, the Debtors consent to the entry of a final order by the Court in connection with this Application if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

6. On the date hereof (the "**Petition Date**"), the Debtors commenced with the Court a voluntary case under the Bankruptcy Code. The Debtors are authorized to continue operating its businesses and managing its properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Additional information regarding the Debtors' businesses, capital structure, and the circumstances leading to the commencement of this chapter 11 case is set forth in the *Declaration of Tracy D. Pagliara in Support of Chapter 11 Petitions and First Day Pleadings* (the "**First Day Declaration**"), filed contemporaneously herewith and incorporated herein by reference.

**Epiq's Qualifications**

7. Epiq is one of the country's leading chapter 11 administrators, with experience in noticing, claims administration, solicitation, balloting, and facilitating other administrative aspects of chapter 11 cases. Epiq has substantial experience in matters of this size and complexity, and has acted as administrative advisor in many large bankruptcy cases in this District and other districts nationwide. *See, e.g.*, *In re Armstrong Flooring, Inc.,* 22-10426 (MFW) (Bankr. D. Del. May 8, 2022); *In re Gulf Coast Health Care, LLC,* Case No. 21-11336 (KBO) (Bankr. D. Del. Oct 14, 2021); *In re Alamo Drafthouse Cinemas Holdings, LLC,* Case No. 21-10474; *In re RTI Holding Company, LLC*, Case No. 20- Case 20-12456 (JTD) (Bankr. D. Del. Oct 7, 2020); *In re Town Sports International LLC*, Case No. 20-12168, (CSS) (Bankr. D. Del. Sept. 16, 2020); *In re RGNGroup Holdings, LLC*, Case No. 20-11961 (BLS) (Bankr. D. Del. Aug. 19, 2020); *In re Tonopah Solar Energy, LLC*, Case No. 20-11884 (KBO) (Bankr. D. Del. July 31, 2020); *In re Lucky Brand Dungarees, LLC*, Case No. 20-11768 (CSS) (Bankr. D. Del. July 6, 2020); *In re Advantage Holdco, Inc.*, Case No. 20-11259 (JTD) (Bankr. D. Del. May 29, 2020); *In re BroadVision, Inc.*, Case No. 20-10701 (CSS) (Bankr. D. Del. Apr. 1, 2020); *In re Earth Fare,*

*Inc*., Case No. 20-10256 (KBO) (Bankr. D. Del. Feb. 6, 2020); *In re Southland Royalty Company LLC*, Case No. 20-10158 (KBO) (Bankr. D. Del. Jan. 29, 2020); *In re RUI Holding Corp.,* Case No. 19-11509, (JTD) (Bankr. D. Del. Jul. 7, 2019); *In re THG Holdings LLC,* Case No. 19-11689 (JTD) (Bankr. D. Del. Jul 30, 2019); *In re HDR Holding, Inc.,* Case No. 19-11396 (MFW) (Bankr. D. Del. Jun. 24, 2019); *In re Joerns WoundCo Holdings, Inc.,* Case No. 19-11401 (JTD) (Bankr. D. Del. June 24, 2019); *In re Insys Therapeutics, Inc.,* Case No. 19-11292 (KG) (Bankr. D. Del. Jun 10, 2019); *In re The Weinstein Company Holdings LLC*, Case No. 18-10601 (MFW) (Bankr. D. Del. Apr. 18, 2018).

## Services to Be Provided

8.  Pursuant to the Engagement Agreement, the Debtors seek to retain Epiq to provide, among other things, the following bankruptcy administration services, if and to the extent requested:

 (a) Assist with, among other things, solicitation, balloting and tabulation of votes, and prepare any related reports, as required in support of confirmation of a chapter 11 plan, and in connection with such services, process requests for documents from parties in interest, including, if applicable, brokerage firms, bank back-offices and institutional holders;

 (b) Prepare an official ballot certification and, if necessary, testify in support of the ballot tabulation results;

 (c) Assist with the preparation of the Debtors' schedules of assets and liabilities and statements of financial affairs and gather data in conjunction therewith;

 (d) Provide a confidential data room, if requested;

 (e) Manage and coordinate any distributions pursuant to a chapter 11 plan; and

 (f) Provide such other processing, solicitation, balloting and other administrative services described in the Engagement Agreement, but not included in the Section 156(c) Application, as may be requested from time to time by the Debtors, the Court or the Office of the Clerk of the Bankruptcy Court (the "**Clerk**").

