**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>WILLIAMS INDUSTRIAL SERVICES GROUP INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10961-BLS<br><br>(Jointly Administered)<br><br>**Hearing Date: August 30, 2023, at 2:00 p.m. (ET)**<br>**Objection Deadline: August 23, 2023, at 4:00 p.m. (ET)** |

**DEBTORS' APPLICATION FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF THOMPSON HINE LLP AS COUNSEL TO THE DEBTORS AND DEBTORS-IN-POSSESSION EFFECTIVE AS OF THE PETITION DATE**

Williams Industrial Services Group, Inc., and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") hereby submit this application (this "Application") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), pursuant to sections 327(a) and 328(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1(a) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the retention and employment of Thompson Hine LLP ("Thompson Hine") as counsel to the Debtors effective as of the Petition Date. In support of this Application, the Debtors respectfully state as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Williams Industrial Services Group Inc. (1378), Williams Industrial Services Group, LLC (2666), Williams Industrial Services, LLC (0406), Williams Plant Services, LLC (9575), Williams Specialty Services, LLC (9578), WISG Electrical, LLC (6918), Construction & Maintenance Professionals, LLC (0925), Williams Global Services, Inc. (3708), Steam Enterprises, LLC (9177), GPEG LLC (5707), Global Power Professional Services, Inc. (2550), WISG Canada Ltd. (B.N. 6518), WISG Nuclear Ltd. (B.N. 3510), and WISG Electrical Ltd. (B.N. 2116). The location of the Debtors' corporate headquarters and service address is: 200 Ashford Center N, Suite 425, Atlanta, GA 30338.

00055294.1

**BACKGROUND**

1. On July 22, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court"). The Debtors have continued in possession of their properties and have continued to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner. On August 2, 2023, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "**Committee**") in these Chapter 11 bankruptcy cases.

2. The factual background relating to the Debtors' commencement of these cases is set forth in detail in the *Declaration of Tracy Pagliara in Support of Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration") filed on the Petition Date and incorporated herein by reference.

**JURISDICTION AND VENUE**

3. The Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1. Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order or judgment by the Court in connection with this Application to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**RELIEF REQUESTED**

4. By this Application, the Debtors request that the Court enter an Order, substantially in the form attached hereto as <u>Exhibit A</u>, and pursuant to sections 327 and 328 of the Bankruptcy Code, authorizing them to employ and retain Thompson Hine as their counsel in these chapter 11 cases, effective as of the Petition Date, with compensation to be awarded pursuant to Bankruptcy Code section 330.

5. Bankruptcy Code section 327(a) provides that a debtor may, with court approval, employ professionals that do not hold or represent an interest adverse to the estate and that are "disinterested persons," as defined by Section 101(14) of the Bankruptcy Code, to represent or assist a debtor in carrying out its duties under the Bankruptcy Code. See 11 U.S.C. §§ 101(14), 327(a). Section 328(a) authorizes the employment of a professional person under section 327 on any reasonable terms and conditions of employment, including on an hourly basis. Additionally, Section 1107(b) of the Bankruptcy Code provides that a professional is not disqualified for employment by a chapter 11 debtor solely because of its employment by or representation of the debtor before the commencement of the case.

6. The Debtors selected Thompson Hine as counsel because of the firm's extensive and diverse experience in the field of debtors' and creditors' rights and, in particular, proceedings under chapter 11 of the Bankruptcy Code, in addition to other areas of law related to the within chapter 11 cases. Thompson Hine is an approximately 400 attorney full-service law firm. The firm's roster includes fourteen (14) lawyers who practice primarily in the field of business restructuring and bankruptcy law, with all necessary resources available to undertake substantial matters and the depth of expertise necessary with respect to bankruptcy matters, as well as a diverse range of practices outside of bankruptcy. Consequently, Thompson Hine is well-qualified to represent the Debtors' interests in these proceedings.

