EXHIBIT A
(Proposed Order)

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WILLIAMS INDUSTRIAL SERVICES GROUP INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10961-BLS<br><br>(Jointly Administered)<br><br>Re. Docket No. _____ |

### ORDER GRANTING DEBTORS' APPLICATION FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF THOMPSON HINE LLP AS COUNSEL TO THE DEBTORS AND DEBTORS-IN-POSSESSION EFFECTIVE AS OF THE PETITION DATE

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order authorizing the Debtors to employ Thompson Hine LLP ("Thompson Hine") as their bankruptcy counsel, effective as of the Petition Date, and the declaration of Alan R. Lepene, a partner at Thompson Hine (the "Declaration"); the Court having reviewed the Application and Declaration; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding under 28 U.S.C. § 157(b)(2); and notice of the Application being sufficient under the circumstances; and it appearing that no other or further notice need be provided; and it appearing that Thompson Hine is "disinterested" within the meaning of 11 U.S.C. § 101(14), it does not hold or represent an interest adverse to the estate, and it has satisfied the requirements of 11 U.S.C. § 327 and Rule 2014 of the Federal Rules

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Williams Industrial Services Group Inc. (1378), Williams Industrial Services Group, LLC (2666), Williams Industrial Services, LLC (0406), Williams Plant Services, LLC (9575), Williams Specialty Services, LLC (9578), WISG Electrical, LLC (6918), Construction & Maintenance Professionals, LLC (0925), Williams Global Services, Inc. (3708), Steam Enterprises, LLC (9177), GPEG LLC (5707), Global Power Professional Services, Inc. (2550), WISG Canada Ltd. (B.N. 6518), WISG Nuclear Ltd. (B.N. 3510), and WISG Electrical Ltd. (B.N. 2116). The location of the Debtors' corporate headquarters and service address is: 200 Ashford Center N, Suite 425, Atlanta, GA 30338.

[2] Capitalized terms used but undefined herein have the meanings ascribed in the Application.

00055294.1

of Bankruptcy Procedure; and all capitalized terms used in this Order and not otherwise defined herein shall have the meaning given them in the Application; and the Court having determined that the relief sought in the Application is in the best interests of the Debtors, their estates and creditors; and after due deliberation and sufficient cause appearing therefor; IT IS HEREBY ORDERED THAT:

1. The Motion is granted to the extent set forth herein.

2. All objections to the entry of this Order, to the extent not withdrawn or settled, are overruled.

3. The Debtors are authorized to employ and retain Thompson Hine effective as of the Petition Date for the following purposes:

    (a) assisting the Debtors in the preparation of motions and filings required by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any order of this Court;

    (b) assisting the Debtors with respect to agreements to provide DIP financing;

    (c) assisting the Debtors in consultations, negotiations, and all other dealings with creditors, equity security holders, and other parties-in-interest concerning case administration;

    (d) preparing pleadings, conducting investigations, and making court appearances incidental to the administration of the Debtors' estates;

    (e) advising the Debtors of their rights, duties, and obligations under the Bankruptcy Code, the Bankruptcy Rules and Local Rules, and Orders of this Court;

    (f) assisting the Debtors in the proposed sale of operating assets in accordance with Bankruptcy Code section 363;

    (g) assisting in the development and formulation of strategies to maximize value to the estate;

    (h) representing the Debtors in litigation matters, including any contested matters or adversary proceedings, whether commenced by or against them or the estates;

    (i) assisting the Debtors in claims reconciliation and distribution, including negotiating, settling, and liquidating claims and prosecuting claim objections;

  (j) representing the Debtors in the liquidation or other disposition of remaining estate assets;

  (k) performing other legal services as the Debtors may request and as may be necessary for their effective representation during the pendency of the cases;

  (l) rendering general corporate advice, including without limitation advice related to periodic public reporting, board of directors support, executive compensation and disclosures, and general advise relating to securities; and

  (m) and other services related to the foregoing.

4. Thompson Hine shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, the Local Rules and any other applicable procedures and orders of the Court. Thompson Hine intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures set forth in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11Cases Effective as November 1, 2013 in connection with the Application and interim and final fee applications filed by Thompson Hine in these Chapter 11 Cases.

5. All fees and expenses incurred by Thompson Hine and approved by the Court shall be treated as administrative expenses under section 503 of the Bankruptcy Code.

6. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. The Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

8. This Court shall retain exclusive jurisdiction to hear and decide any and all disputes related to or arising from the implementation, interpretation and enforcement of this Order.

