**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Williams Industrial Services Group Inc., et al, *et al*.<br><br><br><br><br>Debtors. | Chapter 11<br>Case No. 23-10961 (BLS)<br>Jointly Administered<br><br>Hearing Date: August 17, 2023 at 10:00 a.m.<br>Objection Deadline: August 10, 2023 at 4:00 p.m.<br><br>Re: Docket No. 33 |

**OBJECTION OF CIGNA TO DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) APPROVING BIDDING PROCEDURES FOR THE SALE OF ASSETS, (II) SCHEDULING HEARINGS AND OBJECTION DEADLINES WITH RESPECT TO THE DEBTORS' AUTHORITY TO SELL, (III) SCHEDULING BID DEADLINES AND AN AUCTION, (IV) APPROVING THE FORM AND MANNER OF NOTICE THEREOF, (V) APPROVING CONTRACT ASSUMPTION AND ASSIGNMENT PROCEDURES, AND (VI) GRANTING RELATED RELIEF**

Cigna Health and Life Insurance Company ("Cigna") hereby objects to the Sale Procedures (defined below) proposed by the *Motion for Entry of an Order (I) Approving Bidding Procedures for the Sale of Assets, (II) Scheduling Hearings and Objection Deadlines With Respect to the Debtors' Authority to Sell, (III) Scheduling Bid Deadlines and an Auction, (IV) Approving the Form and Manner of Notice Thereof, (V) Approving Contract Assumption and Assignment Procedures, and (VI) Granting Related Relief* [Docket No. 33] ("Sale Motion"), and in support thereof, respectfully states as follows:

**BACKGROUND**

1. Cigna and Debtors are parties to the following insurance policies (collectively, "Employee Benefits Agreements") pursuant to which Cigna provides group medical, dental, vision, accident, critical illness and hospital indemnity benefits for Debtors' employee benefits plan:

- Group Medical, Dental and Vision Policy, as amended
- Group Accident Indemnity Policy, #AI110198

- Group Critical Illness Policy, #CI110194
- Group Hospital Indemnity Policy, #HC110159.

2. Pursuant to the Sale Motion, Debtors seek this Court's approval for the sale of substantially all of their assets ("Sale") to a to-be-determined purchaser ("Purchaser"). The Debtors initially seek approval of procedures governing the Sale process ("Sale Procedures").

3. The Sale Procedures include procedures that will govern the assumption and assignment of certain of Debtors' executory contracts to the Purchaser as part of the Sale. No list of the executory contracts sought to be assumed and assigned pursuant to the Sale is included in the Motion. Instead, the Debtors propose to provide various notices to the non-Debtor parties to executory contracts ("Contract Counterparties").

4. The Sale Motion proposes that, following the entry of an order approving the Sale Procedures, the Debtors will file and serve a Notice of Potential Assumption and Assignment[1] ("Cure Notice") listing some or all of the Debtors' executory contracts that may be assumed and assigned as part of the Sale, and proposed cure amounts for each. Sale Motion, ¶ 30. The contracts listed in the Cure Notice may or may not be assumed and assigned as part of the Sale. Sale Motion, ¶ 39; *see also*, proposed order approving the Sale Procedures [Docket No. 33-2] ("Proposed Procedures Order"), ¶ 26.

5. The Sale Motion further proposes that the Debtors may add or remove contracts from previous notices, and alter proposed cure amounts, by filing Supplemental Cure Notices. Sale Motion, ¶ 33. Importantly, the Debtors seek permission to serve such Supplemental Cure Notices "at any time," with no limitations. *Id*. (emphasis added); *see also*, Proposed Procedures Order, ¶ 23(5).

---

[1] Capitalized terms not defined herein have the meaning ascribed to them in the Sale Motion.

6.      The proposed Sale Procedures do not require the Debtors to provide notice of the contracts actually proposed to be assumed and assigned to the Purchaser ("Assigned Contracts") prior to the hearing for approval of the Sale ("Sale Hearing"), or even prior to the closing of the Sale ("Closing"). *See* Sale Motion, Exhibit D, proposed Sale Order, ¶ V. Only those contracts listed on "a schedule of assumed and assigned contracts attached to a definitive sale agreement with the Successful Bidder" will be assumed and assigned.[2] Proposed Procedures Order ¶ 26. No notice of a "final" list of Assigned Contracts is to be filed. Thus, neither the Cure Notice nor any other notice proposed by the Debtors will provide Contract Counterparties with definitive notice of their inclusion in or exclusion from the list of Assigned Contracts.

7.      At bottom, the Sale Motion seeks this Court's approval of a process that will give the Debtors *carte blanche* authority with which they can assume and assign any or all of their contracts without meaningful notice to Contract Counterparties prior to the hearing where approval of such assumption and assignment will be sought.

## **OBJECTION**

8.      Cigna objects to the proposed Sale Procedures because, *inter alia*, they do not provide for adequate and definitive notice of the proposed disposition of the Employee Benefits Agreements in the context of the Sale.

9.      Through the Sale Motion, the Debtors seek this Court's approval of the potential assumption and assignment of a subset of the Debtors' executory contracts that will be undefined as of the Sale Hearing. Further, the proposed Sale Procedures would permit the universe of Assigned Contracts to remain fluid through Closing, and would provide for no meaningful notice of disposition to Contract Counterparties. The process proposed by the Debtors will leave Cigna

---

[2] The Stalking Horse APA, filed as Exhibit A to the Sale Motion, contains no schedule of assumed and assigned contracts.

with no certainty as to the proposed disposition of the Employee Benefits Agreements in the context of the Sale, even after the entry of the Sale Order that will authorize such disposition. This is directly contrary to the letter and spirit of Rule 6006(f)(2) of the Federal Rules of Bankruptcy Procedure.

10. Because the Employee Benefits Agreements provide employee benefits that should not be disrupted without substantial notice, definitive notice of Debtors' intention with regard to the Employee Benefits Agreements must be provided prior to the Sale Hearing, and far in advance of Closing. The proposed Sale Procedures should be altered to provide that written, irrevocable (subject to Closing of the Sale) notice of proposed disposition of the Employee Benefits Agreements in the context of the Sale must be provided to Cigna and its undersigned counsel at least five (5) business days prior to the Sale Hearing.[3]

WHEREFORE, Cigna respectfully requests that this Court enter an order that: (i) denies the approval of the proposed Sale Procedures except as consistent with the foregoing; and (ii) grants Cigna such additional relief as this Court deems just and equitable.

Dated: August 9, 2023              CONNOLLY GALLAGHER LLP

/s/ Jeffrey C. Wisler
Jeffrey C. Wisler (#2795)
1201 North Market Street, 20th Floor
Wilmington, DE 19801
Telephone:    (302) 757-7300
Facsimile:     (302) 658-0380
jwisler@connollygallagher.com

Counsel for Cigna Health and Life Insurance Company

#05752528

---

[3] To be clear, Cigna does not seek to compel the assumption and assignment of the Employee Benefits Agreements as part of the Sale. Rather, it seeks adequate notice as to whether the Employee Benefits Agreements will or will not be assumed and assigned as part of the Sale.