## **EXHIBIT A**

**Revised Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| WILLIAMS INDUSTRIAL SERVICES GROUP INC., *et al.*,[1] | Case No. 23-10961-BLS |
| | (Jointly Administered) |
| Debtors. | **Re. Docket No. 140, 220** |

**ORDER GRANTING DEBTORS' APPLICATION FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF THOMPSON HINE LLP AS COUNSEL TO THE DEBTORS AND DEBTORS-IN-POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order authorizing the Debtors to employ Thompson Hine LLP ("Thompson Hine") as their bankruptcy counsel, *nunc pro tunc* to the Petition Date, and the declarations of (a) Alan R. Lepene, a partner at Thompson Hine (the "Lepene Declaration", and (b) the Supplemental Declaration of Sean A. Gordon, a partner at Thompson Hine (the "Gordon Declaration," and together with the Lepene Declaration, collective, the "Declarations") filed in support of the Application; the Court having reviewed the Application and Declarations; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding under 28 U.S.C. § 157(b)(2); and notice of the Application being sufficient under the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Williams Industrial Services Group Inc. (1378), Williams Industrial Services Group, LLC (2666), Williams Industrial Services, LLC (0406), Williams Plant Services, LLC (9575), Williams Specialty Services, LLC (9578), WISG Electrical, LLC (6918), Construction & Maintenance Professionals, LLC (0925), Williams Global Services, Inc. (3708), Steam Enterprises, LLC (9177), GPEG LLC (5707), Global Power Professional Services, Inc. (2550), WISG Canada Ltd. (B.N. 6518), WISG Nuclear Ltd. (B.N. 3510), and WISG Electrical Ltd. (B.N. 2116). The location of the Debtors' corporate headquarters and service address is: 200 Ashford Center N, Suite 425, Atlanta, GA 30338.

[2] Capitalized terms used but undefined herein have the meanings ascribed in the Application.

circumstances; and it appearing that no other or further notice need be provided; and it appearing

that Thompson Hine is "disinterested" within the meaning of 11 U.S.C. § 101(14), it does not hold

or represent an interest adverse to the estate, and it has satisfied the requirements of 11 U.S.C. § 327

and Rule 2014 of the Federal Rules of Bankruptcy Procedure; and all capitalized terms used in this

Order and not otherwise defined herein shall have the meaning given them in the Application; and

the Court having determined that the relief sought in the Application is in the best interests of the

Debtors, their estates and creditors; and after due deliberation and sufficient cause appearing

therefor; IT IS HEREBY ORDERED THAT:

1.      The Motion is granted to the extent set forth herein.

2.      All objections to the entry of this Order, to the extent not withdrawn or settled, are

overruled.

3.      The Debtors are authorized to employ and retain Thompson Hine *nunc pro tunc* to

the Petition Date for the following purposes:

(a)      assisting the Debtors in the preparation of motions and filings required by
the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any order of this
Court;

(b)      assisting the Debtors with respect to agreements to provide DIP financing;

(c)      assisting the Debtors in consultations, negotiations, and all other dealings
with creditors, equity security holders, and other parties-in-interest concerning case
administration;

(d)      preparing pleadings, conducting investigations, and making court
appearances incidental to the administration of the Debtors' estates;

(e)      advising the Debtors of their rights, duties, and obligations under the
Bankruptcy Code, the Bankruptcy Rules and Local Rules, and Orders of this Court;

(f)      assisting the Debtors in the proposed sale of operating assets in
accordance with Bankruptcy Code section 363;

(g)     assisting in the development and formulation of strategies to maximize value to the estate;

(h)     representing the Debtors in litigation matters, including any contested matters or adversary proceedings, whether commenced by or against them or the estates;

(i)     assisting the Debtors in claims reconciliation and distribution, including negotiating, settling, and liquidating claims and prosecuting claim objections;

(j)     representing the Debtors in the liquidation or other disposition of remaining estate assets;

(k)     performing other legal services as the Debtors may request and as may be necessary for their effective representation during the pendency of the cases;

(l)     rendering general corporate advice, including without limitation advice related to periodic public reporting, board of directors support, executive compensation and disclosures, and general advice relating to securities; and

(m)     and other services related to the foregoing.

4.      Thompson Hine shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, the Local Rules and any other applicable procedures and orders of the Court. Thompson Hine intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures set forth in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11Cases Effective as November 1, 2013 in connection with the Application and interim and final fee applications filed by Thompson Hine in these Chapter 11 Cases.

5.      All fees and expenses incurred by Thompson Hine and approved by the Court shall be treated as administrative expenses under section 503 of the Bankruptcy Code.

6.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

00057526.2

7.      The Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

8.      This Court shall retain exclusive jurisdiction to hear and decide any and all disputes related to or arising from the implementation, interpretation and enforcement of this Order.