# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WILLIAMS INDUSTRIAL SERVICES GROUP INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10961 (BLS)<br><br>(Jointly Administered)<br><br>**Related Docket No. 227** |

**MOTION FOR ORDER SHORTENING NOTICE PERIOD FOR AND SCHEDULING DEBTORS' EXPEDITED MOTION FOR ENTRY OF AN INTERIM AND FINAL ORDER (A) ESTABLISHING NOTICE AND HEARING PROCEDURES FOR TRADING IN EQUITY SECURITIES IN WILLIAMS INDUSTRIAL SERVICES GROUP INC.; AND (B) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), hereby move (this "**Motion**") this Court for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), pursuant to sections 105(a), 362(a)(2) and 541 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 9006(c) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 9006-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**") for entry of an order shortening the notice period for the *Debtors' Expedited Motion for Entry of an Interim And Final Order (A) Establishing Notice And Hearing Procedures For Trading In Equity Securities In Williams Industrial Services Group Inc.; And (B)*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Williams Industrial Services Group Inc. (1378), Williams Industrial Services Group, LLC (2666), Williams Industrial Services, LLC (0406), Williams Plant Services, LLC (9575), Williams Specialty Services, LLC (9578), WISG Electrical, LLC (6918), Construction & Maintenance Professionals, LLC (0925), Williams Global Services, Inc. (3708), Steam Enterprises, LLC (9177), GPEG LLC (5707), Global Power Professional Services, Inc. (2550), WISG Canada Ltd. (B.N. 6518), WISG Nuclear Ltd. (B.N. 3510), and WISG Electrical Ltd. (B.N. 2116). The location of the Debtors' corporate headquarters and service address is: 200 Ashford Center N, Suite 425, Atlanta, GA 30338.

*Granting Certain Related Relief* [Docket No. 227] (the "**NOL Motion**"),[2] scheduling a hearing on the interim relief requested in the NOL Motion for **August 30, 2023, at 2:00 p.m. (Eastern)** (the "**NOL Hearing**") and permitting objections to the interim relief requested in the NOL Motion to be filed up until the NOL Hearing (the "**Proposed Objection Deadline**"). In support of this Motion, the Debtors represent as follows:

## RELIEF REQUESTED

1. The Debtors respectfully request entry of the Proposed Order shortening notice and scheduling an expedited hearing on the NOL Motion, because time is of the essence in grating the NOL Motion. As set forth herein, any delay in obtaining the relief requested on an interim basis in the NOL Motion could lead to significant negative consequences for the Debtors, their estates, creditors, stakeholders, and other parties in interest, including, among other things, the potential for a change in ownership triggering the loss of significant and potentially valuable NOLs that might otherwise be available to the Debtors and their estates.

## JURISDICTION AND VENUE

2. The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. The Debtors confirm their consent, pursuant to Local Rule 9013-f, to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the NOL Motion.

4. Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

5. The legal predicate for the relief requested herein is section 105(a) of the Bankruptcy Code. The relief is also appropriate in accordance with Bankruptcy Rule 9006, and Local Rule 9006-1.

## BACKGROUND

6. On July 22, 2023 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in this Court.

7. The Debtors have continued in possession of their properties and have continued to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

8. No request has been made for the appointment of a trustee or examiner. On August 2, 2023, the Office of the United States Trustee appointed an official committee of unsecured creditors in these Chapter 11 bankruptcy cases (the "**Committee**").

9. The factual background relating to the Debtors' commencement of these cases is set forth in detail in the *Declaration of Tracy Pagliara in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 2] filed on the Petition Date and incorporated herein by reference.

10. Debtors filed contemporaneously herewith the NOL Motion seeking the entry of an order that would establish, among other things, standard trading restrictions with respect to the publicly traded equity of Debtor Williams Industrial Services Group Inc.

## BASIS FOR RELIEF REQUESTED AND APPLICABLE AUTHORITY

11. Motions, like the NOL Motion, filed pursuant to Bankruptcy Rules 3001 and 6004 are contested matters that implicate Bankruptcy Rule 9014, which, in turn, requires service in accordance with Bankruptcy Rule 9006(d). Bankruptcy Rule 9006(d) provides that motions "shall be served not later than seven days before the time specified for . . . hearing" on the motion. Fed.

