## **EXHIBIT A**

**Revised Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WILLIAMS INDUSTRIAL SERVICES GROUP INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10961-BLS<br><br>(Jointly Administered)<br><br>Re. Docket No. 136 |

## ORDER (I) AUTHORIZING EMPLOYMENT AND RETENTION OF G2 CAPITAL ADVISORS, LLC AS FINANCIAL ADVISOR, EFFECTIVE AS OF PETITION DATE, AND (II) GRANTING RELATED RELIEF

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (a) authorizing the employment and retention of G2 Capital Advisors, LLC ("G2"), as financial advisor, effective as of the Petition Date, under the terms of the Amended Engagement Letter, a copy of which is attached to the Application as **Exhibit C**, and (b) granting related relief, all as more fully set forth in the Application; and this Court having reviewed the Application and the Arrigoni Declaration; and this Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Williams Industrial Services Group Inc. (1378), Williams Industrial Services Group, LLC (2666), Williams Industrial Services, LLC (0406), Williams Plant Services, LLC (9575), Williams Specialty Services, LLC (9578), WISG Electrical, LLC (6918), Construction & Maintenance Professionals, LLC (0925), Williams Global Services, Inc. (3708), Steam Enterprises, LLC (9177), GPEG LLC (5707), Global Power Professional Services, Inc. (2550), WISG Canada Ltd. (B.N. 6518), WISG Nuclear Ltd. (B.N. 3510), and WISG Electrical Ltd. (B.N. 2116). The location of the Debtors' corporate headquarters and service address is: 200 Ashford Center N, Suite 425, Atlanta, GA 30338.

[2] Capitalized terms used but undefined herein have the meanings ascribed in the Application.

proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Application has been given and that no other or further notice is necessary; and this Court having found, based on the representations made in the Application and the Arrigoni Declaration, that G2 is a "disinterested person" as such term is defined under section 101(14) of the Bankruptcy Code; and it appearing that the employment of G2 is in the best interests of the Debtors, their estates, and creditors; and after due deliberation thereon; and this Court having determined that there is good and sufficient cause for the relief granted in this Order, therefore, IT IS HEREBY ORDERED THAT:

1. The Motion is granted to the extent set forth herein.

2. All objections to the entry of this Order, to the extent not withdrawn or settled, are overruled.

3. The Debtors are authorized, pursuant to Bankruptcy Code Sections 327(a) and 328(a), to retain and employ G2 as financial advisor, effective as of the Petition Date, under the terms of the Amended Engagement Letter, as modified by this Order.

4. The Debtors are authorized to compensate and reimburse G2 consistent with the terms of the Amended Engagement Letter, subject to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable orders of this Court, provided, however, that G2 shall not seek reimbursement for any attorneys' fees or expenses for the defense against any formal objection to its fee applications filed in the Chapter 11 Cases.

5. G2 is authorized to provide the Debtors with the professional services described in the Application.

6. G2 shall use its reasonable best efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in the Chapter 11 Cases.

7. The Indemnification Provisions in the Amended Engagement Letter are approved subject to the following modifications during the pendency of the Chapter 11 Cases

   a. G2 shall not be entitled to indemnification, contribution or reimbursement pursuant to the Agreement for services, unless such services and the indemnification, contribution or reimbursement therefore are approved by this Court;

   b. The Debtors shall have no obligation to indemnify G2, or provide contribution or reimbursement to G2, for any claim or expense to the extent it is either: (i) judicially determined (the determination having become final and no longer subject to appeal) to have arisen from G2's gross negligence, willful misconduct or bad faith; (ii) for a contractual dispute in which the Committee or the Debtors allege breach of G2's contractual obligations, unless this Court determines that indemnification, contribution or reimbursement would be permissible pursuant to applicable law; or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing pursuant to subparagraph (c) hereof to be a claim or expense for which G2 should not receive indemnity, contribution or reimbursement under the terms of the Agreement, as modified by this Order; and

   c. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in the Chapter 11 Cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing the Chapter 11 Cases, G2 believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Agreement (as modified by this Order), including without limitation, the advancement of defense costs, G2 must file an application therefor in this Court, and the Debtors may not pay any such amounts to G2 before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses by G2 for indemnification, contribution and/or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify, or make contributions or reimbursements to, G2. All parties in interest shall retain the right to object to any demand by G2 for indemnification, contribution and/or reimbursement.

8. During the course of the bankruptcy cases, any limitation of liability provisions in the Engagement Letter shall have no force or effect.

9. Notwithstanding anything in the Amended Engagement Letter to the contrary, this Court shall retain jurisdiction over any and all matters arising under or in connection with G2's engagement by the Debtors and the Amended Engagement Letter, including the Indemnification Provisions.

10. G2 shall file fee applications for allowance of compensation and reimbursement of fees and expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines, and any other applicable procedures established by this Court.

11. In the event that, during the pendency of the Chapter 11 Cases, G2 seeks reimbursement for any attorneys' fees or expenses, the invoices and supporting time records from such attorneys, appropriately redacted to preserve applicable privileges, shall be included in G2's fee applications and such invoices and time records shall be in compliance with the Local Rules, and shall be subject to the U.S. Trustee Guidelines and approval of this Court under the standards of Bankruptcy Code sections 330 and 331, without regard to whether such attorney has been retained under Bankruptcy Code section 327; *provided*, that G2 shall not seek reimbursement from the Debtors' estates for any attorney's fees incurred in defending against objections to any of G2's fee applications filed in the Chapter 11 Cases.

12. To the extent that there is any inconsistency between the terms of the Application, the Arrigoni Declaration, the Amended Engagement Letter, and this Order, the terms of this Order shall govern.

13. The Debtors are hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Order in accordance with the Application.

14. Notwithstanding the possible applicability of Bankruptcy Rule 6004, 7062, or 9014, this Order shall be effective and enforceable upon entry hereof.

15. The relief granted herein shall be binding upon any chapter 11 trustee appointed in the Chapter 11 Cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of the Chapter 11 Cases to cases under chapter 7 provided, however, notwithstanding anything in the Amended Engagement Letter or this Order to the contrary, the Amended Engagement Letter shall not be construed as requiring (i) any chapter 7 trustee to employ G2 following any conversion of the cases to chapter 7; or (ii) the treatment of any fees earned and payable to G2 during the chapter 11 cases as an administrative expense in a chapter 7 proceeding. For the avoidance of doubt, all rights of any chapter 7 trustee are reserved.

16. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.