# EXHIBIT A

**Revised Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WILLIAMS INDUSTRIAL SERVICES GROUP INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10961-BLS<br><br>(Jointly Administered)<br><br>**Re. Docket No. 138** |

### ORDER (I) AUTHORIZING EMPLOYMENT AND RETENTION OF GREENHILL & CO., LLC AS INVESTMENT BANKER, EFFECTIVE AS OF PETITION DATE, AND (II) GRANTING RELATED RELIEF

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (a) authorizing the employment and retention of Greenhill & Co., LLC ("Greenhill"), as its investment banker, effective as of the Petition Date, under the terms of the Engagement Letter dated June 29, 2023, effective as of December 21, 2022, as modified by the Application, a copy of which is attached to the Application as **Exhibit C**, and (b) granting related relief, all as more fully set forth in the Application; and this Court having reviewed the Application and the Mendelsohn Declaration; and this Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Williams Industrial Services Group Inc. (1378), Williams Industrial Services Group, LLC (2666), Williams Industrial Services, LLC (0406), Williams Plant Services, LLC (9575), Williams Specialty Services, LLC (9578), WISG Electrical, LLC (6918), Construction & Maintenance Professionals, LLC (0925), Williams Global Services, Inc. (3708), Steam Enterprises, LLC (9177), GPEG LLC (5707), Global Power Professional Services, Inc. (2550), WISG Canada Ltd. (B.N. 6518), WISG Nuclear Ltd. (B.N. 3510), and WISG Electrical Ltd. (B.N. 2116). The location of the Debtors' corporate headquarters and service address is: 200 Ashford Center N, Suite 425, Atlanta, GA 30338.

[2] Capitalized terms used but undefined herein have the meanings ascribed in the Application.

00057488.3

with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Application has been given and that no other or further notice is necessary; and this Court having found, based on the representations made in the Application and the Mendelsohn Declaration, that Greenhill is a "disinterested person" as such term is defined under section 101(14) of the Bankruptcy Code; and it appearing that the employment of Greenhill is in the best interests of the Debtors, their estates, and creditors; and this Court having found that the terms and conditions of Greenhill's employment set forth in the Engagement Letter (including the fee and expense structure), as modified by the Application, are reasonable as required by section 328(a) of the Bankruptcy Code; and upon the record herein; and after due deliberation thereon; and this Court having determined that there is good and sufficient cause for the relief granted in this Order, therefore, IT IS HEREBY ORDERED THAT:

1. The Application is granted to the extent set forth herein.

2. All objections to the entry of this Order, to the extent not withdrawn or settled, are overruled.

3. The Debtors are authorized to retain and employ Greenhill as investment banker, effective as of the Petition Date, under the terms of the Application and the Engagement Letter, as modified by this Order. Notwithstanding the foregoing, the agreed compensation of Greenhill shall be reduced by $100,000.00, and in connection with this reduction, Greenhill agrees that it will waive its last monthly payment in the amount of $100,000.00 as otherwise indicated in its Engagement Letter.

4. None of the fees payable to Greenhill shall constitute a "bonus" or fee enhancement under applicable law.

5. The Debtors are authorized to compensate and reimburse Greenhill consistent with the terms of the Engagement Letter, as modified by the Application, subject to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable orders of this Court, provided, however, that Greenhill shall not seek reimbursement for any attorneys' fees or expenses for the defense against any formal objection to its fee applications filed in the Chapter 11 Cases.

6. The requirements of the Bankruptcy Code, the Bankruptcy Rules, and Local Bankruptcy Rule 2016-2 are hereby modified such that Greenhill's restructuring professionals who provide services to the Debtors (with the exception of personnel in administrative departments, including legal, who shall not be required to keep time records) shall only be required to maintain summary time records in half-hour increments and shall not be required to conform to any schedules of hourly rates.

7. To the extent requested in the Application, Greenhill is granted a waiver with respect to the information requirements contained in Local Rule 2016-2(d).

8. Greenhill is authorized to provide the Debtors with the professional services described in the Application.

9. Greenhill shall use its reasonable best efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in the Chapter 11 Cases.

