**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| WILLIAMS INDUSTRIAL SERVICES GROUP INC., *et al.*,[1] | Case No. 23-10961-BLS |
| | (Jointly Administered) |
| Debtors. | |

**DEBTORS' APPLICATION FOR AN ORDER (I) AUTHORIZING THE
EMPLOYMENT AND RETENTION OF MOSS ADAMS LLP AS ACCOUNTANTS TO
THE DEBTORS AND DEBTORS IN POSSESSION, EFFECTIVE AS OF PETITION
DATE, AND (II) GRANTING RELATED RELIEF**

The debtors and debtors in possession in the above-captioned action (collectively, the

"Debtors" or the "Company"), respectfully represent as follows in support of this application (this

"Application"):

**RELIEF REQUESTED**

1.      By this Application, the Debtors seek entry of an order, substantially in the form

attached hereto as **Exhibit A** (the "Proposed Order"): (a) authorizing the Debtors to employ and

retain Moss Adams LLP ("Moss Adams") as their accountants, effective as of the Petition Date

(as defined below), on the terms and conditions set forth in the engagement letters attached hereto

as **Exhibit C** (as further described below, collectively, the "Engagement Letters") as modified by

this Application[2], and (b) granting related relief. In support of this Application, the Debtors submit

the *Declaration of Pedro Gonzalez in Support of Debtors' Application for Entry of Order (I)*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Williams Industrial Services Group Inc. (1378), Williams Industrial Services Group, LLC (2666), Williams Industrial Services, LLC (0406), Williams Plant Services, LLC (9575), Williams Specialty Services, LLC (9578), WISG Electrical, LLC (6918), Construction & Maintenance Professionals, LLC (0925), Williams Global Services, Inc. (3708), Steam Enterprises, LLC (9177), GPEG LLC (5707), Global Power Professional Services, Inc. (2550), WISG Canada Ltd. (B.N. 6518), WISG Nuclear Ltd. (B.N. 3510), and WISG Electrical Ltd. (B.N. 2116). The location of the Debtors' corporate headquarters and service address is: 200 Ashford Center N, Suite 425, Atlanta, GA 30338.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Engagement Letters.

*Authorizing Employment and Retention of Moss Adams LLP as Accountants to the Debtors and Debtors in Possession, Effective as of Petition Date, and (II) Granting Related Relief* (the "Gonzalez Declaration") attached hereto as **Exhibit B**.

## JURISDICTION AND VENUE

2.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated as of February 29, 2012 (the "Amended Standing Order"). This is a core proceeding pursuant to 28 U.S.C. § 157(b), and the Court may enter a final order consistent with Article III of the United States Constitution. Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief requested herein are sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

4.      Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order or judgment by the Court in connection with this Application if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## BACKGROUND

5.      On July 22, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court"). The Debtors have continued in possession of their properties and have continued to operate and manage their business as debtors in possession pursuant to

sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner in these cases.

6.    The factual background relating to the Debtors' commencement of these cases is set forth in detail in the *Declaration of Tracy Pagliara in Support of Chapter 11 Petitions and First Day Pleadings* (the "Last First Day Declaration") filed on the Petition Date and incorporated herein by reference.

## RETENTION OF MOSS ADAMS

7.    The Debtors have selected Moss Adams to serve as their accountants because of the firm's experience in auditing and accounting, and reputation for being able to render these services to sophisticated companies both in and outside of chapter 11 reorganization. Moss Adams has served as the Debtors' accountants and auditors since November 2017, providing annual audits of the Debtors' financial statements, along with various other matters of accounting and reporting consultation. As a result, Moss Adams and its employees are uniquely qualified and well suited to deal effectively and efficiently with matters that may arise in the context of these cases that would affect the provision of accounting or auditing services to the Debtors. Accordingly, the Debtors submit that the retention of Moss Adams on the terms and conditions set forth herein is necessary and appropriate, is in the best interests of the Debtors' estates, creditors, stakeholders and all other parties in interest, and should be granted in all respects.

