# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| WILLIAMS INDUSTRIAL SERVICES GROUP, INC., *et al.*, | Case No. 23-10961 (BLS) |
| | (Jointly Administered) |
| Debtors. | **Re: D.I. 238** |

## ORDER GRANTING RELIEF FROM AUTOMATIC STAY AND FOR ADEQUATE PROTECTION

AND NOW, upon consideration of the *Motion of Arch Insurance Company to Lift Stay as to Bonded Contract Funds, or, Alternatively, for Adequate Protection* (the "Motion")[1], and after notice to parties in interest, and any objections made thereto, this Court having been sufficiently advised, it is hereby:

1. ORDERED, to the extent applicable, the automatic stay imposed by 11 U.S.C. § 362 is hereby lifted to permit St. John's (hereinafter, the "Bond Obligee") to take such steps as may be necessary under the Bonded Contract to pursue and/or perfect claims under the Bond; and it is further

2. ORDERED the payment by the Bond Obligee to Arch of any unpaid progress payments, retainage, contract balances, and any other proceeds shall not be deemed a violation of the stay imposed by 11 U.S.C. § 362 and Arch is authorized to collect any unpaid progress payments, retainage, contract balances, and any other proceeds of the Bonded Contract without further leave of the Court; and it is further

---

[1] Terms not defined herein have the same meanings ascribed to them in the Motion.

31497062v.1

3. ORDERED Arch is granted relief from the automatic stay to adjust, pay, settle, prosecute affirmative claims against claimants under the Bond, or otherwise relating to work under the Bonded Contract, or defend claims under or related to the Bond and the Bonded Contract in its own name or in the name of the Debtor without further leave or Order of this Court; and it is further

4. ORDERED that Arch shall, on a quarterly basis and upon request, provide a statement to the Debtor's estate representative(s) regarding claims under the Bond, Arch's collection of the Bonded Contract Funds, and Arch's use of the Bonded Contract Funds pursuant to its rights under the Bond and the Indemnity Agreement; and it is further

5. ORDERED, that the Debtor is authorized to and shall transfer to Arch any Bonded Contract Funds paid to the Debtor on or after the Petition Date and currently in Debtor's possession, and any funds hereafter paid to the Debtor that are Bonded Contract Funds, without further leave of the Court; and it is further

6. ORDERED that the Debtors shall cooperate and provide such information as Arch may reasonably request in writing relating to claims under the Bond, and the completion of the Bonded Contract; and it is further

7. ORDERED that, nothing herein shall be deemed a waiver or release of any of Arch's rights under the Bond, the Indemnity Agreement, or otherwise, nor shall anything herein be deemed a waiver or release by the Debtor, its lenders, or any other party in interest of any rights to challenge any accounting of Arch's uses of the Bonded Contract Funds pursuant to the Bond and the Indemnity Agreement, and any rights to any excess Bonded Contract Funds, if any, remaining after resolution of claims and demands under the Bond; and it is further

8. ORDERED, that if a dispute develops between the Debtor and Arch regarding Arch's use of the Bonded Contract Funds pursuant to its rights under the Bond and the Indemnity

Agreement, this Court shall retain jurisdiction and will make the final determination as to the merits of any objection to the statement or to Arch's use of the Bonded Contract Funds pursuant to its rights under the Bond and the Indemnity Agreement; and it is further

9. ORDERED, that nothing herein shall (a) constitute or be deemed relief from the automatic stay of section 362(a) of the Bankruptcy Code to enforce or seek collection of any claim other than as set forth herein and/or directly against the Debtors and the Debtors' bankruptcy estates or (b) provide Arch with standing to prosecute claims against the Debtors' lenders in respect of Bonded Contract Funds previously paid to the Debtors. Arch reserves all rights in respect of any such claims, and any defenses, objections and/or other rights of the Debtors, the Debtors' lenders and other parties in interest are reserved and preserved; and it is further

10. ORDERED, that the entry of this Order shall not constitute a waiver by any party of any objection to this Court's jurisdiction over any matter on which the Court does not otherwise have jurisdiction; and it is further

11. ORDERED, that the stay provided for in Bankruptcy Rule 4001(a)(3) shall not apply.

**Dated: September 18th, 2023**
**Wilmington, Delaware**

BRENDAN L. SHANNON
**UNITED STATES BANKRUPTCY JUDGE**

31497062v.1