# IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WILLIAMS INDUSTRIAL SERVICES GROUP INC., *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10961-BLS<br><br>(Jointly Administered)<br><br>**Related Docket No. 227, 303** |

### FINAL ORDER (I) ESTABLISHING NOTICE AND HEARING PROCEDURES FOR TRADING IN OR DECLARATIONS OF WORTHLESSNESS WITH RESPECT TO EQUITY SECURITIES IN WILLIAMS INDUSTRIAL SERVICES GROUP INC. AND (II) GRANTING RELATED RELIEF

Upon the Motion of the Debtors for Interim and Final Orders Establishing Notice and Hearing Procedures for Trading in or Declarations of Worthlessness with Respect to Equity Securities in Williams Industrial Services Group Inc. (the "Motion")[2] of the above-captioned debtors (the "Debtors") for the entry of Interim and Final orders, pursuant to sections 105, 362(a)(3) and 541 of the Bankruptcy Code and Bankruptcy Rule 3001, establishing notice and hearing procedures that must be satisfied before certain transfers of equity securities in Williams Industrial Services Group Inc. ("Williams"), including Options to acquire such securities, as defined below, or of any beneficial interest therein, are deemed effective, all as further described in this Motion; and upon consideration of the First Day Declaration; and this Court having found that (i) this Court has jurisdiction over the Debtors and their estates, and to consider the Motion

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, include: Williams Industrial Services Group Inc. (1378), Williams Industrial Services Group, LLC (2666), Williams Industrial Services, LLC (0406), Williams Plant Services, LLC (9575), Williams Specialty Services, LLC (9578), WISG Electrical, LLC (6918), Construction & Maintenance Professionals, LLC (0925), Williams Global Services, Inc. (3708), Steam Enterprises, LLC (9177), GPEG LLC (5707), Global Power Professional Services, Inc. (2550), WISG Canada Ltd. (B.N. 6518), WISG Nuclear Ltd. (B.N. 3510), and WISG Electrical Ltd. (B.N. 2116). The location of the Debtors' corporate headquarters and service address is: 200 Ashford Center N, Suite 425, Atlanta, GA 30338.

[2] Capitalized terms used but not defined herein shall have the meaning given to them in the Motion.

00058580.2

and the relief requested therein under 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012, (ii) this Court may enter a final order consistent with Article III of the United States Constitution, (iii) this is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (iv) venue of this proceeding and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409, and (v) the Debtors' notice of the Motion and opportunity for a hearing were adequate and appropriate under the circumstances and no other or further notice need be provided; and this Court granting the relief requested in the Motion on an interim basis [D.I. 303], having determined that the legal and factual bases set forth in the Motion and the First Day Declaration establish just cause for the relief granted in this Final Order; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED on a final basis as set forth herein.

2. Any purchase, sale, or other transfer of equity securities (including any transfer of Options, as defined below, to acquire such securities or any exercise thereof) in Williams on or after the Petition Date in violation of the procedures set forth herein (including the notice requirements set forth in paragraph 3(a) below) shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code. In the case of any such acquisition or disposition of equity securities in violation of the procedures set forth herein, the person or entity making such purchase, sale or other transfer shall be required to take remedial actions specified by the Debtors, which may include the actions specified in Private Letter Ruling 201010009 (Dec. 4, 2009), to appropriately reflect that such transfer is null and void *ab initio*.

