## **EXHIBIT C-1**

**Notice of Status as a Substantial Shareholder**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WILLIAMS INDUSTRIAL SERVICES GROUP INC., *et al.*[1]<br><br><br>Debtors. | Chapter 11<br><br>Case No. 23-10961-BLS<br><br>(Jointly Administered)<br><br>**Re: D.I. 227, 303, __** |

### NOTICE OF STATUS AS A SUBSTANTIAL SHAREHOLDER[2]

**PLEASE TAKE NOTICE THAT,** the undersigned party is or has become a Substantial Shareholder with respect to the equity securities or of any Beneficial Ownership therein (as defined herein and in the *Final Order Establishing Notice and Hearing Procedures for Trading in or Declarations of Worthlessness with Respect to Equity Securities in Williams Industrial Services Group Inc.* (the "<u>Order</u>") of Williams Industrial Services Group Inc. ("<u>Williams</u>"), a debtor in Case

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, include: Williams Industrial Services Group Inc. (1378), Williams Industrial Services Group, LLC (2666), Williams Industrial Services, LLC (0406), Williams Plant Services, LLC (9575), Williams Specialty Services, LLC (9578), WISG Electrical, LLC (6918), Construction & Maintenance Professionals, LLC (0925), Williams Global Services, Inc. (3708), Steam Enterprises, LLC (9177), GPEG LLC (5707), Global Power Professional Services, Inc. (2550), WISG Canada Ltd. (B.N. 6518), WISG Nuclear Ltd. (B.N. 3510), and WISG Electrical Ltd. (B.N. 2116). The location of the Debtors' corporate headquarters and service address is: 200 Ashford Center N, Suite 425, Atlanta, GA 30338.

[2] For purposes of this Notice, (A) a "<u>Substantial Shareholder</u>" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)) which beneficially owns at least 4.50% of all issued and outstanding shares (equal to, as of the Petition Date, approximately 1,224,467.60 shares)[2] of the common stock of Williams ("<u>Williams Stock</u>") and (B) "<u>beneficial ownership</u>" (of any variation thereof) of Williams Stock and Options to acquire Williams Stock shall be determined by the Debtors, in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder (other than Treasury Regulations Section 1.382-2T(h)(2)(i)(A) (that treats stock of an entity as to which the constructive ownership rules apply as no longer owned by that entity) and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct, indirect and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire). An "<u>Option</u>" to acquire stock includes all interests described in Treasury Regulations Section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

No. 23-10961 (BLS) pending in the United States Bankruptcy Court for the District of Delaware (the "Court").

**PLEASE TAKE FURTHER NOTICE THAT,** as of [_____], the undersigned party currently has Beneficial Ownership of [_____] shares of Williams Stock (including any Options with respect to Williams Stock). The following table sets forth the date(s) on which the undersigned party acquired Beneficial Ownership or otherwise has Beneficial Ownership of such Williams Stock:

| Number of Shares | Date Acquired |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |

[Attach additional page if necessary.]

The undersigned party holds such Williams Stock through a bank, broker, intermediary, or other agent (a "Nominee"), in "street name," with the below Nominee, identified by such Nominee's "Participant Number" with the Depository Trust Company ("DTC"):

| Name of Nominee | Nominee's DTC Participant Number |
|---|---|
|  |  |

**PLEASE TAKE FURTHER NOTICE THAT,** the last four digits of the taxpayer identification number of the undersigned party are [__].

**PLEASE TAKE FURTHER NOTICE THAT,** under penalty of perjury, the undersigned party hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of their knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

**PLEASE TAKE FURTHER NOTICE THAT,** pursuant to the Order, this Notice is being (a) filed with the Court and (b) served upon counsel to the Debtors and counsel to the official committee of unsecured creditors (the "Committee").

Respectfully Submitted,

_____
(Name of Shareholder)

By:           _____
Name:      _____
Title:       _____
Address:  _____

Telephone: _____
Facsimile:  _____
Date:      _____

# **EXHIBIT C-2**

**Notice of Intent to Acquire Equity Interest**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| WILLIAMS INDUSTRIAL SERVICES GROUP INC., *et al.*[1] | Case No. 23-10961-BLS |
| | (Jointly Administered) |
| Debtors. | |
| | **Re: D.I. 227, 303, __** |

**NOTICE OF INTENT TO PURCHASE, ACQUIRE OR OTHERWISE
ACCUMULATE AN EQUITY INTEREST**

**PLEASE TAKE NOTICE THAT,** the undersigned party hereby provides notice of its

intention to purchase, acquire or otherwise accumulate one or more shares of the equity securities

or of any Beneficial Ownership therein (as defined herein and in the *Final Order Establishing*

*Notice and Hearing Procedures for Trading in or Declarations of Worthlessness with Respect to*

*Equity Securities in Williams Industrial Services Group Inc.* (the "Order") of Williams Industrial

Services Group Inc. ("Williams"), or an Option with respect thereto (as defined herein and in the

Order) (the "Proposed Transfer").

