**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>WILLIAMS INDUSTRIAL SERVICES GROUP INC., *et al.*,[1]<br><br>　　　　Debtors. | Chapter 11<br><br>Case No. 23-10961 (BLS)<br><br>(Jointly Administered)<br><br>**Hrg. Date: 10/11/ 2023, at 10:30 a.m. (ET)**<br>**Obj. Due: 10/4/2023, at 4:00 p.m. (ET)** |

**DEBTORS' TWENTY-FIRST OMNIBUS MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO REJECT CERTAIN EXECUTORY CONTRACTS EFFECTIVE AS OF THE REJECTION DATE**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby submit this motion (this "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), pursuant to sections 105(a) and 365(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code") and rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Debtors to (a) reject certain executory contracts set forth on Exhibit 1 to the Order (each, a "Contract," and collectively, the "Contracts"), effective as of September 18, 2023 (the "Rejection Date") and (b) take such action as may be necessary to implement and effectuate the rejection of the Contracts. In support of this Motion, the Debtors respectfully state as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Williams Industrial Services Group Inc. (1378), Williams Industrial Services Group, LLC (2666), Williams Industrial Services, LLC (0406), Williams Plant Services, LLC (9575), Williams Specialty Services, LLC (9578), WISG Electrical, LLC (6918), Construction & Maintenance Professionals, LLC (0925), Williams Global Services, Inc. (3708), Steam Enterprises, LLC (9177), GPEG LLC (5707), Global Power Professional Services, Inc. (2550), WISG Canada Ltd. (B.N. 6518), WISG Nuclear Ltd. (B.N. 3510), and WISG Electrical Ltd. (B.N. 2116). The location of the Debtors' corporate headquarters and service address is: 200 Ashford Center N, Suite 425, Atlanta, GA 30338.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over these cases and this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.

2. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

4. The statutory predicates for the relief requested herein are sections 105(a) and 365(a) of the Bankruptcy Code and Bankruptcy Rule 6006. Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, the Debtors consent to the entry of a final order or judgment by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**BACKGROUND**

5. On July 22, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court"). The Debtors have continued in possession of their properties and have continued to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. The factual background relating to the Debtors' commencement of these cases is set forth in detail in the *Declaration of Tracy Pagliara in Support of Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration") filed on the Petition Date and incorporated herein by reference.

7.      The Debtors and their advisors are in the process of reviewing and analyzing the contracts to which the Debtors are parties. Based upon this analysis, the Debtors have determined, in their business judgment, that there is no longer a need for, or benefit to the Debtors or their estates to maintain, the Contracts going forward. Rejection of each of the Contracts as of the Rejection Date would benefit the Debtors' estates because it will enable the Debtors to avoid the accrual of any obligations related to materials and/or services provided under the Contracts described below that are not needed by the Debtors or their estates.

8.      Specifically, this Motion seeks to reject 149 Contracts, each of which are purchase orders to United Rentals, Inc. pertaining to various separate projects. The Contracts are specifically described on Exhibit 1 to the Order. Williams Industrial Services, LLC's ("WIS LLC") is the debtor contract-party to all Contracts that are the subject of this Motion. The projects and these Contracts are not profitable, and Debtors believe they should be rejected based on sound business judgment as being burdensome to the estate.

## RELIEF REQUESTED

9.      By this Motion, the Debtors request entry of the Order, substantially in the form attached hereto as Exhibit A, authorizing the Debtors to (i) reject the Contracts, effective as of the Rejection Date and (ii) take such actions as may be necessary to implement and effectuate the rejections of the Contracts. The Debtors and their estates reserve any and all rights to assert that the Contracts are not executory contracts, and nothing included in, or omitted from, this Motion shall impair, prejudice, waive or otherwise affect such rights.

## BASIS FOR RELIEF REQUESTED

**I.    Rejection of the Contracts Reflects the Debtors' Business Judgment.**

10.     The Debtors have determined that the Contracts are not integral to the Debtors' chapter 11 efforts, will not be assumed and assigned in a sale under section 363 of the Code, are

not otherwise beneficial to the Debtors' estates, and present burdensome liabilities. Accordingly, the Debtors' decision to reject the Contracts is a proper exercise of business judgment, and the rejection should be approved.

11. Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). "Courts may use § 365 to free a [debtor] from burdensome duties that hinder its reorganization." *In re Exide Techs.*, 607 F.3d 957, 967 (3d Cir. 2010); *NLRB* v. *Bildisco & Bildisco* (*In re Bildisco*), 465 U.S. 513, 528 (1984) ("[T]he authority to reject an executory contract is vital to the basic purpose to a Chapter 11 reorganization, because rejection can release the debtor's estate from burdensome obligations that can impede a successful reorganization."), section 363(c)(1) of the Bankruptcy Code authorizes a debtor to "use property of the estate in the ordinary course of business without notice or a hearing." 11 U.S.C. § 363(c)(1). Section 363(c)(1) extends to a debtor's continued use of its customary cash management system and, thus, supports the relief requested herein. *See, e.g., Amdura Nat'l Distrib. Co.* v. *Amdura Corp. (In re Amdura Corp.)*, 75 F.3d 1447, 1453 (10th Cir. 1996); *Charter Co.* v. *Prudential Ins. Co. Am. (In re Charter Co.)*, 778 F.2d 617, 621 (11th Cir. 1985) (indicating that an order authorizing the debtor to employ a cash management system that was "usual and customary in the past" was "entirely consistent" with section 363(c)(1)).

12. The Debtors' rejection of an executory contract is governed by the "business judgment" standard, which requires a debtor to have determined that the requested rejection would benefit its estate. *See In re Bildisco*, 682 F.2d 72, 79 (3d Cir. 1982), *aff'd*, 465 U.S. 513 ("The usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test."); *Sharon Steel Corp.* v. *Nat'l Fuel Gas Distrib. Corp.*, 872

F.2d 36, 39–40 (3d Cir. 1989) (affirming the rejection of a service agreement as a sound exercise of the debtor's business judgment when the bankruptcy court found that such rejection would benefit the debtors' estate); *see also In re Fed. Mogul Glob., Inc.*, 293 B.R. 124, 126 (D. Del. 2003) ("In general, motions to reject executory contracts are evaluated under the business judgment test."); *In re HQ Glob. Holdings*, 290 B.R. 507, 511 (Bankr. D. Del. 2003) ("Under the business judgment standard, the sole issue is whether the rejection benefits the estate.").

13. In applying the business judgment standard, bankruptcy courts give deference to a debtor's decision to assume or reject contracts. *See, e.g.*, *In re Fed. Mogul Glob., Inc.*, 293 B.R. at 126 ("The business judgment test dictates that a court should approve a debtor's decision to reject a contract unless that decision is the product of bad faith or a gross abuse of discretion."); *In re Caribbean Petroleum Corp.*, 444 B.R. 263, 268 (Bankr. D. Del. 2010) (quoting *In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001) ("[A] debtor's decision to reject an executory contract must be summarily affirmed unless it is the product of bad faith, or whim or caprice.")). Courts defer to a debtor's business judgment in rejecting an executory contract, and upon finding that a debtor has exercised its sound business judgment, approve the rejection under section 365(a) of the Bankruptcy Code. *See NLRB*, 465 U.S. at 523 (recognizing "business judgment" standard used to approve rejection of executory contracts).

14. Moreover, section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 105(a) allows the bankruptcy court to "craft flexible remedies that, while not expressly authorized by the [Bankruptcy] Code, effect the result the [Bankruptcy] Code was designed to obtain." *In re Combustion Eng'g, Inc.*, 391 F.3d 190, 235-36 (3d Cir. 2004) (citing *Official Comm. of Unsecured Creditors of Cybergenics Corp. ex rel.*

*Cybergenics Corp.* v. *Chinery*, 330 F.3d 548, 568 (3d Cir. 2003)). Section 105(a) therefore provides additional authority for the Court to grant the relief requested herein.