**Epiq's Compensation**

9. The fees Epiq will charge in connection with providing services to the Debtors are set forth in the Engagement Agreement. The Debtors respectfully submit that Epiq's rates are competitive and comparable to the rates its competitors charge for similar services. Indeed, the Debtors conducted a review and competitive comparison of other firms and reviewed the rates of other firms before selecting Epiq as Administrative Advisor. The Debtors believe Epiq's rates are more than reasonable given the quality of Epiq's services and its professionals' bankruptcy expertise. Additionally, Epiq will seek reimbursement from the Debtors for reasonable expenses in accordance with the terms of the Engagement Agreement.

10. Epiq intends to apply to the Court for allowance of compensation and reimbursement of expenses incurred after the Petition Date in connection with the services it provides as Administrative Advisor pursuant to the Engagement Agreement. Epiq will comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any orders entered in these chapter 11 cases regarding professional compensation and reimbursement of expenses.

11. The Debtors provided Epiq a retainer in the amount of $25,000. Epiq seeks to hold the retainer as security for payment of Epiq's final invoice for services rendered and expenses incurred pursuant to the Engagement Agreement.

12. Additionally, under the terms of the Engagement Agreement, the Debtors have agreed to indemnify, defend, and hold harmless Epiq and its members, directors, officers, employees, representatives, affiliates, consultants, subcontractors, and agents under certain circumstances specified in the Engagement Agreement, except in circumstances resulting solely from Epiq's gross negligence or willful misconduct or as otherwise provided in the Engagement Agreement or Order. The Debtors believe that such an indemnification obligation is customary,

reasonable, and necessary to retain the services of a Claims and Noticing Agent in these chapter 11 cases.

### Disinterestedness

13.     Epiq has reviewed its electronic database to determine whether it has any relationships with the creditors and parties in interest identified by the Debtors.  To the best of the Debtors' knowledge, information, and belief, and except as disclosed in the Mailloux Declaration, Epiq is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estate in connection with any matter on which it would be employed.

14.     Epiq believes that it does not have any relationships with creditors or other parties in interest in these chapter 11 cases that would present a disqualifying conflict of interest. To the extent that Epiq discovers any connection with any interested party or enters into any new relationship with any interested party, Epiq will promptly supplement its disclosure to the Court.

### Relief Requested Should Be Granted

15.     Section 327(a) of the Bankruptcy Code provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

16.     Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, and proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party

in interest, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee.

Fed. R. Bankr. P. 2014.

17.     In light of the size and complexity of the chapter 11 cases, the Debtors respectfully submit that retaining and employing Epiq pursuant to the terms of the Engagement Agreement is necessary and in the best interests of the Debtors' estate and all parties in interest in the chapter 11 cases. The Debtors also believe that the terms and conditions of the Engagement Agreement are reasonable in light of the anticipated high volume of creditors and other parties in interest that will be involved in the chapter 11 cases.

18.     Accordingly, to help manage administrative tasks with respect to the thousands of creditors and other parties that are expected to be involved in the chapter 11 cases and the complexity of such cases, the Debtors respectfully request that the Court enter an order appointing Epiq as the Administrative Advisor in the chapter 11 cases pursuant to sections 327(a), 330 and 331 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016 and Local Rules 2014-1 and 2016-2.

## Relief as of the Petition Date is Appropriate

19.     In accordance with the Debtors' request, Epiq agreed to serve as Administrative Advisor on and after the Petition Date with assurances that the Debtors would seek approval of its employment and retention, effective as of the Petition Date, so that Epiq can be compensated for services rendered before approval of the Application. The Debtors believe that no party-in interest will be prejudiced by the granting of relief as of the Petition Date as proposed in the Application because Epiq has provided, and continues to provide, valuable services to the Debtors' estates during the interim period.

20.     Accordingly, the Debtors respectfully request entry of the Proposed Order

authorizing the Debtors to retain and employ Epiq as Administrative Advisor effective as of the Petition Date.

## Notice

21. Notice of this Application will be provided to (a) the Office of the U.S. Trustee; (b) the holders of the [30] largest unsecured claims against the Debtors; (c) the United States Attorney's Office for the District of Delaware; (d) the Internal Revenue Service; (e) the SEC; (f) the proposed counsel to the Committee of Unsecured Creditors; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**"). The Debtors believe that no further notice is required. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

[*Remainder of page intentionally left blank*]

Dated: August 9, 2023　　　　　　　　　　　WILLIAMS INDUSTRIAL SERVICES GROUP INC, *ET AL*.


By:　*/s/ Randy Lay*
Its:　EVP, CFO & COO