**SERVICES TO BE PROVIDED**

7. Thompson Hine will work closely with such other professionals as may be retained by the Debtors. Specifically, the Debtors have requested that Thompson Hine render services including, but not limited to, the following:

   a. assisting the Debtors in the preparation of motions and filings required by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any order of this Court;

   b. assisting the Debtors with respect to agreements to provide DIP financing;

   c. assisting the Debtors in consultations, negotiations, and all other dealings with creditors, equity security holders, and other parties-in-interest concerning case administration;

   d. preparing pleadings, conducting investigations, and making court appearances incidental to the administration of the Debtors' estates;

   e. advising the Debtors of their rights, duties, and obligations under the Bankruptcy Code, the Bankruptcy Rules and Local Rules, and Orders of this Court;

   f. assisting the Debtors in the proposed sale of operating assets in accordance with Bankruptcy Code section 363;

   g. assisting in the development and formulation of strategies to maximize value to the estate;

   h. representing the Debtors in litigation matters, including any contested matters or adversary proceedings, whether commenced by or against them or the estates;

   i. assisting the Debtors in claims reconciliation and distribution, including negotiating, settling, and liquidating claims and prosecuting claim objections;

   j. representing the Debtors in the liquidation or other disposition of remaining estate assets;

   k. performing other legal services as the Debtors may request and as may be necessary for their effective representation during the pendency of the cases;

   l. rendering general corporate advice, including without limitation advice related to periodic public reporting, board of directors support, executive

compensation and disclosures, and general advise relating to securities; and

m. and other services related to the foregoing.

8. Thompson Hine will coordinate with the other retained professionals in these chapter 11 cases to minimize duplication of efforts to the greatest extent possible.

## PROFESSIONAL COMPENSATION

9. Subject to the Court's approval, Thompson Hine will charge the Debtors for its legal services at the firm's preferred hourly rates, which represent a discount from its standard hourly rates. Out of pocket disbursements incurred by Thompson Hine in connection with the cases will be billed at or below their actual cost. The Debtors have agreed to pay Thompson Hine such rates and expense reimbursements, all subject to approval by the Court, on notice as provided in the Bankruptcy Code. The principal attorneys presently designated to represent the Debtors in these cases and their preferred hourly rates are set forth below:

| Attorney | Preferred Hourly Rate |
| --- | --- |
| Alan R. Lepene | $1,020 |
| Sean A. Gordon | $730 |
| Scott B. Lepene | $625 |
| Austin Alexander | $500 |
| Alexander J. Andrews | $430 |

10. Other attorneys and paralegals may from time to time perform services in connection with the matters described herein.

## PRE-PETITION PAYMENTS TO THOMPSON HINE

11. Within one year prior to the filing of Debtors' chapter 11 petitions on July 22, 2023, and as compensation for services rendered in contemplation of, or in connection with, the Debtors' chapter 11 cases, Thompson Hine received $464,000 for legal services rendered during the period from March 1, 2023 through July 21, 2023 in connection with the preparation for the filings.

12. Thompson Hine additionally received $1,049,900 for all other corporate legal services provided during the period from March 1, 2023 through July 21, 2023 that the Debtors contemplated the possible need to file chapter 11 petitions, including, without limitation, advice regarding the Debtors' strategic review process, the negotiation and documentation of a proposed sale of the Debtors' assets, amendments to the Debtors' credit facilities, litigation services, general corporate advice, advice related to periodic public reporting, support for board of directors meetings, advice regarding executive compensation, preparation of compensation disclosure and general securities advice.

13. As of the Petition Date, the balance due for services rendered in connection with the preparation for the filing was approximately $125,000, and $514,492 for all other legal services rendered (i.e., totaling approximately $639,492 outstanding and unpaid as of the Petition Date). So that it may remain disinterested for purposes of Sections 101(14) and 327(a) of the Bankruptcy Code, and for purposes of this Motion, Thompson Hine has agreed to waive all outstanding prepetition amounts owed to it by Debtors as of the Petition Date, including without limitation the aforementioned total.

14. The source of the compensation paid to Thompson Hine was the Debtors. Pursuant to Bankruptcy Rule 2016(b), Thompson Hine has neither shared nor agreed to share any compensation it has received or may receive with another party or person, other than with partners, counsel, associates and contract attorneys associated with Thompson Hine or any compensation another person or party has received or may receive.

15. The Debtors have agreed, subject to Court approval, to pay Thompson Hine for the legal services rendered or to be rendered by their attorneys and other personnel in connection with these Chapter 11 Cases on the Debtors' behalf. The Debtors have also agreed to reimburse

Thompson Hine for its actual and necessary expenses incurred in connection with these Chapter 11 Cases. The Debtors will review prospective budgets and staffing plans to be submitted by Thompson Hine during these Chapter 11 Cases, and will have a full opportunity to review all of Thompson Hine's fees and expenses as set forth in the monthly and interim fee applications to be submitted by Thompson Hine to the Court.