<u>EXHIBIT B</u>
<u>(Lepene Declaration)</u>

00055294.1

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WILLIAMS INDUSTRIAL SERVICES GROUP INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10961-BLS<br><br>(Jointly Administered) |

## DECLARATION OF ALAN R. LEPENE IN SUPPORT OF DEBTORS' APPLICATION FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF THOMPSON HINE LLP AS COUNSEL TO THE DEBTORS AND DEBTORS-IN-POSSESSION EFFECTIVE AS OF THE PETITION DATE

I, Alan R. Lepene, being duly sworn, state the following under the penalty of perjury:

1. I am a partner with Thompson Hine LLP ("Thompson Hine") and am duly authorized to execute this Declaration ("Declaration") on its behalf. I offer this Declaration pursuant to 11 U.S.C. §§ 327 and 328, Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure, and 2014-1 of the Local Rules of Bankruptcy Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") in support of the Application of the Debtors to Employ Thompson Hine LLP as Counsel Effective as of the Petition Date (the "Application").[2]

2. My office is located at 3900 Key Tower, 127 Public Square, Cleveland, Ohio 44114. I am admitted to practice in and am a member in good standing of the bar of the State of Ohio. Concurrently with this Application, the Debtors file an Application seeking to retain

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Williams Industrial Services Group Inc. (1378), Williams Industrial Services Group, LLC (2666), Williams Industrial Services, LLC (0406), Williams Plant Services, LLC (9575), Williams Specialty Services, LLC (9578), WISG Electrical, LLC (6918), Construction & Maintenance Professionals, LLC (0925), Williams Global Services, Inc. (3708), Steam Enterprises, LLC (9177), GPEG LLC (5707), Global Power Professional Services, Inc. (2550), WISG Canada Ltd. (B.N. 6518), WISG Nuclear Ltd. (B.N. 3510), and WISG Electrical Ltd. (B.N. 2116). The location of the Debtors' corporate headquarters and service address is: 200 Ashford Center N, Suite 425, Atlanta, GA 30338.

[2] All capitalized terms used but undefined herein shall have the meanings ascribed in the Application.

00055294.1

Chipman Brown Cicero & Cole, LLP as local counsel ("Chipman Brown"). Chipman Brown has filed a motion in this Court seeking my admission on a *pro hac vice* basis, which was granted on July 25, 2023 [Dkt. No. 55].

3.  In addition to the above-mentioned office in Cleveland, Ohio, my firm also has offices in New York, New York; Washington, D.C.; Atlanta, Georgia; Chicago, Illinois, and in Columbus, Cincinnati, and Dayton, Ohio. Thompson Hine currently employs approximately 400 lawyers, and its client base includes many public and private corporations, government entities, not-for-profit organizations, and individuals. Thompson Hine has expertise in most areas of U.S. law, especially bankruptcy, restructuring, regulatory, corporate, and commercial litigation.

4.  All of the facts stated herein are based upon my personal knowledge, or information provided to me by members of Thompson Hine. If called as a witness, I could and would testify competently to the facts set forth herein. To the extent any information disclosed herein should ever require an amendment or supplementation upon Thompson Hine's further analysis or as additional creditor information becomes available, a supplemental declaration will be submitted to this Court.

5.  Within one year prior to the filing of Debtors' chapter 11 petitions on July 22, 2023, and as compensation for services rendered in contemplation of, or in connection with, the Debtors' chapter 11 cases, Thompson Hine received $464,000 for legal services rendered during the period from March 1, 2023 through July 21, 2023 in connection with the preparation for the filings.

6.  Thompson Hine additionally received $1,049,900 for all other corporate legal services provided during the period from March 1, 2023 through July 21, 2023 that the Debtors contemplated the possible need to file chapter 11 petitions, including, without limitation, advice

regarding the Debtors' strategic review process, the negotiation and documentation of a proposed sale of the Debtors' assets, amendments to the Debtors' credit facilities, litigation services, general corporate advice, advice related to periodic public reporting, support for board of directors meetings, advice regarding executive compensation, preparation of compensation disclosure and general securities advice.

7. As of the Petition Date, the balance due for services rendered in connection with the preparation for the filing was approximately $125,000, and $514,492 for all other legal services rendered (i.e., totaling approximately $639,492 outstanding and unpaid as of the Petition Date). So that it may remain disinterested for purposes of Sections 101(14) and 327(a) of the Bankruptcy Code, and for purposes of this Motion, Thompson Hine has agreed to waive its claim for all outstanding prepetition amounts owed to it by Debtors as of the Petition Date, including without limitation the aforementioned total.