R. Bankr. P. 9006(d).  Such rule further provides that Court may determine to hear relief requested in any contested matter on an "ex parte" basis.  *Id.*

12. In addition, Bankruptcy Rule 9006(c) provides that when an act is required to be done within a specified time, "the court for cause shown may in its discretion with or without motion or notice order the period reduced."  Local Rule 9006-1(e) allows a party to request shortened notice for a hearing on any motion upon written request specifying the exigencies supporting the requested relief. *See* Local Rule 9006-1(e).

13. Thus, the Court could consider the relief requested in the NOL Motion, certainly on an interim basis, with little or no notice, as often happens in first day hearings for entities with publicly traded equity.  By this Motion, the Debtors request entry of order granting the relief requested in the NOL Motion on an interim basis on essentially the same time frame as would otherwise apply if the requested hearing were a first day hearing.

14. Moreover, as set forth in the NOL Motion, the passage of any additional time without the entry of the requested order and the corresponding procedures for trading in securities of the Debtors by Substantial Shareholders increases the risk to the Debtors and their estates of the loss of Tax Attributes that could have value.  Tasked with other pressing matters, including the pending sale of substantially all of the Debtors' assets, the Debtors and their professionals have prepared and filed the NOL Motion as quickly as possible.  Moreover, if the interim relief requested in the NOL Motion is granted, the Debtors intend to serve the NOL Motion and notice of the final hearing on such motion on those parties requesting notice in accordance with Bankruptcy Rule 2002 and to provide such persons and entities with the full notice required by Local Rule 9006-1(c)(1).

15. Accordingly, the Debtors seek to shorten the notice period for the hearing on the interim relief sought through the NOL Motion so that such relief may be considered by the Court at the omnibus hearing scheduled on August 30, 2023, at 2:00 p.m. (Eastern).

16. In accordance with Local Rule 9006-1(e), counsel to the Debtors contacted counsel for the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**"), counsel for the Committee, and counsel for the Debtors' secured lenders. The U.S. Trustee has indicated it is still considering the relief requested herein. Neither the Committee nor the Debtors' secured lenders object to the relief requested herein.

17. Accordingly, based upon the foregoing, the Debtors respectfully request that the Court shorten the time for notice of the NOL Motion so that the NOL Motion may be heard, on an interim basis, at the NOL Hearing and further require that any objections to the NOL Motion be permitted to be raised at any time before or during such hearing.

18. No previous request for the relief sought therein has been made to this Court or any other court.

WHEREFORE, for the foregoing reasons, the Debtors respectfully request that this Court enter the Proposed Order, substantially in the form filed herewith, granting the relief requested herein and such other and further relief as may be just and proper.

| | |
|---|---|
| Dated: August 29, 2023<br>Wilmington, Delaware | **CHIPMAN BROWN CICERO & COLE, LLP** |

/s/ Mark L. Desgrosseilliers
Mark L. Desgrosseilliers (No. 4083)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone: (302) 295-0192
*desgross@chipmanbrown.com*

 -and-

 Sean A. Gordon (admitted *pro hac vice*)
 Austin B. Alexander (admitted *pro hac vice*)
 **THOMPSON HINE LLP**
 Two Alliance Center
 3560 Lenox Road NE, Suite 1600
 Atlanta, Georgia 30326-4266
 Telephone: (404) 541-2900
 Facsimile: (404) 541-2905
 *Sean.Gordon@thompsonhine.com*
 *Austin.Alexander@thompsonhine.com*

 Alan R. Lepene (admitted *pro hac vice*)
 Scott B. Lepene (admitted *pro hac vice*)
 **THOMPSON HINE LLP**
 3900 Key Center
 127 Public Square
 Cleveland, Ohio 44114-1291
 Telephone: (216) 566-5500
 Facsimile: (216) 566-5800
 *Alan.Lepene@thompsonhine.com*
 *Scott.Lepene@thompsonhine.com*

 *Counsel for Debtors*