10. The Indemnification Provisions in the Engagement Letter are approved subject to the following modifications, application during the pendency of the Chapter 11 Cases

    a. No Indemnified Party shall be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Letter for services, unless such services and the indemnification, contribution or reimbursement therefore are approved by this Court.

  b.  The Debtors shall have no obligation to indemnify any Indemnified Parties, or provide contribution or reimbursement to any Indemnified Parties, for any claim or expense to the extent it is either: (i) judicially determined (the determination having become final and no longer subject to appeal) to have arisen from any Indemnified Parties' gross negligence, willful misconduct or bad faith; (ii) for a contractual dispute in which the Debtors allege breach of Greenhill's contractual obligations, unless this Court determines that indemnification, contribution or reimbursement would be permissible pursuant to applicable law; or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing pursuant to subparagraph (c) hereof to be a claim or expense for which the Indemnified Party should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter, as modified by this Order.

  c.  If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in the Chapter 11 Cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing the Chapter 11 Cases, an Indemnified Party believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including without limitation, the advancement of defense costs, the Indemnified Party must file an application therefor in this Court, and the Debtors may not pay any such amounts to the Indemnified Party before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses by any Indemnified Parties for indemnification, contribution and/or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify or make contributions or reimbursements to Indemnified Parties. All parties in interest shall retain the right to object to any demand by the Indemnified Parties for indemnification, contribution and/or reimbursement.

11. During the course of the bankruptcy cases, any limitation of liability provisions in the Engagement Letter shall have no force or effect.

12. Notwithstanding anything in the Engagement Letter to the contrary, this Court shall retain jurisdiction over any and all matters arising under or in connection with Greenhill's engagement by the Debtors and the Engagement Letter, including the Indemnification Provisions.

13. Greenhill shall file fee applications for monthly, interim, and final allowance of compensation and reimbursement of fees and expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines, and any other applicable procedures established by this Court; *provided*, that Greenhill's compensation shall be subject to the standard of review provided in section 328(a) of the Bankruptcy Code and not subject to any other standard of review, including under section 330 of the Bankruptcy Code.

14. Notwithstanding the preceding paragraph, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") and this Court shall retain the right to object to the compensation and fees and expenses to be paid to Greenhill pursuant to the Application and the Engagement Letter, including, without limitation, the Monthly Fee, based on the reasonableness standard provided for in section 330 of the Bankruptcy Code, and this Court shall consider any such objection by the U.S. Trustee under section 330 of the Bankruptcy Code.

15. Greenhill shall include in its monthly, interim, and final fee applications, among other things, time records setting forth, in a summary format, a description of the services rendered by each professional and the amount of time spent on each date by each such individual in rendering services on behalf of the Debtors in half-hour increments, but Greenhill shall be excused from keeping time in tenth-hour increments.

16. Notwithstanding anything in the Application, Engagement Letter, or the Mendelsohn Declaration, to the contrary, to the extent the Debtors wish to expand the scope of Greenhill's services beyond those services set forth in the Application, the Debtors shall be required to seek further approval from this Court. Notwithstanding anything in the Application, the Engagement Letter, or Mendelsohn Declaration to the contrary, Greenhill shall (a) to the extent

that Greenhill uses the services of independent contractors, subcontractors, or employees of foreign affiliates or subsidiaries (collectively, the "Contractors") in the Chapter 11 Cases, pass-through the cost of such Contractors to the Debtors at the same rate that Greenhill pays the Contractors, (b) seek reimbursement for actual costs only, (c) ensure that the Contractors are subject to the same conflict checks as required for Greenhill, and (d) file with this Court such disclosures required by Bankruptcy Rule 2014.

17. In the event that, during the pendency of the Chapter 11 Cases, Greenhill seeks reimbursement for any attorneys' fees or expenses, the invoices and supporting time records from such attorneys, appropriately redacted to preserve applicable privileges, shall be included in Greenhill's fee applications and such invoices and time records shall be in compliance with the Local Rules, and shall be subject to the U.S. Trustee Guidelines and approval of this Court under the standards of Bankruptcy Code sections 330 and 331, without regard to whether such attorney has been retained under Bankruptcy Code section 327; *provided*, that Greenhill shall not seek reimbursement from the Debtors' estates for any attorney's fees incurred in defending against objections to any of Greenhill's fee applications filed in the Chapter 11 Cases.

18. To the extent that there is any inconsistency between the terms of the Application, the Mendelsohn Declaration, the Engagement Letter, and this Order, the terms of this Order shall govern.

19. The Debtors are hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Order in accordance with the Application.

20. Notwithstanding the possible applicability of Bankruptcy Rule 6004, 7062, or 9014, this Order shall be effective and enforceable upon entry hereof.

21. The relief granted herein shall be binding upon any chapter 11 trustee appointed in the Chapter 11 Cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of the Chapter 11 Cases to cases under chapter 7.

22. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.