## SERVICES TO BE PROVIDED

8.    Pursuant to the Engagement Letters, the Company (as defined in the Engagement Letters) requested that Moss Adams render the following professional services in connection with these chapter 11 Cases (the "Chapter 11 Cases"):

a.    On or about May 4, 2023, Moss Adams and the Company executed an engagement letter ("Audit Engagement") for: (i) the audit of the Debtors' consolidated balance

sheets as of December 31, 2023 and related statements; and (ii) the review of the quarterly consolidated balance sheets and related statements for year 2023, and fourth quarter information that is required by Regulation S-K, Item 302(a) in accordance with standards of the Public Company Accounting Oversight Board (United States);

b.    On or about July 10, 2023, Moss Adams and the Company executed an engagement letter (the "Review Engagement") for the review of the Company's condensed consolidated balance sheet of the Company as of June 30, 2023, and the related condensed consolidated statements for the three and six months then ended June 30, 2023 ("interim financial information") in accordance with Public Company Accounting Oversight Board ("PCAOB") Auditing Standards No. 4105, *Reviews of Interim Financial Information*;

c.    Moss Adams and the Company are in the process of executing an engagement letter (the "Examination Engagement") for the examination of the payroll extract of Richmond County Constructors, LLC ("RCC") Loaned Employees stating the amount of additives under billing of Williams Industrial Services Group, Inc. as of and for the period ended December 31, 2022. The examination is to be conducted in accordance with the attestation standards established by the American Institute of Certified Public Accountants;

(each a "Service" and together, the "Services").[3]

9.    To the extent that the Debtors request that Moss Adams perform additional services not contemplated by the Engagement Letters, such services and the fees for such services will be mutually agreed upon by Moss Adams and the Debtors, in writing, and will be subject to Court approval.

10.    In addition, the Debtors will retain the services of other professionals over the course of the Chapter 11 Cases. By separate application, the Debtors are requesting that the Court approve: (i) the retention of G2 Capital Advisors, LLC ("G2") as the Debtors' financial advisors; (ii) the retention of Greenhill & Co., Inc. ("Greenhill") as the Debtors' investment banker; and (iii) Gavin/Solmonese LLC ("Gavin Solmonese") as the Debtors' chief restructuring officer in the Chapter 11 Cases. The Debtors discussed with each firm the division of roles and responsibilities

---

[3] Terms used but undefined in this paragraph have the meanings ascribed in the Engagement Letters.

and intend to monitor carefully these and other retained professionals to prevent a duplication of effort in the Chapter 11 Cases. Greenhill, Gavin Solmonese, G2, and Moss Adams will coordinate their services in order to avoid any unnecessary duplication of services.

11.    The Debtors believe that Moss Adams is well qualified and able to provide the foregoing Services to the Debtors. In addition, the Debtors believe that the Services that Moss Adams has provided and will continue to provide are necessary to maximize the value of their estates and will not be duplicative of the services that other professionals will be providing to the Debtors in the Chapter 11 Cases.

## PROFESSIONAL COMPENSATION

12.    Moss Adams' decision to advise and assist the Debtors in the Chapter 11 Cases is subject to its ability to be retained in accordance with the terms of the Engagement Letters, as modified by this Application. In consideration of the services to be provided by Moss Adams, and as more fully described in the Engagement Letters, subject to the Court's approval, the Debtors have agreed to pay the following compensation to Moss Adams:[4]

    a.    Pursuant to the Audit Engagement, the Debtors will pay  fees in the estimated amounts of: (i) $40,000 for SAS 100 reviews each quarter; and (ii) $350,000-$360,000 for the audit of consolidated financial statements.

    b.    Pursuant to the Review Engagement, the Debtors will pay hourly fees according to the following professional rates:

| FEES | |
|---|---|
| **Staff Level** | **Hourly Rate** |
| • Partner (Engagement Reviewer) | $600 |
| • Partner (Engagement Quality Reviewer) | $735 |
| • Partner (Other) | $525 |
| • Manager | $305 |

---

[4] To the extent there are any inconsistencies between this Application and the Engagement Letters, this Application controls unless otherwise stated. All capitalized terms in this paragraph 12 not otherwise defined in this paragraph 12 have the meanings ascribed to such terms in the Engagement Letters.

| | |
|---|---|
| • Senior Staff Member | $255 – $280 |
| • Staff Member | $215 – $225 |

c.  Pursuant to the Examination Engagement, the Debtors will pay hourly fees according to the following professional rates:

| FEES | |
|---|---|
| **Staff Level** | **Hourly Rate** |
| • Partner | $600 |
| • Manager | $305 |
| • Senior Staff Member | $255 |

13.  The Debtors provided a deposit on January 17, 2023, in the amount of $125,000 against which fees and expenses for services performed are billed. This deposit is replenished upon receiving invoices.