3. The following procedures shall apply to trading in equity securities (including any transfer of Options, as defined below, to acquire such securities or any exercise thereof) in Williams:

    a) Any person or entity (as defined in Treasury Regulations Section 1.382-3(a)) who currently is or becomes a Substantial Shareholder (defined in subparagraph (e) below) shall file with this Court, and serve on counsel to the Debtors and counsel to the Committee a notice of such status, in the form of **Exhibit C-1** attached hereto, on or before the later of (i) 21 calendar days after the date of the Notice of Interim Order or Notice of Final Order (as defined below and as applicable) and (ii) fourteen (14) calendar days after becoming a Substantial Shareholder. For the avoidance of doubt, the other procedures set forth herein shall apply to any Substantial Equityholder even if no notice has been filed pursuant to this subparagraph (a);

    b) At least fourteen (14) calendar days prior to effectuating any transfer of equity securities (including Options, as defined below, to acquire such securities or any exercise thereof) that would result in an increase in the amount of Williams Stock beneficially owned by a Substantial Shareholder or would result in a person or entity becoming a Substantial Shareholder, such Substantial Shareholder or potential Substantial Shareholder shall file with this Court, and serve on counsel to the Debtors and counsel to the Committee advance written notice, in the form of **Exhibit C-2** attached hereto, of the intended transfer of equity securities (including Options to acquire such securities, as defined below);

    c) At least fourteen (14) calendar days prior to effectuating any transfer of equity securities (including Options, as defined below, to acquire such securities) that would result in a decrease in the amount of Williams Stock beneficially owned by a Substantial Shareholder or would result in a person or entity ceasing to be a Substantial Shareholder, such Substantial Shareholder shall file with this Court, and serve on counsel to the Debtors and counsel to the Committee advance written notice, in the form of **Exhibit C-3** attached hereto, of the intended transfer of equity securities (the notices required to be filed and served under subparagraph (c) and this subparagraph (d), each a "Notice of Proposed Transfer");

    d) The Debtors and the Committee shall have seven (7) calendar days after receipt of a Notice of Proposed Transfer to file with this Court and serve on such Substantial Shareholder an objection to any proposed transfer of equity securities (including Options, as defined below, to acquire such securities) described in the Notice of Proposed Transfer on the grounds that such transfer may adversely affect the Debtors' ability to utilize their Tax Attributes. During such 7-day period, and while any objection by the Debtors (or any other party in interest) to the proposed transfer is pending,

    such Substantial Shareholder shall not effectuate the proposed transfer to which the Notice of Proposed Transfer relates and thereafter shall do so only in accordance with the Court's ruling, and, as applicable, any appellate rules and procedures. If neither the Debtors nor the Committee objects within such 7-day period, such transaction may proceed solely as set forth in the Notice of Proposed Transfer. Further transactions within the scope of this subparagraph (e) must be the subject of additional notices as set forth herein, with an additional 7-day waiting period; and

 e) For purposes of these procedures, (A) a "Substantial Shareholder" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)) which beneficially owns at least 4.50% of all issued and outstanding shares (equal to, as of the Petition Date, approximately 1,224,467.60 shares)[3] of the common stock of Williams ("Williams Stock") and (B) "beneficial ownership" (of any variation thereof) of Williams Stock and Options to acquire Williams Stock shall be determined by the Debtors, in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder (other than Treasury Regulations Section 1.382-2T(h)(2)(i)(A)) (that treats stock of an entity as to which the constructive ownership rules apply as no longer owned by that entity) and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct, indirect and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire). An "Option" to acquire stock includes all interests described in Treasury Regulations Section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

4. Any declaration of worthlessness of equity securities of Williams (including Options to acquire such securities) on or after the Petition Date in violation of the procedures set forth herein (including notice requirements) shall be null and void *ab initio* as an act in violation

---

[3] Based on approximately 4.50% of 27,210,391 shares of Williams Stock issued and outstanding as of the Petition Date.

of the automatic stay under sections 362 and 105(a) of the Bankruptcy Code. In the case of any declaration of worthlessness with respect to beneficial ownership of the equity securities of Williams, the person or entity making such declaration shall be required to file an amended tax return revoking such declaration and any related deduction to appropriately reflect that such declaration is void *ab initio*.