**PLEASE TAKE FURTHER NOTICE THAT,** if applicable, on [Prior Date(s)], the

undersigned party filed a Notice of Status as a Substantial Shareholder[2] with the United States

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, include: Williams Industrial Services Group Inc. (1378), Williams Industrial Services Group, LLC (2666), Williams Industrial Services, LLC (0406), Williams Plant Services, LLC (9575), Williams Specialty Services, LLC (9578), WISG Electrical, LLC (6918), Construction & Maintenance Professionals, LLC (0925), Williams Global Services, Inc. (3708), Steam Enterprises, LLC (9177), GPEG LLC (5707), Global Power Professional Services, Inc. (2550), WISG Canada Ltd. (B.N. 6518), WISG Nuclear Ltd. (B.N. 3510), and WISG Electrical Ltd. (B.N. 2116). The location of the Debtors' corporate headquarters and service address is: 200 Ashford Center N, Suite 425, Atlanta, GA 30338.

[2] For purposes of this Notice, (A) a "Substantial Shareholder" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)) which beneficially owns at least 4.50% of all issued and outstanding shares (equal to, as of the Petition Date, approximately 1,224,467.60 shares)[2] of the common stock of Williams ("Williams Stock") and (B) "beneficial ownership" (of any variation thereof) of Williams Stock and Options to acquire Williams Stock shall be determined by the Debtors, in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder (other than Treasury Regulations Section 1.382-2T(h)(2)(i)(A) (that treats stock of an entity as to which the constructive ownership rules apply as no longer owned by that entity) and rulings issued by the Internal

Bankruptcy Court for the District of Delaware (the "Court") and served copies thereof on counsel to the Debtors and counsel to the official committee of unsecured creditors (the "Committee").

**PLEASE TAKE FURTHER NOTICE THAT** the undersigned party currently has Beneficial Ownership of [____] shares of Williams Stock (including any Options with respect to Williams Stock). The undersigned party holds such Williams Stock through a bank, broker, intermediary, or other agent (a "Nominee"), in "street name," with the below Nominee, identified by such Nominee's "Participant Number" with the Depository Trust Company ("DTC"):

| Name of Nominee | Nominee's DTC Participant Number |
|---|---|
|  |  |

**PLEASE TAKE FURTHER NOTICE THAT,** pursuant to the Proposed Transfer, the undersigned party proposes to purchase, acquire, or otherwise accumulate Beneficial Ownership of [ ] shares of Williams Stock or an Option with respect to [ ] shares of Williams Stock. If the Proposed Transfer is permitted to occur, the undersigned party will have Beneficial Ownership of [ ] shares of Williams Stock (including any Options with respect to Williams Stock) after such transfer becomes effective.

**PLEASE TAKE FURTHER NOTICE THAT,** the last four digits of the taxpayer identification or social security number of the undersigned party are [●].

---

Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct, indirect and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire). An "Option" to acquire stock includes all interests described in Treasury Regulations Section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE THAT,** under penalty of perjury, the undersigned party hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

**PLEASE TAKE FURTHER NOTICE THAT,** pursuant to the Order, this Notice is being (a) filed with the Court and (b) served upon counsel to the Debtors and counsel to the official committee of unsecured creditors (the "Committee").

**PLEASE TAKE FURTHER NOTICE THAT** the Debtors and the Committee have fourteen (14) calendar days after receipt of this Notice to object to the Proposed Transfer described herein. If either the Debtors or the Committee files an objection, such Proposed Transfer will not be effective unless approved by a final and non- appealable order of the Court. If neither the Debtors nor the Committee objects within such 14-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Notice.

**PLEASE TAKE FURTHER NOTICE THAT,** any further transactions contemplated by the undersigned party that may result in the undersigned party purchasing, acquiring or otherwise accumulating Beneficial Ownership of additional shares of Williams Stock (or an Option with respect thereto) will each require an additional notice filed with the Court to be served in the same manner as this Notice.

Respectfully Submitted,

_____
(Name of Shareholder)

By:        _____
Name:      _____
Title:     _____
Address:   _____

Telephone:      _____
Facsimile:      _____
Date:           _____

**EXHIBIT C-3**

**Notice of Intent to Transfer Equity Interest**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| WILLIAMS INDUSTRIAL SERVICES GROUP INC., *et al.*[1] | Case No. 23-10961-BLS |
| | (Jointly Administered) |
| Debtors. | **Re: D.I. 227, 303, [___]** |

**NOTICE OF INTENT TO SELL, TRADE OR OTHERWISE TRANSFER AN**
**EQUITY INTEREST**

  **PLEASE TAKE NOTICE THAT,** the undersigned party hereby provides notice of its

intention to sell, trade or otherwise transfer one or more shares of the equity securities or of any

Beneficial Ownership therein (as defined herein and in the *Final Order Establishing Notice and*

*Hearing Procedures for Trading in or Declarations of Worthlessness with Respect to Equity*

*Securities in Williams Industrial Services Group Inc.* (the "Order") of Williams Industrial Services

Group Inc. ("Williams"), or an Option with respect thereto (as defined herein and in the Order)

(the "Proposed Transfer").

  **PLEASE TAKE FURTHER NOTICE THAT,** if applicable, on [Prior Date(s)], the

undersigned party filed a Notice of Status as a Substantial Shareholder[2] with the United States

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, include: Williams Industrial Services Group Inc. (1378), Williams Industrial Services Group, LLC (2666), Williams Industrial Services, LLC (0406), Williams Plant Services, LLC (9575), Williams Specialty Services, LLC (9578), WISG Electrical, LLC (6918), Construction & Maintenance Professionals, LLC (0925), Williams Global Services, Inc. (3708), Steam Enterprises, LLC (9177), GPEG LLC (5707), Global Power Professional Services, Inc. (2550), WISG Canada Ltd. (B.N. 6518), WISG Nuclear Ltd. (B.N. 3510), and WISG Electrical Ltd. (B.N. 2116). The location of the Debtors' corporate headquarters and service address is: 200 Ashford Center N, Suite 425, Atlanta, GA 30338.

[2] For purposes of this Notice, (A) a "Substantial Shareholder" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)) which beneficially owns at least 4.50% of all issued and outstanding shares (equal to, as of the Petition Date, approximately 1,224,467.60 shares)[2] of the common stock of Williams ("Williams Stock") and (B) "beneficial ownership" (of any variation thereof) of Williams Stock and Options to acquire Williams Stock shall be determined by the Debtors, in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder (other than Treasury Regulations Section 1.382-2T(h)(2)(i)(A) (that treats stock of an entity as to which the constructive ownership rules apply as no longer owned by that entity) and rulings issued by the Internal

Bankruptcy Court for the District of Delaware (the "Court") and served copies thereof on counsel to the Debtors and counsel to the official committee of unsecured creditors (the "Committee").

**PLEASE TAKE FURTHER NOTICE THAT,** the undersigned party currently has Beneficial Ownership of [___] shares of Williams Stock (including any Options with respect to Williams Stock). The undersigned party holds such Williams Stock through a bank, broker, intermediary, or other agent (a "Nominee"), in "street name," with the below Nominee, identified by such Nominee's "Participant Number" with the Depository Trust Company ("DTC"):

| Name of Nominee | Nominee's DTC Participant Number |
|---|---|
|  |  |

**PLEASE TAKE FURTHER NOTICE THAT,** pursuant to the Proposed Transfer, the undersigned party proposes to sell, trade or otherwise transfer Beneficial Ownership of [ ] shares of Williams Stock or an Option with respect to [ ] shares of Williams Stock. If the Proposed Transfer is permitted to occur, the undersigned party will have Beneficial Ownership of [ ] shares of Williams Stock (including any Options with respect to Williams Stock) after such transfer becomes effective.

**PLEASE TAKE FURTHER NOTICE THAT,** that the last four digits of the taxpayer identification or social security number of the undersigned party are [●].

---

Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct, indirect and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire). An "Option" to acquire stock includes all interests described in Treasury Regulations Section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE THAT,** under penalty of perjury, the undersigned party hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

**PLEASE TAKE FURTHER NOTICE THAT,** pursuant to the Order, this Notice is being (a) filed with the Court and (b) served upon counsel to the Debtors and counsel to the official committee of unsecured creditors (the "Committee").

**PLEASE TAKE FURTHER NOTICE THAT** the Debtors and the Committee have fourteen (14) calendar days after receipt of this Notice to object to the Proposed Transfer described herein. If either the Debtors or the Committee files an objection, such Proposed Transfer will not be effective unless approved by a final and non- appealable order of the Court. If neither the Debtors nor the Committee objects within such 14-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Notice.

**PLEASE TAKE FURTHER NOTICE THAT,** any further transactions contemplated by the undersigned party that may result in the undersigned party selling, trading, or otherwise transferring Beneficial Ownership of additional shares of Williams Stock (or an Option with respect thereto) will each require an additional notice filed with the Court to be served in the same manner as this Notice.

Respectfully Submitted,

_____

(Name of Shareholder)

| | |
|---|---|
| By: | _____ |
| Name: | _____ |
| Title: | _____ |
| Address: | _____ |

Telephone: _____
Facsimile: _____
Date: _____

## **EXHIBIT C-4**

**Declaration of Status as a 50% Shareholder**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| WILLIAMS INDUSTRIAL SERVICES GROUP INC., *et al.*[1] | Case No. 23-10961-BLS |
| | (Jointly Administered) |
| Debtors. | **Re: D.I. 227, 303, [___]** |

## DECLARATION OF STATUS AS A 50% SHAREHOLDER[2]

**PLEASE TAKE NOTICE,** that the undersigned party is/has become a 50% Shareholder

with respect to shares of the equity securities or of any Beneficial Ownership therein (as defined

herein and in the *Final Order Establishing Notice and Hearing Procedures for Trading in or*

*Declarations of Worthlessness with Respect to Equity Securities in Williams Industrial Services*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, include: Williams Industrial Services Group Inc. (1378), Williams Industrial Services Group, LLC (2666), Williams Industrial Services, LLC (0406), Williams Plant Services, LLC (9575), Williams Specialty Services, LLC (9578), WISG Electrical, LLC (6918), Construction & Maintenance Professionals, LLC (0925), Williams Global Services, Inc. (3708), Steam Enterprises, LLC (9177), GPEG LLC (5707), Global Power Professional Services, Inc. (2550), WISG Canada Ltd. (B.N. 6518), WISG Nuclear Ltd. (B.N. 3510), and WISG Electrical Ltd. (B.N. 2116). The location of the Debtors' corporate headquarters and service address is: 200 Ashford Center N, Suite 425, Atlanta, GA 30338.

[2] For purposes of this Declaration, (A) a "50% Shareholder" is any person or entity that has beneficially owned 50 percent or more of the equity securities of Williams during the time frame determined in accordance with IRC § 382(g)(4)(D) and the applicable Treasury Regulations thereunder; and (B) "beneficial ownership" (of any variation thereof) of Williams Stock and Options to acquire Williams Stock shall be determined by the Debtors, in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder (other than Treasury Regulations Section 1.382-2T(h)(2)(i)(A) (that treats stock of an entity as to which the constructive ownership rules apply as no longer owned by that entity) and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct, indirect and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire). An "Option" to acquire stock includes all interests described in Treasury Regulations Section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

2

*Group Inc.* (the "Order") of Williams Industrial Services Group Inc. ("Williams"), or an Option with respect thereto (as defined herein and in the Order).

**PLEASE TAKE FURTHER NOTICE THAT,** as of [_____], the undersigned party currently has Beneficial Ownership of [_____] shares of Williams Stock (including any Options with respect to Williams Stock). The following table sets forth the date(s) on which the undersigned party acquired Beneficial Ownership or otherwise has Beneficial Ownership of such Williams Stock:

| Number of Shares | Date Acquired |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |

[Attach additional page if necessary.]

The undersigned party holds such Williams Stock through a bank, broker, intermediary, or other agent (a "Nominee"), in "street name," with the below Nominee, identified by such Nominee's "Participant Number" with the Depository Trust Company ("DTC"):

| Name of Nominee | Nominee's DTC Participant Number |
|---|---|
|  |  |

**PLEASE TAKE FURTHER NOTICE THAT,** the last four digits of the taxpayer identification number of the undersigned party are [__].

**PLEASE TAKE FURTHER NOTICE THAT,** under penalty of perjury, the undersigned party hereby declares that it has examined this Declaration and accompanying attachments (if any), and, to the best of their knowledge and belief, this Declaration and any attachments which purport to be part of this Declaration are true, correct, and complete.

**PLEASE TAKE FURTHER NOTICE THAT,** pursuant to the Order, this Declaration is being (a) filed with the Court and (b) served upon counsel to the Debtors and counsel to the official committee of unsecured creditors (the "Committee").

Respectfully Submitted,

_____
(Name of Shareholder)

By:             _____
Name:        _____
Title:          _____
Address:   _____

Telephone:  _____
Facsimile:   _____
Date:         _____

**<u>EXHIBIT C-5</u>**

**Declaration of Intent to Claim a Worthless Stock Deduction**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WILLIAMS INDUSTRIAL SERVICES GROUP INC., *et al.*[1]<br><br><br>        Debtors. | Chapter 11<br><br>Case No. 23-10961-BLS<br><br>(Jointly Administered)<br><br>**Re: D.I. 227, 303, [____]** |

## DECLARATION OF INTENT TO CLAIM A WORTHLESS STOCK DEDUCTION[2]

      **PLEASE TAKE NOTICE,** that the undersigned party hereby provides notice of its

intention to claim a worthless stock deduction (the "<u>Proposed Worthlessness Claim</u>") with respect

to one or more shares of the equity securities of Williams Industrial Services Group Inc.

("<u>Williams</u>"), or an Option with respect thereto (as defined herein and in the *Final Order*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, include: Williams Industrial Services Group Inc. (1378), Williams Industrial Services Group, LLC (2666), Williams Industrial Services, LLC (0406), Williams Plant Services, LLC (9575), Williams Specialty Services, LLC (9578), WISG Electrical, LLC (6918), Construction & Maintenance Professionals, LLC (0925), Williams Global Services, Inc. (3708), Steam Enterprises, LLC (9177), GPEG LLC (5707), Global Power Professional Services, Inc. (2550), WISG Canada Ltd. (B.N. 6518), WISG Nuclear Ltd. (B.N. 3510), and WISG Electrical Ltd. (B.N. 2116). The location of the Debtors' corporate headquarters and service address is: 200 Ashford Center N, Suite 425, Atlanta, GA 30338.

[2] For purposes of this Declaration, (A) a "<u>50% Shareholder</u>" is any person or entity that has beneficially owned 50 percent or more of the equity securities of Williams during the time frame determined in accordance with IRC § 382(g)(4)(D) and the applicable Treasury Regulations thereunder; and (B) "<u>beneficial ownership</u>" (of any variation thereof) of Williams Stock and Options to acquire Williams Stock shall be determined by the Debtors, in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder (other than Treasury Regulations Section 1.382-2T(h)(2)(i)(A) (that treats stock of an entity as to which the constructive ownership rules apply as no longer owned by that entity) and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct, indirect and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire. An "<u>Option</u>" to acquire stock includes all interests described in Treasury Regulations Section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

*Establishing Notice and Hearing Procedures for Trading in or Declarations of Worthlessness with Respect to Equity Securities in Williams Industrial Services Group Inc.* (the "Order")).

**PLEASE TAKE FURTHER NOTICE THAT,** if applicable, on [Prior Date(s)], the undersigned party filed a Notice of Status as a 50% Shareholder with the United States Bankruptcy Court for the District of Delaware (the "Court") and served copies thereof on counsel to the Debtors and counsel to the official committee of unsecured creditors (the "Committee").

**PLEASE TAKE FURTHER NOTICE THAT** the undersigned party currently has Beneficial Ownership of [____] shares of Williams Stock (including any Options with respect to Williams Stock). The undersigned party holds such Williams Stock through a bank, broker, intermediary, or other agent (a "Nominee"), in "street name," with the below Nominee, identified by such Nominee's "Participant Number" with the Depository Trust Company ("DTC"):

| Name of Nominee | Nominee's DTC Participant Number |
|---|---|
|  |  |

**PLEASE TAKE FURTHER NOTICE THAT,** pursuant to the Proposed Worthlessness Claim, the undersigned party proposes declare for [federal/state] tax purposes that [ ] shares of Williams Stock or an Option with respect to [ ] shares of Williams Stock have become worthless.

**PLEASE TAKE FURTHER NOTICE THAT,** that the last four digits of the taxpayer identification or social security number of the undersigned party are [●].

**PLEASE TAKE FURTHER NOTICE THAT,** under penalty of perjury, the undersigned party hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

**PLEASE TAKE FURTHER NOTICE THAT,** pursuant to the Order, this Notice is being (a) filed with the Court and (b) served upon counsel to the Debtors and counsel to the official committee of unsecured creditors (the "<u>Committee</u>").

**PLEASE TAKE FURTHER NOTICE THAT** the Debtors and the Committee have seven (7) calendar days after receipt of this Declaration to object to the Proposed Worthlessness Claim described herein. If either the Debtors or the Committee files an objection, such Proposed Worthlessness Claim will not be effective unless approved by a final and non- appealable order of the Court. If neither the Debtors nor the Committee objects within such 7-day period, then after expiration of such period the Proposed Worthlessness Claim may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE THAT** any further claims of worthlessness contemplated by the undersigned party will each require an additional notice filed with the Court to be served in the same manner as this Declaration.

<div style="margin-left: 40%;">

Respectfully Submitted,

_____

(Name of Shareholder)

By:         _____
Name:     _____
Title:       _____
Address: _____

Telephone:  _____
Facsimile:   _____
Date:          _____

</div>

**<u>EXHIBIT C-6</u>**


**<u>NOTICE OF FINAL ORDER</u>**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| WILLIAMS INDUSTRIAL SERVICES GROUP INC., *et al.*[14] | Case No. 23-10961-BLS |
| | (Jointly Administered) |
| Debtors. | |
| | **Re: D.I. [___]** |

## NOTICE OF ENTRY OF FINAL ORDER, ESTABLISHING NOTICE AND HEARING PROCEDURES FOR TRADING IN OR DECLARATIONS OF WORTHLESSNESS WITH RESPECT TO EQUITY SECURITIES IN WILLIAMS INDUSTRIAL SERVICES GROUP, INC.

**PLEASE TAKE NOTICE THAT,** on July 22, 2023 (the "Petition Date"), the above-captioned debtors and debtors in possession (the "Debtors") each commenced a case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Subject to certain exceptions, section 362 of the Bankruptcy Code operates as a stay of any act to obtain possession of property of the Debtors' estates or of property from the Debtors' estates or to exercise control over property of the Debtors' estates.

**PLEASE TAKE FURTHER NOTICE THAT,** on August 29, 2023, the Debtors filed a motion (the "Motion")[2] seeking entry of an Interim Order and Final Order pursuant to sections 105, 362, and 541 of the Bankruptcy Code establishing notice and hearing procedures for trading

---

[14] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, include: Williams Industrial Services Group Inc. (1378), Williams Industrial Services Group, LLC (2666), Williams Industrial Services, LLC (0406), Williams Plant Services, LLC (9575), Williams Specialty Services, LLC (9578), WISG Electrical, LLC (6918), Construction & Maintenance Professionals, LLC (0925), Williams Global Services, Inc. (3708), Steam Enterprises, LLC (9177), GPEG LLC (5707), Global Power Professional Services, Inc. (2550), WISG Canada Ltd. (B.N. 6518), WISG Nuclear Ltd. (B.N. 3510), and WISG Electrical Ltd. (B.N. 2116). The location of the Debtors' corporate headquarters and service address is: 200 Ashford Center N, Suite 425, Atlanta, GA 30338.

in and declarations of worthlessness with respect to equity securities in Williams Industrial Services Group Inc. ("Williams").

PLEASE TAKE FURTHER NOTICE THAT, on September 7, 2023, the United States Bankruptcy Court for the District of Delaware (the "Court") entered that certain *Interim Order Establishing Notice and Hearing Procedures for Trading in or Declarations of Worthlessness with Respect to Equity Securities in Williams Industrial Services Group Inc.*, approving the procedures set forth below in order to preserve the Tax Attributes held by the Debtors (the "Interim Order").

PLEASE TAKE FURTHER NOTICE THAT, on September __, 2023, the Court entered that certain *Final Order Establishing Notice and Hearing Procedures for Trading in or Declarations of Worthlessness with Respect to Equity Securities in Williams Industrial Services Group Inc.*, approving the procedures set forth below to preserve the Tax Attributes held by the Debtors (the "Final Order").

PLEASE TAKE FURTHER NOTICE THAT pursuant to the Final Order, the following procedures shall apply to holding and trading in equity securities (including Options to acquire such securities, as defined below) of Williams:

1.      Any purchase, sale, or other transfer of equity securities (including Options to acquire such securities, as defined below) in Williams on or after the Petition Date in violation of the procedures set forth herein (including the notice requirements set forth in paragraph 3(a) below) shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code.  In the case of any such acquisition or disposition of equity securities in violation of the procedures set forth herein, the person or entity making such transfer shall be required to take remedial actions specified by the Debtors, which may include the actions specified in Private

Letter Ruling 201010009 (Dec. 4, 2009), to appropriately reflect that such transfer is null and void *ab initio*.

2.      The following procedures shall apply to trading in equity securities (including Options to acquire such securities, as defined below) in Williams:

a)      Any person or entity (as defined in Treasury Regulations Section 1.382-3(a)) who currently is or becomes a Substantial Shareholder (defined in subparagraph (e) below) shall file with this Court, and serve on counsel to the Debtors and counsel to the Committee a notice of such status, in the form of **Exhibit C-1** attached to the Final Order, on or before the later of (i) twenty-one (21) calendar days after the date of the Notice of Interim Order or Notice of Final Order (as defined below and as applicable) and (ii) fourteen (14) calendar days after becoming a Substantial Shareholder.  For the avoidance of doubt, the other procedures set forth herein shall apply to any Substantial Equityholder even if no notice has been filed pursuant to this subparagraph (a);

b)      At least fourteen (14) calendar days prior to effectuating any transfer of equity securities (including Options, as defined below, to acquire such securities or any exercise thereof) that would result in an increase in the amount of Williams Stock beneficially owned by a Substantial Shareholder or would result in a person or entity becoming a Substantial Shareholder, such Substantial Shareholder or potential Substantial Shareholder shall file with this Court, and serve on counsel to the Debtors and counsel to the Committee advance written notice, in the form of **Exhibit C-2** attached to the Final Order, of the intended transfer of equity securities (including Options to acquire such securities, as defined below);

c)      At least fourteen (14) calendar days prior to effectuating any transfer of equity securities (including Options, as defined below, to acquire such securities) that would result in a decrease in the amount of Williams Stock beneficially owned by a Substantial Shareholder or would result in a person or entity ceasing to be a Substantial Shareholder, such Substantial Shareholder shall file with this Court, and serve on counsel to the Debtors and counsel to the Committee advance written notice, in the form of **Exhibit C-3** attached to the Final Order, of the intended transfer of equity securities (the notices required to be filed and served under subparagraph (c) and this subparagraph (d), each a "Notice of Proposed Transfer");

d)      The Debtors and the Committee shall have seven (7) calendar days after receipt of a Notice of Proposed Transfer to file with this Court and serve on such Substantial Shareholder an objection to any proposed transfer of equity securities (including Options, as defined below, to acquire such securities) described in the Notice of Proposed Transfer on the grounds that such

transfer may adversely affect the Debtors' ability to utilize their Tax Attributes. During such 7-day period, and while any objection by the Debtors (or any other party in interest) to the proposed transfer is pending, such Substantial Shareholder shall not effectuate the proposed transfer to which the Notice of Proposed Transfer relates and thereafter shall do so only in accordance with the Court's ruling, and, as applicable, any appellate rules and procedures. If neither the Debtors nor the Committee objects within such 7-day period, such transaction may proceed solely as set forth in the Notice of Proposed Transfer. Further transactions within the scope of this subparagraph (e) must be the subject of additional notices as set forth herein, with an additional 7-day waiting period; and

e)      For purposes of these procedures, (A) a "<u>Substantial Shareholder</u>" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)) which beneficially owns at least 4.50% of all issued and outstanding shares (equal to, as of the Petition Date, approximately 1,224,467.60 shares)[15] of the common stock of Williams ("<u>Williams Stock</u>") and (B) "<u>beneficial ownership</u>" (of any variation thereof) of Williams Stock and Options to acquire Williams Stock shall be determined by the Debtors, in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder (other than Treasury Regulations Section 1.382-2T(h)(2)(i)(A)) (that treats stock of an entity as to which the constructive ownership rules apply as no longer owned by that entity) and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct, indirect and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire). An "<u>Option</u>" to acquire stock includes all interests described in Treasury Regulations Section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

---

[15] Based on approximately 4.50% of 27,210,391 shares of Williams Stock issued and outstanding as of the Petition Date.

**PLEASE TAKE FURTHER NOTICE THAT**, pursuant to the Final Order, the following procedures shall apply to declarations of worthlessness with respect to equity securities (including Options to acquire such securities) of Williams:

1.      Any declaration of worthlessness of equity securities of Williams (including Options to acquire such securities) on or after the Petition Date in violation of the procedures set forth herein (including notice requirements) shall be null and void *ab initio* as an act in violation of the automatic stay under sections 362 and 105(a) of the Bankruptcy Code.  In the case of any declaration of worthlessness with respect to beneficial ownership of the equity securities of Williams, the person or entity making such declaration shall be required to file an amended tax return revoking such declaration and any related deduction to appropriately reflect that such declaration is void *ab initio*.

2.      The following procedures shall apply to declarations of worthlessness with respect to equity securities (including Options to acquire such securities) of Williams:

 a)  Any person or entity that currently is or becomes a 50% Shareholder (defined in subparagraph (d) below) must file with this Court and serve on counsel to the Debtors and counsel to the Committee advance written notice, in the form of **Exhibit C-4** attached hereto, on or before the later of (i) 21 calendar days after the date of the Notice of Interim Order or Notice of Final Order (as defined below and as applicable), and (ii) fourteen (14)calendar days after becoming a 50% Shareholder;

 b)  Prior to filing any federal or state tax return or any amendment to such a return that claims any deduction for worthlessness of beneficial ownership of Williams Stock for a tax year ending before the Debtors' emergence from chapter 11 protection, such 50% Shareholder must file with this Court and serve on counsel to the Debtors and counsel to the Committee a Declaration of Intent to Claim a Worthless Stock Deduction, substantially in the form annexed to the Final Order as **Exhibit C-5**;

 c)  The Debtors and the Committee shall have seven (7) calendar days after receipt of a Declaration of Intent to Claim a Worthless Stock Deduction to file with this Court and serve on such 50% Shareholder an objection to any proposed claim of worthlessness described in the Declaration of Intent to Claim a Worthless Stock Deduction on the grounds that such transfer may adversely

affect the Debtors' ability to utilize their Tax Attributes.  During such 7-day period, and while any objection by the Debtors or the Committee (or any other party in interest) to the proposed transfer is pending, such 50% Shareholder shall not file the return or amendment to which the Declaration of Intent to Claim a Worthless Stock Deduction relates and thereafter shall do so only in accordance with the Court's ruling, and, as applicable, any appellate rules and procedures.  If neither the Debtors nor the Committee objects within such 7-day period, the filing of the return or amendment with such claim will be permitted solely as described in the Declaration of Intent to Claim a Worthless Stock Deduction; and

d) For purposes of these procedures, "50% Shareholder" is any person or entity that has beneficially owned 50 percent or more of the equity securities of Williams during the time frame determined in accordance with IRC § 382(g)(4)(D) and the applicable Treasury Regulations thereunder.

**PLEASE TAKE FURTHER NOTICE THAT,** upon the request of any person, counsel to the Debtors will provide a form of each of the required notices described above.

**PLEASE TAKE FURTHER NOTICE THAT,** a copy of the Final Order is available on the website of Epiq Corporate Restructuring, LLC, the Debtors' court-approved claims agent, located at https://dm.epiq11.com/case/williamsindustrialservicesgroup/info. The Order is also available on the docket of these Chapter 11 Cases, Case No. 23-10961-BLS, which can be accessed via PACER at https://www.pacer.gov.

**FAILURE TO FOLLOW THE PROCEDURES SET FORTH IN THIS NOTICE SHALL CONSTITUTE A VIOLATION OF, AMONG OTHER THINGS, THE AUTOMATIC STAY PRESCRIBED BY SECTION 362 OF THE BANKRUPTCY CODE. ANY PROHIBITED PURCHASE, ACQUISITION, ACCUMULATION, SALE, TRADE, OR OTHER TRANSFER OF WILLIAMS STOCK, OR ANY BENEFICIAL OWNERSHIP THEREIN, IN VIOLATION OF THE INTERIM ORDER SHALL BE NULL AND VOID *AB INITIO* AND MAY BE PUNISHED BY CONTEMPT OR OTHER SANCTIONS IMPOSED BY THE COURT.**

**PLEASE TAKE FURTHER NOTICE THAT** the requirements set forth in this Notice of Final Order are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable securities, corporate, and other laws, and do not excuse compliance therewith.

[*Remainder of page intentionally left blank*]

Dated: September 16, 2023.
Wilmington, Delaware

/s/ _____

Mark L. Desgrosseilliers (No. 4083)
**CHIPMAN BROWN CICERO & COLE, LLP**
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone: (302) 295-0192
_desgross@chipmanbrown.com_

-and-

Sean A. Gordon (admitted *pro hac vice*)
Austin B. Alexander (*pro hac vice* pending)
**THOMPSON HINE LLP**
Two Alliance Center
3560 Lenox Road NE, Suite 1600
Atlanta, Georgia 30326-4266
Telephone: (404) 541-2900
Facsimile: (404) 541-2905
_Sean.Gordon@thompsonhine.com_
_Austin.Alexander@thompsonhine.com_


Alan R. Lepene (admitted *pro hac vice*)
Scott B. Lepene (admitted *pro hac vice*)
**THOMPSON HINE LLP**
3900 Key Center
127 Public Square
Cleveland, Ohio 44114-1291
Telephone: (216) 566-5500
Facsimile: (216) 566-5800
_Alan.Lepene@thompsonhine.com_
_Scott.Lepene@thompsonhine.com_

*Counsel for Debtors*