15. The Debtors submit that rejection of the Contracts effective as of the applicable Rejection Date is within the Debtors' business judgment, and an appropriate step in furtherance of their efforts to preserve and maximize the value of their estates for all stakeholders. The Debtors evaluated the Contracts in consultation with their professional advisors and determined that any benefits provided by these Contracts do not equal or exceed the costs associated with the Contracts. The Debtors' rejection of the Contracts now will provide significant cost savings to the estate by terminating any further costs and obligations.

16. The Contracts are not necessary for the Debtors' Chapter 11 proceedings, are not necessary or beneficial to the Debtors' and sale efforts. Moreover, maintaining the Contracts could create unnecessary and burdensome expenses for the Debtors' estates. Thus, the Debtors have determined that maintaining the Contracts is not in the best interests of the Debtors or their estates.

17. Accordingly, the decision to reject the Contracts is a proper exercise of the Debtors' business judgment, and rejection of the Contracts therefore should be approved pursuant to section 365(a) of the Bankruptcy Code.

18. Courts in this district have routinely granted relief similar to the relief requested herein. *See, e.g.*, *In re Carbonlite Holdings LLC*, 21-10527 (JTD) (July 14, 2021) [D.I. 714] (authorizing debtors to reject certain executory contracts effective as of the rejection date); *In re Lighthouse Resources Inc.*, 20-13056 (JTD) (Jan. 26, 2021) [D.I. 270] (authorizing debtors to reject certain executory contracts and unexpired leases effective as of the rejection date); *In re Lucky's Market Parent Company, LLC*, 20-10166 (JTD) (April 9, 2020) [D.I. 587] (same); *In re THG Holdings LLC*, 29-11689 (JTD) (Oct. 10, 2019) [D.I. 343] (same).

**II.    Deeming Each Contract Rejected Effective as of the Rejection Date is Appropriate.**

19.    The Debtors also respectfully submit that it is appropriate for the Court to deem the Contracts rejected effective as of the Rejection Date.

20.    Section 365 of the Bankruptcy Code does not restrict a bankruptcy court from applying rejection retroactively. *See SCS Co.* v. *Peter J. Schmitt Co.*, 1995 WL 1772010, at *2 (D. Del. May 15, 1995) (noting that a bankruptcy court has authority to select a retroactive date for the effective date of a lease's rejection); *see also In re Rupari Holding Corp.*, 2017 WL 5903498, at *6 (Bankr. D. Del. Nov. 28, 2017) (authorizing rejection of employment agreements effective as of a date before the debtor filed the motion to reject the same where debtor unequivocally communicated to the employees that it no longer required their services at the closing of the sale).

21.    Courts in this district and elsewhere have held that a bankruptcy court may, in its discretion, authorize rejection retroactively to a date before entry of an order authorizing such rejection where the balance of equities favors such relief. *See In re Thinking Machs. Corp.*, 67 F.3d 1021, 1029 (1st Cir. 1995) ("[R]ejection under section 365(a) does not take effect until judicial approval is secured, but the approving court has the equitable power, in suitable cases, to order a rejection to operate retroactively."); *In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004) (stating "the court's power to grant retroactive relief is derived from the bankruptcy court's equitable powers so long as it promotes the purposes of § 365(a)"); *In re CCI Wireless, LLC*, 297 B.R. 133, 140 (D. Colo. 2003) (holding that a "court has authority under section 365(d)(3) to set the effective date of rejection at least as early as the filing date of the motion to reject").

22.    Furthermore, section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

23. In this instance, the balance of the equities favors the rejection of the Contracts effective as of the applicable Rejection Date. Without a retroactive date of rejection, the Debtors may be forced to incur unnecessary administrative costs for Contracts that do not provide any benefits to the Debtors and their estates. The Contract counterparties are not harmed by rejection prior to the date of entry of an order by this Court because they are each on notice as of filing of the Motion, and can as of that date, start preparing for rejection and mitigating damages. The Debtors anticipate filing a motion to establish a bar date in these Chapter 11 Cases and the Contract counterparties shall have until the date fixed by this Court to file any and all claims for damages arising from the Debtors' rejection of the Contracts.

24. Courts in this district have routinely granted the relief requested herein. *See, e.g.*, *In re Carbonlite* Holdings *LLC*, 21-10527 (JTD) (July 14, 2021) [D.I. 714] (authorizing debtors to reject certain executory contracts effective as of the rejection date); *In re Lighthouse Resources Inc.*, 20-13056 (JTD) (Jan. 26, 2021) [D.I. 270] (authorizing debtors to reject certain executory contracts and unexpired leases effective as of the rejection date); *In re Lucky's Market Parent Company, LLC*, 20-10166 (JTD) (April 9, 2020) [D.I. 587] (same); *In re THG Holdings LLC*, 29-11689 (JTD) (Oct. 10, 2019) [D.I. 343] (same).

### III.  Compliance with Bankruptcy Rule 6006(f).

25. Bankruptcy Rule 6006(f) establishes requirements for a motion to reject multiple executory contracts or unexpired leases that are not between the same parties. Rule 6006(f) states, in part, that such motion shall:

    (1)    state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion;

    (2)    list parties alphabetically and identify the corresponding contract or lease;

    (3)    specify the terms, including the curing of defaults, for each requested assignment;

    (4)    specify the terms, including the identity of each assignee and the adequate assurance of future performance by each assignee, for each requested assignment;

    (5)    be numbered consecutively with other omnibus motions to assume, assign, or reject executory contracts or unexpired leases;

    (6)    be limited to no more than 100 executory contracts or unexpired leases.

26.     The Debtors respectfully submit that the relief requested in this Motion complies with the requirements of Bankruptcy Rule 6006(f) in light of that all Contracts are between the same parties.

## RESERVATION OF RIGHTS

27.     Nothing in this Motion: (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors or their estates; (b) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates to contest the validity, priority, or amount of any claim against the Debtors or their estates; (c) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates with respect to any and all claims or causes of action against any third party or (d) shall be construed as a promise to pay a claim or continue any applicable program post-petition, which decision shall be in the discretion of the Debtors. Any payment made pursuant to an order of the Court granting the relief requested herein is not intended to be nor should it be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

## NOTICE

28. The Debtors will provide notice of this Motion to: (a) the Office of the United States Trustee for the District of Delaware; (b) the Debtors' thirty (30) largest unsecured creditors; (c) counsel to the administrative agents for the Debtors' prepetition credit facilities; (d) the Internal Revenue Service; (e) the Georgia Department of Revenue; (f) the Delaware Division of Revenue; (g) the United States Attorney for the District of Delaware; (h) the Securities and Exchange Commission; (h) the state attorneys general for states in which the Debtors conduct business; (i) counterparties to the Contracts; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002.

## NO PRIOR REQUEST

29. No prior request for the relief sought in the motion has been made to this or any other court.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the Order, substantially in the form attached hereto as **Exhibit A**, and (b) grant such other and further relief as is just and proper.

[*space intentionally left blank*]

Dated: September 18, 2023
Wilmington, Delaware

*/s/ Mark L. Desgrosseilliers*

Mark L. Desgrosseilliers (No. 4083)
**CHIPMAN BROWN CICERO & COLE, LLP**
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone: (302) 295-0192
desgross@chipmanbrown.com

-and-

Sean A. Gordon (admitted *pro hac vice*)
Austin B. Alexander (admitted *pro hac vice*)
**THOMPSON HINE LLP**
Two Alliance Center
3560 Lenox Road NE, Suite 1600
Atlanta, Georgia 30326-4266
Telephone: (404) 541-2900
Facsimile: (404) 541-2905
Sean.Gordon@thompsonhine.com
Austin.Alexander@thompsonhine.com

Alan R. Lepene (admitted *pro hac vice*)
Scott B. Lepene (admitted *pro hac vice*)
**THOMPSON HINE LLP**
3900 Key Center
127 Public Square
Cleveland, Ohio 44114-1291
Telephone: (216) 566-5500
Facsimile: (216) 566-5800
Alan.Lepene@thompsonhine.com
Scott.Lepene@thompsonhine.com

*Counsel for Debtors*