### **DISINTERESTEDNESS**

16. To the best of the Debtors' knowledge, and as detailed in the attached declaration of Alan R. Lepene ("Lepene Declaration") attached hereto as Exhibit B, (i) Thompson Hine is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, (ii) Thompson Hine does not represent any person or entity having an interest adverse to the Debtors in connection with these Chapter 11 Cases, (iii) Thompson Hine does not hold or represent an interest adverse to the Debtors' estates with respect to matters on which Thompson Hine is employed and (iv) Thompson Hine has no connection to the Debtors, their creditors or any other party-in-interest except as disclosed herein and in the Lepene Declaration.

17. Thompson Hine intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, Bankruptcy Rules, the Local Bankruptcy Rules, and any applicable Orders that may be entered by the Court.

18. Thompson Hine has indicated a willingness to act as counsel on the Debtors' behalf for the purposes described herein. The Debtors desire to employ Thompson Hine, and they believe Thompson Hine is well qualified to act as their counsel and that retaining the firm as the Debtors' bankruptcy counsel is essential to a smooth transition into bankruptcy and a successful outcome.

**BASIS FOR RELIEF REQUESTED**

19. The Debtors seek to retain Thompson Hine as their attorneys pursuant to section 327(a) of the Bankruptcy Code, which provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

20. Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

21. Based on the facts and for the reasons stated herein, in the First Day Declaration, and the Lepene Declaration, the retention and employment of Thompson Hine as counsel to the Debtors pursuant to this Application is reasonable, necessary, appropriate and satisfies the requirements of sections 327 and 328 of the Bankruptcy Code and Bankruptcy Rule 2014(a). The Debtors respectfully submit that the retention and employment of Thompson Hine will enable the Debtors to administer their estates during these Chapter 11 Cases, is in the best interests of the Debtors and their estates and stakeholders and should be approved by the Court.

**RETENTION OF THOMPSON HINE EFFECTIVE AS OF THE PETITION DATE**

22. Additionally, given the circumstances of these Chapter 11 Cases, the Debtors respectfully request that the retention and employment of Thompson Hine be authorized effective as of the Petition Date.

23. The United States Court of Appeals for the Third Circuit has identified "time pressure to begin service" and absence of prejudice as factors favoring *nunc pro tunc* retention. *See In re Arkansas*, 798 F.2d 645, 650 (3d Cir. 1986).

24. As described in the First Day Declarations, these Chapter 11 Cases were filed on an urgent basis. Following the Petition Date, the Debtors and their professionals necessarily committed substantial resources towards stabilizing the Debtors' businesses and transitioning into chapter 11, including, among other things, seeking approval of various first-day and other motions. The Debtors and their professionals also have expended significant time towards the ongoing work to protect and recover assets.

25. The Debtors believe that no party-in-interest will be prejudiced by the granting of the retention and employment effective as of the Petition Date because Thompson Hine has provided and continues to provide valuable services to the Debtors' estates. Accordingly, the Debtors request that this Court authorize the retention and employment of Thompson Hine effective as of the Petition Date.

**NOTICE**

26. The Debtors have provided notice of this motion to: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel for the Unsecured Creditors' Committee; (c) the Debtors' thirty (30) largest unsecured creditors; (d) counsel to the administrative agents for the Debtors' prepetition credit facilities; (e) the Internal Revenue Service; (f) the Georgia

Department of Revenue; (g) the Delaware Division of Revenue; (h) the United States Attorney for the District of Delaware; (i) the Securities and Exchange Commission; (j) the state attorneys general for states in which the Debtors conduct business; and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002. Notice of this Motion and any order entered hereon will be served in accordance with Rule 9013-1(m) of the Local Rules of Bankruptcy Practice and Procedure of the Court.

27. In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

## **NO PRIOR REQUEST**

28. No prior request for the relief sought in this Motion has been made to this or any other court.

## **CONCLUSION**

WHEREFORE, the Debtors request this Court enter an order, substantially in the form of Exhibit A, granting the relief requested herein and such other and further relief as the Court may deem just and proper.

*[Remainder of Page Intentionally Blank]*

Dated:  August 9, 2023　　　　　　　　　　WILLIAMS INDUSTRIAL SERVICES GROUP INC, *ET AL*.


By:　*/s/ Randy Lay*
Its:　EVP, CFO & COO