8. The source of the compensation paid to Thompson Hine was the Debtors. Thompson Hine has neither shared nor agreed to share any compensation it has received or may receive with another party or person, other than with partners, counsel, associates and contract attorneys associated with Thompson Hine or any compensation another person or party has received or may receive.

9. The Debtors have agreed, subject to Court approval, to pay Thompson Hine for the legal services rendered or to be rendered by their attorneys and other personnel in connection with these Chapter 11 Cases on the Debtors' behalf. The Debtors have also agreed, subject to Court approval, to reimburse Thompson Hine for its actual and necessary expenses incurred in connection with these Chapter 11 Cases. The Debtors will review prospective budgets and staffing plans to be submitted by Thompson Hine during these Chapter 11 Cases, and will have a

full opportunity to review all of Thompson Hine's fees and expenses as set forth in the monthly and interim fee applications to be submitted by Thompson Hine to the Court. No agreement or understanding exists between Thompson Hine and any other person for any division or sharing of compensation that is prohibited by statute.

10. Thompson Hine has conducted conflict of interest surveys covering the following entities and individuals: the Debtors and their respective professionals, affiliates, officers and directors, secured lenders, consolidated top thirty unsecured creditors, litigation parties, landlords, utilities, and taxing authorities. Based on the survey results, to the best of my knowledge, information, and belief, Thompson Hine does not represent any creditor or other party in interest in matters involving the Debtors or in connection with these cases.

11. However, on the basis of the survey results, Thompson Hine has in the past, currently does, and/or may in the future represent several parties that are parties in interest in these cases in unrelated matters as discussed below.

## UNRELATED REPRESENTATIONS

12. As a result of its conflict surveys, Thompson Hine has discerned that it currently represents, in unrelated matters (collectively, the "Unrelated Representations"): Truist Financial Corporation, f/k/a/ Branch Banking and Trust Company ("Truist Bank"); Bankdirect Capital Finance, LLC; PNC Bank, N.A. Eric Smith; Frontier Communications Corporation; Southeastern Systems, Inc.; Verizon Wireless; ADT Commercial LLC; and Apex Oil Company, Inc.

13. Thompson Hine believes the Unrelated Representations bear no relation to these chapter 11 cases and do not involve any client information that is relevant to or related to the chapter 11 estates. If any representation of the Debtors should emerge that would implicate any of the Unrelated Representations, the Debtors will seek to retain another law firm without a

conflicted interest to handle the matter in question. For these reasons, the Unrelated Representations do not implicate any actual or potential conflict of interest.

14. Thompson Hine will not act on behalf of any party in interest in any representation that will implicate the Debtor in these cases.

15. To the best of my knowledge, information, and belief, Thompson Hine has not represented, and does not represent, any insider of the Debtors, as defined in §§ 101(2) and (31) of the Bankruptcy Code.

16. To the best of my knowledge, information, and belief, neither I nor any partner, associate, or professional employee of Thompson Hine is related to the judges of the United States Bankruptcy Court for the District of Delaware, the United States Trustee for this region, or any other person employed in the office of the United States Trustee, nor has any partner, associate, or professional employee of Thompson Hine be so connected with any judge or the United States Trustee so as to render the firm's retention improper.

17. To the best of my knowledge, information, and belief, no partner or associate of Thompson Hine has any connection with the Debtors, the professionals in the cases, the Debtors' creditors, or any other party-in-interest, other than specifically set forth above, and Thompson Hine neither represents nor holds an interest adverse to the Debtors' estates.

18. Based upon the foregoing, and the fact that Thompson Hine will not represent any creditor or party in interest in connection with the Debtors, these cases, or any related proceeding, Thompson Hine believes it is "disinterested" within the meaning of § 101(14) of the Bankruptcy Code and does not hold or represent an interest adverse to the estates.

19. Thompson Hine has a large and diverse law practice. Accordingly, despite the efforts described above to identify and disclose my firm's connections with parties in interest in

these proceedings, due to the volume of known and unknown potentially affected parties, I am unable to state with absolute certainty that every client relationship or other connection has been disclosed. In this regard, Thompson Hine will continue to update its conflicts searches as it obtains new information concerning the identity of affected parties, and it will, as mentioned, supplement this Declaration if, when, and as necessary, and as promptly as possible, to disclose any further pertinent relationships that may require disclosure in these chapter 11 cases.

20. By reason of the foregoing, I believe Thompson Hine is eligible for employment and retention by the Debtors pursuant to § 327(a) of the Bankruptcy Code and the applicable rules.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: August 9, 2023                                             */s/ Alan R. Lepene*
                                                                                    Alan R. Lepene