14.  In addition to these fees, Moss Adams will charge a flat expense charge, calculated as five percent (5%) of fees, to cover expenses such as copying costs, postage, administrative billable time, report processing fees, filing fees, and technology expenses. Travel expenses will be billed separately and are not included in the 5% charge.

15.  Notwithstanding anything in the Engagement Letters to the contrary, the Debtors understand that Moss Adams will maintain records in support of its compensation and costs and expenses incurred in connection with rendering services to the Debtors. However, the Debtors also understand that it is not the general practice of an accounting firm to keep detailed time-keeping records similar to those customarily kept by attorneys, including maintaining time records on a "project category" basis. Notwithstanding the foregoing, Moss Adams intends to apply to the Court for the allowance of compensation and reimbursement of expenses for its services in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any orders of the Court, and the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases*, effective as of

November 1, 2013 (the "U.S. Trustee Guidelines"). Such applications will include in summary form, a description of the services rendered by Moss Adams and the amount of time spent by each such individual in rendering services to the Debtors.

16.     Because Moss Adams does not ordinarily maintain contemporaneous time records in one-tenth hour increments or provide or conform to a schedule of hourly rates for its professionals, the Debtors respectfully request that: (a) Moss Adams be allowed to keep its time records in one hour increments; (b) Moss Adams' professionals not be required to keep time records on a "project category" basis; (c) Moss Adams' accounting personnel in administrative departments (including legal) not be required to maintain any time records; and (d) Moss Adams not be required to provide or conform to any schedule of hourly rates. To the extent that Moss Adams' time-keeping process as described herein deviates from what would otherwise be required under Local Rule 2016-2(d), the Debtors respectfully request that the Court allow such deviations pursuant to Local Rule 2016-2(h) and waive any requirements to the contrary.

17.     Moss Adams will also maintain detailed records of any  costs and expenses incurred in connection with the aforementioned services. Moss Adams' applications for compensation and expenses will be paid by the Debtors pursuant to the terms of the Engagement Letters.

18.     In addition, from time to time, Moss Adams' professionals may be required to work after business hours and during the weekend and holidays. Such professionals are permitted to be reimbursed for reasonable meals and transportation to and from the office related to such work. To the extent that the Local Rules or the U.S. Trustee Guidelines or any other applicable orders and procedures of the Court do not permit the reimbursement of the foregoing (or provide for additional or different requirements in respect thereof), the Debtors respectfully request that the Court waive such prohibition and requirements with respect to the Moss Adams professionals.

19.     Moss Adams has not shared and will not agree to share any of its respective compensation from the Debtors with any other person, other than as permitted by section 504 of the Bankruptcy Code. The compensation summarized above and described more fully in the Engagement Letters is consistent with Moss Adams standard billing practices. The Debtors believe the terms of Moss Adams' compensation set forth above are customary for such Services and were negotiated at arm's length and in good faith.

20.     Accordingly, the Debtors believe that Moss Adams' retention should be subject to only the standard of review set forth in section 328(a) of the Bankruptcy Code and that Moss Adams' compensation should not be subject to any additional standard of review, including under section 330 of the Bankruptcy Code.

## **DISINTERESTEDNESS**

21.     To the best of the Debtors' knowledge, information, and belief, and except as disclosed herein and in the Gonzalez Declaration, Moss Adams (a) is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, (b) does not hold or represent an interest adverse to the Debtors' estates, and (c) has no connection to the Debtors, their creditors, or other parties in interest, except as disclosed in the Gonzalez Declaration and Schedule 2 attached thereto.

22.     The Debtors' knowledge, information, and belief regarding Moss Adams' disinterestedness are based on, and made in reliance upon, the Gonzalez Declaration. As set forth in further detail therein, Moss Adams may have certain connections with creditors, equity security holders, and other parties in interest in the Chapter 11 Cases. All of these matters, however, are unrelated to the Chapter 11 Cases. The Debtors and Moss Adams do not believe that any of these matters represent an interest materially adverse to the Debtors' estates or otherwise create a conflict of interest regarding the Debtors or the Chapter 11 Cases.

23.    To the extent that Moss Adams discovers any additional facts bearing in a material respect on its disinterestedness with respect to the Chapter 11 Cases, Moss Adams will supplement the Gonzalez Declaration, as required by Bankruptcy Rule 2014(a).

### BASIS FOR RELIEF REQUESTED

24.    The Debtors submit that Moss Adams' retention on the terms described herein is appropriate under sections 327(a) and 328 of the Bankruptcy Code.

25.    Section 327(a) of the Bankruptcy Code provides that a debtor, subject to court approval, may employ professionals "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor's] duties under this title." 11 U.S.C. § 327(a). Section 101(14) of the Bankruptcy Code defines a "disinterested person" as a person that:

   a.    is not a creditor, an equity security holder, or an insider;

   b.    is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the debtor; and

   c.    does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

11 U.S.C. § 101(14). Further, section 1107(b) of the Bankruptcy Code provides that "a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case." 11 U.S.C. § 1107(b). Accordingly, Moss Adams' prepetition relationship with the Debtors is not an impediment to Moss Adams' retention as the Debtors' accountant.

26.    Additionally, the Debtors seek approval of the Engagement Letters pursuant to section 328(a) of the Bankruptcy Code, which provides that a debtor, "with the court's approval, may employ or authorize the employment of a professional person under section 327 . . . on any

reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed percentage fee basis, or on a contingency fee basis." 11 U.S.C. § 328(a). Section 328(a) of the Bankruptcy Code permits compensation of professionals, such as accountants, on flexible terms that reflect the nature of their services and market conditions. *See Donaldson Lufkin & Jenrette Securities Corp. v. Nat'l Gypsum (In re Nat'l Gypsum Co.)*, 123 F.3d 861, 862 (5th Cir. 1997) ("Under present § 328 the professional may avoid that uncertainty by obtaining court approval of compensation agreed to with the trustee (or debtor or committee)"); *see also In re Wash. Mut., Inc.,* No. 08-12229, 2018 WL 704361, at *4 (Bankr. D. Del. Feb. 2, 2018) (stating that "courts 'must protect agreements and expectations' once they have been found reasonable") (*quoting In re Nat'l Gypsum Co.,* 123 F.3d 861).

27.     The Debtors submit that the terms of the Engagement Letters were negotiated in good faith and at arm's-length between the Debtors and Moss Adams and reflect the extensive work and substantial commitment undertaken by Moss Adams before the Petition Date, as well as the Debtors' evaluation of the extensive work and substantial commitment remaining to be completed by Moss Adams during the Chapter 11 Cases. The Debtors submit that the terms and conditions of the Engagement Letters, including the fee structure, are fair, reasonable, and market-based under the standards set forth in section 328(a) of the Bankruptcy Code considering (a) the numerous issues that Moss Adams may be required to address in performing its services for the Debtors pursuant to the Engagement Letters, (b) Moss Adams' commitment to the variable time requirements and effort necessary to address all such issues as they arise, (c) Moss Adams' substantial experience with respect to accounting, (d) the market prices for Moss Adams' services for engagements of this nature, and (e) the fee structures typically utilized by Moss Adams and

other accounting firms, which do not bill their clients on an hourly basis, in bankruptcy or otherwise.

28.    Accordingly, the Debtors believe that Moss Adams' compensation should be subject only to the standard of review in section 328(a) and should not be subject to any additional standard of review under section 330 of the Bankruptcy Code. Retention of Moss Adams is appropriate and in the best interest of the Debtors, their estates, and all parties in interest. For the reasons set forth above, the Debtors believe that Moss Adams' retention on the terms of the Engagement Letters is fair, appropriate, in line with the market, and reasonable.

29.    The Debtors request that Moss Adams' retention be made effective as of the Petition Date, in order to allow Moss Adams to be compensated for the work performed for the Debtors before the Court's consideration and approval of this Application. The Debtors submit that, under the circumstances, and to avoid irreparable harm to the Debtors' estates that may occur if Moss Adams is not immediately retained, retroactive approval to the Petition Date is warranted.

## **NO PRIOR REQUEST**

30.    No prior request for the relief sought in this Application has been made to this or any other court.

## **CONCLUSION**

WHEREFORE, the Debtors request this Court enter an order, substantially in the form of Exhibit A, granting the relief requested herein and such other and further relief as the Court may deem just and proper.

*[Remainder of Page Intentionally Blank]*

Dated:  September 1, 2023                    WILLIAMS INDUSTRIAL SERVICES GROUP INC, *ET AL*.


By:      /s/ Randy Lay
Its:     EVP, Chief Financial Officer and Chief
         Operating Officer