5. The following procedures shall apply to declarations of worthlessness with respect to equity securities (including Options, as defined below, to acquire such securities) of Williams:

   a) Any person or entity that currently is or becomes a 50% Shareholder (defined in subparagraph (d) below) must file with this Court and serve on counsel to the Debtors and counsel to the Committee advance written notice, in the form of **Exhibit C-4** attached hereto, on or before the later of (i) 21 calendar days after the date of the Notice of Interim Order or Notice of Final Order (as defined below and as applicable), and (ii) fourteen (14) calendar days after becoming a 50% Shareholder;

   b) Prior to filing any federal or state tax return or any amendment to such a return that claims any deduction for worthlessness of beneficial ownership of Williams Stock for a tax year ending before the Debtors' emergence from chapter 11 protection, such 50% Shareholder must file with this Court and serve on counsel to the Debtors and counsel to the Committee a Declaration of Intent to Claim a Worthless Stock Deduction, substantially in the form annexed hereto as **Exhibit C-5**;

   c) The Debtors and the Committee will have seven (7) calendar days after receipt of a Declaration of Intent to Claim a Worthless Stock Deduction to file with this Court and serve on such 50% Shareholder an objection to any proposed claim of worthlessness described in the Declaration of Intent to Claim a Worthless Stock Deduction on the grounds that such transfer may adversely affect the Debtors' ability to utilize their Tax Attributes. During such 7-day period, and while any objection by the Debtors or the Committee (or any other party in interest) to the proposed transfer is pending, such 50% Shareholder shall not file the return or amendment to which the Declaration of Intent to Claim a Worthless Stock Deduction relates and thereafter shall do so only in accordance with the Court's ruling, and, as applicable, any appellate rules and procedures. If neither the Debtors nor the Committee objects within such 7-day period, the filing of the return or amendment with such claim will be permitted solely as described in the Declaration of Intent to Claim a Worthless Stock Deduction; and

        d)      For purposes of these procedures, "50% Shareholder" is any person or entity that has beneficially owned 50 percent or more of the equity securities of Williams during the time frame determined in accordance with IRC § 382(g)(4)(D) and the applicable Treasury Regulations thereunder.

6.      The Debtors may waive, in writing, in their reasonable discretion following consultation with the Committee, any and all restrictions, stays and notification procedures contained in this Final Order; *provided, however,* the Debtors shall provide notice of any such waiver to (i) the Office of the United States Trustee for Region 3 (the "U.S. Trustee") and (ii) counsel to the Committee in writing within three business days thereafter.

7.      The Debtors shall serve the Notice of Final Order setting forth the procedures authorized herein substantially in the form attached hereto as **Exhibit C-6** (the "Notice of Final Order") to: (a) the Office of the United States Trustee for Region 3; (b) creditors holding the twenty (20) largest unsecured claims against the Debtors; (c) the Office of the United States Attorney for the District of Delaware; (d) the Internal Revenue Service; (e) the Securities & Exchange Commission; (f) all Nominees; (g) the transfer agent(s) for the Williams Stock, as applicable; (h) all known Substantial Shareholders, if any; and (i) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002.

8.      Any person or entity (or broker or agent acting on their behalf) who sells at least 1,224,467.60 shares (approximately 4.50% of all issued and outstanding shares of Williams Stock), or an Option with respect thereto, to another person or entity shall be required to provide the Notice of Final Order to such purchaser to such purchaser (or its agent), to the extent reasonably feasible.

9.      The requirements set forth in the Final Order are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable securities, corporate and other laws, and do not excuse compliance therewith.

10. The Debtors are authorized and empowered to take all actions they deem necessary to implement and effectuate the relief granted in this Final Order.

11. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a), if applicable, and the Local Rules are satisfied by such notice. Notwithstanding the applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be effective and enforceable immediately upon its entry.

12. The Debtors are authorized to take and perform all actions they deem necessary to implement the relief granted in this Final Order.

13. This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, or interpretation, or enforcement of this Interim Order.

**Dated: September 18th, 2023**
**Wilmington, Delaware**

BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE